**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

FILED

NOV 2 2 2005

U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| WARREN BERES, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| CLIFFORD F. SCHRODER, et al., | ) Nos. 03-785, 04-1456, 04-1457, 04-1458, |
| | ) 04-1459, 04-1463, 04-1464, 04-1466, |
| Plaintiffs, | ) 04-1467, 04-1468, 04-1469, 04-1471, |
| | ) 04-1472, 04-1473, 04-1474, 04-1476 |
| GERALD RAY, et al., | ) |
| | ) The Honorable Marian B. Horn |
| Plaintiffs, | ) |
| | ) |
| HENRY D. KLEIN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| CLARENCE A. PETERSON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| RAYMOND SPENCER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| DOUGLAS EDLUND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| PAUL MANNING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| EUGENE MOREL, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| PHYLLIS LANE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| ALEX A. RITZEN, et al., | ) |
| | ) |
| Plaintiffs, | ) |

| | |
|---|---|
| **ESTATE OF PEARL WELCH, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **D. MIKE COLLINS, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **REID BROWN, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **WAVERLY HILLS CLUB, INC., et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **ROBERT M. RUNDLE, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **THE UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## DEFENDANT'S STATUS REPORT

Pursuant to this Court's Order filed October 6, 2005, Defendant files this status report stating its position on liability and its intentions to challenge the fee interest in all three categories of the above cases: (1) the General Railroad Right-of-Way Act of 1875, 43 U.S.C. §§ 934-939 ("the 1875 Act"), (2) prescriptive easement, and (3) those cases which were before the Supreme Court of Washington.

For those cases in which the railroad obtained its property interest by way of the 1875 Act, Beres v. United States, No. 03-785, and Ritzen v. United States, No. 04-1469, Defendant

believes it is necessary to brief the following liability issues: abandonment, scope of the easement, and whether a taking has occurred.  Specifically, Defendant intends to argue that it is not liable for an unconstitutional taking because there was no abandonment of the right-of-way prior to the issuance of the NITUs and because railbanking and interim trail use are within the scope of the easement created by the United States under the 1875 Act.  This issue was not presented to or considered by the Federal Circuit in Hash.  See Hash v. United States, 403 F.3d. 1308 (Fed. Cir. 2005) (holding the United States did not retain a reversionary right in the parcel at issue where the text of 1875 Act and the landowner's patent grant did not expressly reserve the government's property interest).  Defendant proposes this briefing occur after the briefing schedule proposed below for those cases that were before the Supreme Court of Washington.

Defendant proposes that title issues involved in Beres and Ritzen should be considered by the court after a decision regarding liability.  If the Court should determine Defendant is liable for a taking, it will be necessary to resolve whether the named plaintiffs were the fee owners on the alleged date of taking.  Additional title work may be necessary in these cases.  However, is no title problems are revealed, then additional briefing may not be required.

Plaintiffs in Brown v. United States, No. 04-1473, and Morel v. United States, 04-1473, claim the railroad acquired its interest in the parcels at issue by prescriptive easement.  The parties are attempting to resolve how the railroad acquired its interest in the parcel at issue in Brown.  As indicated in the joint status report filed on September 21, 2005, the parties have not been able to reach an agreement regarding how the railroad acquired its property interest in the parcels at issue in Waverly Hills Club, Inc., et al. v United States, No. 04-1474, and Estate of Pearl Welch et al. v. United States,No. 04-1471.  The parties are currently conducting discovery,

which closes on December 21, 2005. The Court has previously ordered the parties to submit a

joint status report on January 10, 2006, to inform the Court of efforts to resolve this dispute. If

further discovery is inconclusive as to how the railroad acquired the parcel at issue, Defendant

intends to challenge plaintiffs' underlying property interest by presenting this issue to the Court

pursuant to the briefing schedule set forth in the Court's October 6th Order. If discovery

confirms that the railroad acquired its interest in the subject corridor by way of the 1875 Act,

Defendant intends to proceed with Waverly Hills and Welch in the same manner as indicated

above in Beres and Ritzen. If, however, discovery confirms the parcels at issue were acquired by

prescriptive easement, Waverly Hills, Welch, Brown, and Morel, are properly categorized

together, and Defendant intends to argue that railbanking and interim trail use are within the

scope of the easement acquired by the railroad.

The remaining cases, Schroeder, Ray, Klein, Peterson, Spencer, Edlund, Nelson,

Manning, Lane, Collins, and Rundle, were before the Supreme Court of Washington. In light of

the Supreme Court of Washington's October 7th Order citing Brown v. State, 130 Wn.2d 430,

924 Pd2d 908 (1996) and Ray v. King County, 120 Wn. App. 564, 86 P.3d 183, *review denied*,

152 Wn.2d 1027 (2004), Defendant intends to file a motion for partial summary judgment as to

plaintiffs' underlying property interest. In this briefing, Defendant also intends to present the

alternative argument that, if the Court decides the railroad was deeded an easement, not a fee

interest in the right of way, Defendant intends to argue that railbanking and interim trail use are

within the scope of the easement granted to the railroad. Defendant proposes the following

briefing schedule: Defendant's brief due April 3, 2006; Plaintiff's response due May 4, 2006;

Defendant's reply brief due May 22, 2006. Defendant proposes that title issues involved in these

cases should be considered by the court after decisions regarding plaintiffs' underlying property

interest and liability.  If the Court should determine Defendant is liable for an unconstitutional

taking, Defendant believes it will be necessary to resolve whether the named plaintiffs were the

fee owners on the alleged date of taking.

Respectfully submitted this 22nd day of November, 2005,

SUE ELLEN WOOLDRIDGE
Acting Assistant Attorney General
Environment & Natural Resources Division


_Kelle S. Acock_

KELLE S. ACOCK
General Litigation Section
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 663
Washington, D.C.  20044-0663
Tel:     202-305-0428
Fax:    202-305-0506
Email: kelle.acock@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 22nd day of November, 2005,  a true and correct copy of **Defendant's Status Report** was mailed via first class mail, postage prepaid to the following counsels of record:

John Maurice Groen
Groen, Stephens & Klinge, LLP
11100 N.E. 8th Street
Suite 750
Bellevue, WA 98004
(425)453-6206
FAX (425) 453-6224

Cecilia Carina Fex
Ackerson Kauffman Fex, PC
1250 H Street, NW
Suite 850
Washington, DC 20005
(202) 833-8833
(202) 833-8831 (fax)

Felecia Lesesne
Legal Support Assistant