# EXHIBIT A

Briefs in 16th Washington. Pages 1 to 95.

| No. | Title. |
|---|---|
| 2310. | Shoemake v. Stimson. |
| 2368. | Stossel v. Van De Vanter. |
| 1877. | Prefontaine v. McMicken. |
| 2104. | Jones v. St. Paul, etc. Ry. Co. |
| 2297. | Fenton v. Morgan. |
| 2255. | Hartigan v. Hoffman. |
| 2299. | Owen v. Henderson. |
| 2331. | First National Bank v. Hagan. |
| 2333. | Bailey v. Tacoma Traction Co. |
| 2340. | Frace v. Tacoma. |
| 2341. | Woodland Lumber Co. v. Link. |
| 2357. | Herrick v. Niesz. |
| 2364. | Mullen v. Tacoma. |
| 2374. | Mouat v. Seattle, L. Shore etc. Ry. Co. |
| 2387. | Taake v. Seattle. |
| 2229. | German Sav. & Loan Soc. v. Weber. |

FOR YOUR INFORMATION
WASHINGTON STATE
LAW LIBRARY

Exhibit A

IN THE

# SUPREME COURT

OF THE

# STATE OF WASHINGTON.

Appeal from the Superior Court of the State of Washington for the County of Spokane

GAVIN C. MOUAT,
*Appellant,*

*vs.*

SEATTLE, LAKE SHORE & EASTERN RAILWAY COMPANY, a corporation, THOS. REEVES BROWN and JOHN H. BRYANT, Receivers of the SEATTLE, LAKE SHORE & EASTERN RAILWAY COMPANY,
*Respondents.*

No. ..................

## BRIEF OF APPELLANT.

*ADOLPH MUNTER,*
*Attorney for Appellant,*
*Spokane, Wash.*

Lamily, the Law Printer, Spokane.

IN THE

# SUPREME COURT

OF THE

## STATE OF WASHINGTON.

Appeal from the Superior Court of the State of Washington for the County of Spokane

GAVIN C. MOUAT,
*Appellant*,

*vs.*

SEATTLE, LAKE SHORE & EASTERN RAILWAY COMPANY, a corporation, THOS. REEVES BROWN and JOHN H. BRYANT, Receivers of the SEATTLE, LAKE SHORE & EASTERN RAILWAY COMPANY,
*Respondents.*

## BRIEF OF APPELLANT.

### STATEMENT.

This action was commenced by filing and serving on defendants, the following complaint:

**Complaint.**

Plaintiff complains of defendants, and for cause of action alleges:

*First.* That plaintiff in the year 1883, married H. L. Mouat and that thereafter, at all the times hereinafter mentioned, plaintiff and the said H. L. Mouat were husband and wife until the latter's death, which occurred on or about the month of September, 1894.

*Second.* That said H. L. Mouat died within said County of Spokane, leaving no children.

*Third.* That by her last will the said deceased devised to plaintiff all her real estate of any and every kind and made him the sole executor of her said will and expressly waived therein the giving of a bond by said executor and also the issuing of letters testamentary, and by which said will the said deceased authorized this plaintiff to deal with all the property of the said deceased as if his own, and dispensed expressly with the control of the management of the estate by the courts, and that said will in October, 1894, was duly probated in this court.

*Fourth.* That at all the times herein mentioned the defendant Seattle, Lake Shore & Eastern Railway Company was and now is a railroad corporation organized under the laws of the State of Washington, and doing business therein.



*Fifth.* That heretofore, in the United States Circuit Court for the District of Washington, Northern Division, in an action then pending in said court, wherein the Union Loan and Trust Company, a corporation, was plaintiff, and wherein the Seattle, Lake Shore and Eastern Railway Company was defendant, Thos. Reeves Brown and John H. Bryant, defendants herein, were appointed, by an order then duly made by the presiding judge of said court, receivers of the property of the Seattle, Lake Shore and Eastern Railway Company defendants herein.

*Sixth.* That said receivers thereafter qualified as such and took possession and now have possession of the property of the said Seattle, Lake Shore and Eastern Railway Company, and as such receivers claim an interest in the real estate in this complaint hereinafter described.

