# EXHIBIT B

IN THE

# SUPREME COURT

OF THE

## STATE OF WASHINGTON.

GAVIN C. MOUAT, *Appellant,*

vs.

SEATTLE, LAKE SHORE & EASTERN RAILWAY COMPANY, A CORPORATION, THOS. REEVES BROWN AND JOHN H. BRYANT, RECEIVERS OF THE SEATTLE, LAKE SHORE & EASTERN RAILWAY COMPANY, *Respondents.*

No.------

APPEAL FROM THE SUPERIOR COURT OF THE STATE OF WASHINGTON FOR THE COUNTY OF SPOKANE.

## BRIEF OF RESPONDENTS.

The plaintiff's complaint and the formal judgment of the court are correctly set out in the appellant's brief. The

Exhibit B

formal judgment shows that the action of the lower court was based upon its holding that the complaint did not state facts sufficient to constitute a cause of action in favor of the plaintiff against the defendants.

Appellant's argument indicates that his understanding of the judgment is, that the court found that he had framed his complaint to meet the requirements of one section of the Code, and that he should have proceeded under a different section. If appellant be right in this belief, then the only question before the lower court was whether the action should be tried with or without a jury.

As we view the matter, the question of whether the plaintiff has stated a case within the provisions of section 544, 2 Hill's Code, is important only if it be contended that by the enactment of that section the Legislature changed the rule that courts of equity will never lend their aid to divest an estate for the breach of a condition subsequent. We do not understand the appellant to make such contention, and we do not feel it necessary to anticipate the raising of that point, for the reason that it seems clear to us that the complaint does not state a case within the provisions of section 544.

The complaint shows a grant and conveyance of the land in question to the railroad company, in fee simple, and that after the delivery of the deed the railroad company took actual possession of the land and constructed its railroad thereon, and used the same for railroad purposes. The complaint further shows that for a long time prior to the



bringing of the action the defendants Brown and Bryant, the receivers of the railroad company, had claimed, and were then claiming an interest in said land. There is no allegation that the railroad tracks alleged to have been constructed across the land have been removed, and no allegation that the defendants have surrendered the possession of the land, or that they have ceased to occupy it in the only way in which they could occupy it, viz, by the maintenance of their railroad track. The complaint shows the occupation of the land by the defendants in the only way they could occupy it for the purposes for which it appears to have been acquired. Such occupation is presumed to continue unless the contrary is alleged in the complaint. No such allegation is to be found. The only allegation is that, "for more than four years last past said strip of land has ceased to be used or occupied for railroad purposes or for any other purpose by the said corporation or by any other corporation or person." We respectfully submit that this allegation is not an allegation that the land is not in the actual possession of anyone.

Even if we are wrong in this contention, we respectfully submit that the plaintiff fails in another particular to bring the case within the provisions of section 544. Actions to determine conflicting claims, estates or interests, to lands not in the actual possession of anyone, can only be maintained by a plaintiff claiming title to such land under a patent from the United States. The plaintiff in this action is not so claiming.

But, passing this contention, we respectfully submit that the plaintiff states no cause of action under the statutes or the common law. The deed set out in the complaint did not convey a mere easement over the land described, but conveyed the entire estate of the grantors, and vested in the grantee the fee simple title to the land itself. It appears from the deed itself, that it was not made in consideration of benefits to accrue to the grantors by the construction and operation of a railroad across the land, but that it was made for a valuable and adequate consideration, to-wit: $1,900. The provision in the deed relied upon by the plaintiff is clearly a condition subsequent, namely, that if the land shall cease to be used for railroad purposes the same shall revert to first parties, their heirs and assigns. Such conditions are not favored in law for the reason that they tend to destroy estates, and they are always construed with the utmost strictness against the grantor.

*Paden vs. Railway, 35 N. W. Rep., 424; 73 Iowa, 328.*
*Mills vs. Railway Co., 10 Wash., 522.*



Not only are such conditions construed with the utmost strictness against the grantor, but a strict performance of them is never required of the grantee. A substantial compliance is all that is necessary.

*Ellis vs. Car Co., 97 Ind., 252.*
*Crane vs. Hyde Park, 135 Mass., 147.*
*Railway Company vs. Barber, 89 Ind., 378.*
*Hunt vs. Beason, 18 Ind., 382.*
*Hadley vs. Mfg. Co., 4 Gray, Mass., 140.*

Under these rules a forfeiture of this land would result only in case the railroad company should cease to use the land for railroad purposes, with the intention never to so use it again.

There is no condition in the deed that if the land shall cease to be used for railroad purposes for any particular length of time it shall revert. To make the condition operative the abandonment must be permanent. The nature of the abandonment is not determined by the length of time during which the land shall not be used for railroad purposes, but is determined by the intention of the railroad company in respect thereto.

In Barlow vs. Chicago, Rock Island & Pacific R. R. Co., 29 Iowa, 276, the condition in the deed was as follows:

"Provided that in case the said Railway Company do not construct their road through said tract, or shall after construction permanently abandon the route through the said tract of land, the same shall revert, etc., etc."

Notice: this work may be protected by copyright.