# EXHIBIT A

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **WARREN BERES, et al.,** | ) | **No. 03-785L, as Related to SCHROEDER (No. 04-1456L), RAY (No. 04-1457L), KLEIN (No. 04-1458L), PETERSON (No. 04-1459L), SPENCER (No. 04-1463L), NELSON (No. 04-1465L), MANNING (No. 04-1466L), LANE (No. 04-1468L), and COLLINS (No. 04-1472L).** |
| **Plaintiffs,** | ) | |
| **v.** | ) | |
| **THE UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | **Hon. Marian Blank Horn** |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, FOR JUDGMENT**

Defendant, United States, hereby submits its reply in support of its motion for summary judgment or, alternatively, for judgment, filed October 26, 2006.

## I. PLAINTIFFS BASE THEIR DEED CONSTRUCTION ON THE DISSENT IN RAY v. KING COUNTY, AND SHOULD BE GIVEN NO WEIGHT

Plaintiffs contend that the Hilchkanum-type deeds at issue granted only an easement to the Seattle, Lake Shore & Eastern Railway Company (the "Railroad"). Their construction of those deeds, however, plainly is based upon the dissent in Ray v. King County, and should be given no weight. For example, Plaintiffs' argue that the consideration for the right of way (i.e., "the benefits and advantages to accrue. . .from the location, construction and operation of the Seattle, Lake Shore and Eastern Railway. . .") shows that the parties intended to limit its use to railroad purposes. Pls.' Reply Br. at 15. While this argument may have been embraced by the dissent, it was not adopted by the majority and should be given no weight by this Court. See Ray v. King County, 120 Wash.App. 564, 597 (2004) (Baker, J., dissenting). Similarly, contrary to the Plaintiffs' argument that the Hilchkanum-type deed did not convey a strip of land (Pls.' Reply Br. at 14-15), the majority in Ray v. King County held that it did. Ray v. King County, 120

Wash.App. at 576, 578. Here, again, the Plaintiffs are arguing from the dissent. See Ray v. King County, 120 Wash.App. at 594 (Baker, J., dissenting). Other examples similarly show that the Plaintiffs base their construction of the Hilchkanum-type deeds on the dissent in Ray v. King County, and accordingly it should be afforded no weight.

Additionally, Plaintiffs improperly compare properties in different locations to support their arguments. For example, Plaintiffs argue that in Seattle, Washington, the Railroad only could acquire an easement. Pls.' Br. at 25-26. But the right of way in Seattle was for tracks "in, along, upon, and over certain public streets and alleys of the City of Seattle." Id. at 26 (quoting Ordinance No. 806 (JA Ex. 129)). Certainly, public property through city streets and alleys is not equivalent to rural areas along Lake Sammamish. Similarly, plaintiffs attempt to compare the consideration for the right of way along the eastern shore of Lake Sammamish in King County, to the consideration for a right of way in Spokane County, Washington. Pls.' Reply Br. at 20. But it is common knowledge that the value of property must be determined by comparing it to similarly situated property in the same area. See also Bremerton School Dist. 100-C v. Hibbard, 51 Wash.2d 226, 229 (1957) (affirming appraisers qualifications as an expert where he considered, among other factors, "the sales of other acreage[]. . .in the area. . .the availability of similar sites in the area. . .the trend and growth of the area. . .and the price range of homes in the area"). Accordingly, the consideration of the benefits accrued to the grantor by the location, construction and operation of the railroad along eastern Lake Sammamish in King County may be considerable, while that may not have been the case in Spokane County. Plaintiffs' reliance upon Mouat, therefore, is misplaced.

Moreover, the Thomas Burke deed offers no support for Plaintiffs' position. See Pls.' Br. at 29; Pls.' Reply Br. at 24. As the United States noted in its Brief (Def.'s Br. at 41-42), the Burke deed at issue in Pacific Iron Works contains language not found in the deeds at issue here. Significantly, that deed contained language limiting the conveyance to the railroad in the habendum clause "for railway purposes," and contained the following reverter clause, "but if it should cease to be used for a railway the said premises shall revert to said grantors. . . ." Pacific Iron Works v. Bryant Lumber & Shingle Mill Co., 60 Wash. 502, 505 (1910). This kind of language is not found in the deeds at issue here, indicating that the grantors intended to convey fee title in the right of way to the Railroad.