*Seventh.* That on the fifth day of February, 1896, the Honorable C. H. Hanford, Judge of the aforesaid United States Circuit Court for the District of Washington, by an order then filed in said court, gave this plaintiff leave to make the aforesaid receivers defendants in this action.

Notice: this work may be protected by copyright

*Eighth.* That on the 24th day of July, 1888, plaintiff, joined by his said wife, H. L. Mouat, conveyed to the Seattle, Lake Shore and Eastern Railway Company by warranty deed the real estate in said deed described, of which deed the following is a true and correct copy, to-wit:

WARRANTY DEED.

Gavin C. Mouat and H. L. Mouat, his wife, of Spokane county, in the Territory of Washington, in consideration of nineteen hundred dollars, to them in hand paid by the Seattle, Lake Shore and Eastern Railway Company, the receipt whereof is hereby acknowledged, do hereby grant, sell and convey unto the said company its successors and assigns forever the following real estate in the County of Spokane and Territory of Washington, to-wit: A strip of land one hundred feet in width, being fifty feet on each side of the center line of the railway of said Company as the same is now located and staked out across the northeast quarter of section twenty two (22) and the west half of the southwest quarter of section twenty three (23), in township twenty five (25), north of range forty two (42) E. W. M.



This deed is made subject to the provision and agreement that said first parties shall have the right to cross to and from the two portions of the northeast quarter section 22 above described and divided by said strip of land under such trestle as said second party shall construct over the brook thereon by a roadway sufficient for teams and foot passengers, and also to make use of the water of said brook as they may deem advisable, and so as not to interfere with the operation of the railway of second part.

Together with all their estate, right, title and interest thereon and thereto so that neither they nor any person claiming by, from or under them shall have any claim or demand either in law or equity, against said company appertaining to the same, and the said G. C. Mouat and L. C. Mouat covenant with said company, that they own said premises in fee simple, that the same are free from all encumbrances, and that he will warrant and defend the title to said premises against all lawful claims, and this deed is made subject to the condition that in case said land shall cease to be used for railroad purposes the same shall revert to first parties their heirs and assigns.

In testimony whereof we hereunto set our hands and seals this twenty-fourth day of July, 1888.

Signed, sealed and delivered in the presence of
H. E. ALLEN.
R. STROBACH.

GAVIN C. MOUAT.
H. L. MOUAT.

*Ninth.* That said deed was on July 27, 1888, filed in the office of the auditor of Spokane County, State of Washington, and was on August 2d, 1888, recorded in said office in Book "X" of Deeds on page 131.

*Tenth.* That said railroad company subsequent to the execution and delivery of said deed, built its tracks across said land on the strip of land conveyed in the said deed, and used the same for railroad purposes, but subsequently and for more than four years last past, said strip of land has ceased to be used or occupied for railroad purposes or for any other purpose by said corporation or by any other corporation or person.

*Eleventh.* That plaintiff acquired said land described in aforesaid deed prior to his marriage to H. L. Mouat, and the same was at all times since its acquisition and now is his separate property.



*Twelfth.* That plaintiff, prior to the commencement of this action, to-wit: On December 19, 1895, notified the said Seattle, Lake Shore and Eastern Railway Company and the said receivers, Thomas Reeves Brown and John H. Bryant, that he has re-entered on said strip of land and that the said land has reverted to plaintiff because of condition broken and that all the rights, easements, claim, interest in and title of said company to said land is at an end and void, and plaintiff at the same time demanded of said defendants to make conveyance to him by good and sufficient deed of the aforesaid strip of land.

*Thirteenth.* That the defendants have wholly failed to comply with the said demand of plaintiff.

*Fourteenth.* That the deed in paragraph eight (8) of this complaint set out is a cloud on plaintiff's title to the land therein described.

Wherefore plaintiff prays for a decree, declaring the said deed executed to the Seattle, Lake Shore and Eastern Railway Company void and at an end, and cancelling said deed and requiring said defendants to convey to plaintiff the land in controversy by good and sufficient