In short, Plaintiffs fail to assert any new, meritorious arguments, and this Court should find that the Hilchkanum-type deeds at issue conveyed fee simple title to the Railroad, consistent with Ray v. King County, supra, and King County v. Rasmussen, 299 F.3d 1077 (9th Cir. 2002), cert. denied 588 U.S. 1057 (2003).[1/]

## II. THE PLAINTIFFS IN RAY ALL ARE SUCCESSORS IN INTEREST TO THE SAME HILCHKANUM PROPERTY AND SHOULD BE ESTOPPED TO ASSERT THAT THE HILCHKANUM DEED GRANTED AN EASEMENT

All of the co-plaintiffs in Ray are in privity with the Rays, as they all stand in the same shoes with the Hilchkanums. As the successors in title to the Hilchkanums, they each have a mutual interest in the same property rights derived from the Hilchkanums. The co-plaintiffs in Ray ignore this fact, arguing erroneously that they may not be collaterally estopped because they are not successors in interest to the Rays' property. Pls.' Reply Br. at 2. Washington courts do

[1/] Plaintiffs do not challenge the Defendant's analysis of the Reeves quit claim deed at issue in Manning, CFC No. 04-1466, and Manning should be dismissed.

not take so narrow a view of privity and collateral estoppel as the Plaintiffs in Ray suggest. Rather, "the term 'privity' denotes **mutual or** successive relationship to the same rights of property. The ground, therefore, upon which persons standing in this relationship to the litigating party are bound by the proceedings to which he was a party, is that they are identified with him in interest; and, wherever this identity is found to exist, all are alike concluded." Douthitt v. MacCulsky, 11 Wash. 601, 610 (1895) (quoting Greenleaf, 1 Law of Evidence § 522-23) (internal quotation marks omitted) (emphasis added); see also International Nutrition Co. v. Horphag Research Ltd., 220 F.3d 1325, 1329 (Fed. Cir. 2000) (citing Litchfield v. Crane, 123 U.S. 549, 551 (1887), which quotes Greenleaf, 1 Law of Evidence § 523). Because the co-plaintiffs in Ray all stand in the shoes of the Hilchkanums with respect to the railroad right of way at issue, they are in privity with the Rays and should be collaterally estopped from relitigating the Hilchkanum deed to the Railroad.

Nonetheless, even if the co-plaintiffs in Ray are not in direct privity with the Rays, they still should be collaterally estopped from relitigating the Hilchkanum deed, under Washington law. First, the co-plaintiffs in Ray would not be "unjustly deprived of [their] day in court." Pls.' Reply Br. at 3 (quoting Garcia v. Wilson, 63 Wash.App. 516, 520-21 (1991)). Like the plaintiff in Garcia, at least 14 of the co-plaintiffs in Ray "had full knowledge of the prior action and the opportunity to intervene."[2/] Garcia, 63 Wash.App. at 520 (citing Bacon v. Gardner, 38 Wash.2d 299, 312-13 (1951)); see also Def.' Br. at 25 n.12 & Ex. 26, thereto. Although they chose to participate as amici (Def.'s Br. at 25 n.12), they "declined the opportunity to intervene but

[2/] Those co-plaintiffs are: Martin & Carol Chamberlin; Craig & Tammy Owens; Frederic & Linda Vicik; Steven & Karin Farrar; Hank & Eden Waggoner; Lester & Barbara Peterson; Lauren Jenkins; and Terry Pietromonaco. Cf. Def.'s Ex. 26 with Compl. in Ray.

present[] no valid reason for doing so." Garcia, 63 Wash.App. at 521. Nor can the co-plaintiffs argue that their interests were not adequately represented in the Washington state court action as the Rays were represented by the same counsel. Finally, Plaintiffs suggest that because the court in Ray v. King County ruled on cross motions for summary judgment that it somehow did not have all of the pertinent facts. Pls.' Reply Br. at 5. To the contrary, "all the evidence that exists appears to have been discovered and presented by the parties" in that case. See Ray v. King County, Oral Decision Tr. at 6. Clearly, the Plaintiffs in Ray do not like the result reached in the Washington state courts, but that does not permit them to relitigate the Hilchkanum deed.

Plaintiffs argue that participating as amici is not sufficient to apply the doctrine, relying on Munoz v. County of Imperial, 667 F.2d 811 (9th Cir. 1982), but that case is distinguishable on its facts and legal posture. In Munoz, the plaintiffs sought a federal court injunction against state court proceedings. Munoz, 667 F.2d at 813. The issue there was not whether the plaintiffs were collaterally estopped from relitigating an issue, but whether the plaintiffs were strangers to a state court action, such that the Anti-Injunction Act, 28 U.S.C. 2283 (which generally bars federal courts from enjoining state courts), did not apply. Id. The Plaintiffs sought to sell water in Mexico that they intended to purchase from McDougal. McDougal's water use permit, however, prohibited selling water outside of the County. Id. The Plaintiffs in Munoz sought to enjoin the county from enforcing the restriction in McDougal's permit, after the California Supreme Court had found the restriction valid. Id.

First, the court found that the Munoz plaintiffs were not in privity with McDougal, since the rights they sought to protect were derived from the Commerce Clause and not from contract. Munoz, 667 F.2d at 815-16. Unlike the Plaintiffs here with respect to Hilchkanum, the Munoz

plaintiffs, the water buyers, did not stand in the shoes of McDougal, the vendor. Id., at 816. While Munoz did participate as an amicus before the California Supreme Court, presumably on behalf of McDougal, that alone was not enough to bind him as a party to that proceeding. Id.

Moreover, as discussed previously, there are additional factors that warrant application of collateral estoppel in this case that did not exist in Munoz. For example, the co-plaintiffs here share an identity of interests, and those interests were adequately represented in the prior litigation. Munoz, therefore, is unavailing.

Because the co-plaintiffs in Ray are in privity with the Rays they all should be collaterally estopped from relitigating the Hilchkanum deed. If not in privity, at a minimum, the virtual representation doctrine should bar the 14 plaintiffs in Ray that clearly were aware of the litigation against King County, but chose not to intervene.

Finally, the Rays present no argument as to why they should not be collaterally estopped from relitigating the Hilchkanum deed. Rather they seek to burden this Court with additional, unnecessary motions practice. Any delay in dismissing the Rays' claims, will defeat the purpose of collateral estoppel.

## III. ALTHOUGH THE DEEDS ARE UNAMBIGUOUS, PLAINTIFFS WANT THIS COURT TO WASTE TIME MAKING UNNECESSARY FINDINGS OF FACT

Next, Plaintiffs ask this Court to make wholly irrelevant findings of fact. They present volumes of documents and devote numerous pages of their brief in support of their argument that the Railroad drafted the deeds at issue. But the Court need not explore that argument. Because no party has identified any ambiguous language in the deeds, "it should not even be necessary to rely on the rule of construing ambiguities against the drafter." See Pls.' Reply Br. at 10.

Therefore, the Defendant need not rebut irrelevant facts and argument in its papers. Defendant's silence should not be taken to mean that it agrees with the Plaintiffs but, rather, that the Plaintiffs' assertions of fact and argument are legally irrelevant.[3/]

As the Washington Supreme Court recently made clear, the Court need not find that the deeds are ambiguous to decipher the intent of the parties from the language in the deeds, the circumstances surrounding their execution, and the subsequent conduct of the parties. See Kershaw Sunnyside Ranches, Inc. v. Yakima Interurban Lines Assn., 126 P.3d 16, 26 n.15 (unlike statutory or contract construction, the court consistently examines the circumstances surrounding the transfer and subsequent conduct of the parties, without finding any ambiguity in the deed at issue). The Court, therefore, need not find the deeds to be ambiguous to apply the factors as Brown instructs. See Def.'s Br. at 26.

Similarly, Plaintiffs also go to great lengths to argue that "right of way" was generally understood to mean an "easement," in Washington. Contrary to Plaintiffs' strained arguments, however, as a matter of Washington law, the words "right of way" do not equate with "easement." As the Washington Supreme Court has long held, a right of way may be conveyed to a railroad in fee simple or as an easement. See Morsbach v. Thurston County, 152 Wash. 562, 568 (1929); Roeder Co. v. Burlington Northern, Inc., 105 Wash.2d 567, 571 (1986); Brown v. State, 130 Wash.2d 430, 440 (1996). The Court, therefore, need not entertain irrelevant facts regarding whether "right of way" means "easement" in the State of Washington – it has no such meaning.

---

[3/] Moreover, the Kershaw court confirmed that ambiguities in a deed are to be construed against the grantor, further obviating the need to resolve whether the railroad drafted the deeds. Kershaw, 126 P.3d at 26.

Finally, Plaintiffs argue, without citation to authority, that the "United States must establish through evidence that the term 'right of way' was unambiguously used in the granting clause." Pls.' Reply Br. at 9. But that piecemeal approach is contrary to Washington law, which instructs a court to examine the entire deed to determine whether it conveys a fee simple title or an easement. See, e.g., Brown, 130 Wash.2d at 440 (the court "must conduct a deed-by-deed analysis to ascertain whether the parties clearly and expressly limited or qualified the interest granted, considering the express language, the form of the instrument, and the surrounding circumstances").

## IV. CONCLUSION

For reasons set out in Defendant's opening brief and for the foregoing reasons, Defendant respectfully submits that the deeds at issue conveyed fee simple title to the Railroad. Summary judgment (or alternatively, judgment), therefore, should be awarded to the United States. The cases of Schroeder (No. 04-1456L), Ray (No. 04-1457L), Klein (No. 04-1458L), Peterson, (No. 04-1459L), Spencer (No. 04-1463L), Nelson (No. 04-1465L), Manning (No. 04-1466L), Lane (No. 04-1468L), and Collins (No. 04-1472L) should be dismissed with prejudice.

Respectfully submitted,

Sue Ellen Wooldridge
Assistant Attorney General
Environment &Natural Resources Division
U.S. Department of Justice

/s/ Bruce K. Trauben
Bruce K. Trauben
Kelle Acock
Natural Resources Section
Environment & Natural Resources Division

U.S. Department of Justice
P.O. Box 663
Washington, D.C. 20004-0663
Tel.: (202) 305-0238
Fax: (202) 305-0267

Attorneys for Defendant, the United States

Dated: November 8, 2006