**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| WARREN BERES, et al., Plaintiffs, v. UNITED STATES, Defendant. | ) | No. 03-785L, as Related to MOREL (No. 04-1467L) and BROWN (No. 04-1473L). Honorable Marian Blank Horn |

**PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING THE INTEREST ACQUIRED BY ADVERSE POSSESSION**

Cecilia Fex
ACKERSON KAUFFMAN FEX, PC
1250 H. Street, NW, Suite 850
Washington, DC 20005
Telephone: (202) 833-8833
Facsimile: (202) 833-8831

*Counsel for Plaintiffs Brown*

John M. Groen
GROEN STEPHENS & KLINGE LLP
11100 NE 8th Street, Suite 750
Bellevue, WA 98004
Telephone: (425) 453-6206
Facsimile: (425) 453-6224

*Counsel for Plaintiffs Morel, et al.*

**Dated: November 8, 2006**

# TABLE OF CONTENTS

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

THE RAILROAD ACQUIRED THE RIGHT OF WAY AS A PRESCRIPTIVE EASEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

A. Washington Law Recognizes That a Right of Way May Be Acquired as a Prescriptive Easement.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

B. Washington Law Is Consistent with Other Jurisdictions. . . . . . . . . . . . . . . . . . . . . . 5

C. Because Railroads in Washington Could Condemn No Greater Interests than an Easement, They Could Acquire No Greater Interests by Prescription.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# TABLE OF AUTHORITIES

## CASES

*Consumers' Gas Trust Co. v. American Plate Glass Co.*,
68 N.E. 1020 (Ind. 1903). . . . . . . . 8, 10

*Galveston, H. & S. A. R. Co. v. McIver*,
245 S.W. 463 (Tex. App. 1922). . . . . . . . 8

*Gray v. McDonald*,
283 P.2d 135 (Wash. 1955). . . . . . . . 8

*Hash v. United States*,
403 F.3d 1308 (Fed. Cir. 2005). . . . . . . . 5

*Hoffman v. Zollman*,
97 N.E. 1015 (Ind. App. 1912). . . . . . . . 6, 8

*Lechman v. Mills*,
91 P. 11 (Wash. 1907). . . . . . . . 7

*Lee v. Lozier*,
945 P.2d 214 (Wash. Ct. App. 1997). . . . . . . . 3, 4, 7, 10

*Long v. Leonard*,
71 P.2d 1 (Wash. 1937). . . . . . . . 2, 4

*Mahon v. Haas*,
468 P.2d 713 (Wash. App. 1970). . . . . . . . 4, 10

*Maryland & P.R. Co. v. Mercantile-Safe Deposit & Trust Co.*,
166 A.2d 247 (Md. 1960). . . . . . . . 5, 7

*Neitzel v. Spokane I. R. Co.*,
117 P. 864 (Wash. 1911). . . . . . . . 8-10

*Northwest Cities Gas Co. v. Western Fuel Co.*,
123 P.2d 771 (Wash. 1942). . . . . . . . 1-3, 10

*People v. Ocean Shore R., Inc.*,
196 P.2d 570 (Cal. 1948). . . . . . . . 7

*Roediger v. Cullen*,
175 P.2d 669 (Wash. 1946). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 7

*Scheller v. Pierce County*,
104 P. 277 (Wash. 1909). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Seattle v. Faussett*,
212 P. 1085 (1923).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*State ex rel. Eastvold v. Superior Court of State*,
294 P.2d 418 (Wash. 1956). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*State ex rel. Shorett v. Shorett v. Blue Ridge Club*,
156 P.2d 667 (Wash. 1945). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*State v. Larson*,
338 P.2d 135 (Wash. 1959). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Strother v. Bootheel Rail Properties, Inc.*,
66 S.W.3d 751 (Mo. Ct. App. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Washburn v. Esser*,
511 P.2d 1387 (Wash. 1973). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Wasmund v. Harm*,
78 p. 777 (Wash. 1904). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Wasmund v. Harm*,
36 Wash. 170 (1904). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Wheeling Stamping v. Warwood Land Co.*,
412 S.E.2d 253 (W. Va. 1991).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Yakima Valley Canal Co. v. Walker*,
455 P.2d 372 (Wash. 1969). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 10

**OTHER AUTHORITIES**

127 A.L.R. 517 (1940).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## INTRODUCTION

Plaintiffs Reid and Theresa Brown, Gene and Eugene Morel, and the Plaintiffs joined with the Morel Plaintiffs (collectively "Plaintiff Landowners"), own property located in Government Section 7, Township 24 North, Range 6 East in King County. (Joint Stipulation of November 1, 2006 ("JSIF") ¶ 3.) The Seattle, Lake Shore & Eastern Railway Company (the "Railroad") originally acquired its rights to traverse the land now owned by Plaintiff Landowners by means of adverse possession. (JSIF ¶ 4.) Accordingly, the issue presented to the Court is whether the Railroad acquired by adverse possession fee simple title or an easement to the railroad right way traversing the properties of Plaintiff Landowners. (JSIF ¶ 1.) As will be shown, Washington law points to one conclusion: the railroad could only adversely acquire a right of way by prescriptive easement. This conclusion is supported by case law around the country holding that when a railroad acquires its right of way by adverse possession, the interest acquired is an easement, and not a fee title.

## ARGUMENT

## THE RAILROAD ACQUIRED THE RIGHT OF WAY AS A PRESCRIPTIVE EASEMENT

### A. WASHINGTON LAW RECOGNIZES THAT A RIGHT OF WAY MAY BE ACQUIRED AS A PRESCRIPTIVE EASEMENT.

Washington courts have traditionally applied a conservative approach to the question of what rights, *if any*, are acquired in a right of way by an adverse user. Under Washington law, the presumption is that the "user" of the right enters "with the true owner's permission." *Northwest Cities Gas Co. v. Western Fuel Co.*, 123 P.2d 771, 776 (Wash. 1942). Of course, a permissive use cannot ripen into a prescriptive easement, let alone fee title. As stated in *Northwest Cities*

*Gas Co.*,

> [a] user which is permissive in its inception cannot ripen into a prescriptive right, no matter how long it may continue, unless there has been a distinct and positive assertion by the dominant owner of a right hostile to the owner of the servient estate.

*Id.* at 77.

Consistent with this conservative approach is the historically uncontroversial and unchallenged proposition in Washington that the adverse possessor of a right of way will *at the most* acquire nothing more than an easement by prescription:

> The prevailing rule is that where the claimant has shown an open, visible, continuous, and unmolested use of land for the period of time sufficient to acquire title by adverse possession, the use will be presumed to be under a claim of right, so as to place upon the owner of the servient estate, in order to avoid the *acquisition of an easement* by prescription, the burden of rebutting this presumption by showing that the use was permissive.

*Long v. Leonard*, 71 P.2d 1, 5-6 (Wash. 1937) (emphasis added) (*quoting* 9 R.C.L § 39, EASEMENTS, at 781); *see also Northwest Cities Gas Co.*, 123 P.2d at 776 (citing multiple cases therein); *Washburn v. Esser*, 511 P.2d 1387, 1390 (Wash. Ct. App. 1973) ("If the use of the easement acquired by the oral grant continues for the prescriptive period of ten years in a manner that is open, notorious, continuous and adverse to the owner of the land, the oral grant then ripens into a prescriptive easement to permanently use the road") (citations omitted).

The leading Washington case setting forth the applicable law is *Northwest Cities Gas Co.* In that case, a gas company built a road through private property without permission of the owner. *Northwest Cities Gas Co.*, 123 P.2d at 774. The company

> laid a roadway across the dry bed of the pond and hauled in cinders to a depth of about four inches along a strip twelve to fifteen feet

> wide, in order to make a road passable for trucks . . . . Another road was also early developed across the southwest corner of the Clerf land . . . .

*Id.*

Within this context, the Washington Supreme Court explained that establishment of a right of way across the land of another creates an easement interest:

> An easement of right of way across the land of another, including even the establishment of a public highway over private property, may be acquired by prescription.

*Id.* at 775. The court further explained,

> The period required in this state to establish such a prescriptive right of way is ten years . . . . Prescriptive rights, however, are not favored in the law, since they necessarily work corresponding losses or forfeitures of the rights of other persons.

*Id.* at 775-76.

A host of Washington cases prior to *Northwest Cities Gas Co.* all recognized that a right of way may be acquired as a prescriptive easement. *Id.* at 775 (and other cites therein). Likewise, numerous subsequent cases continue to hold that a prescriptive easement in a right of way can be acquired by adverse use for the sufficient period of time. *See*, *e.g.*, *Washburn*, 511 P.2d at 1390; *Gray v. McDonald*, 283 P.2d 135, 138 (Wash. 1955); *Roediger v. Cullen*, 175 P.2d 669, 676 (Wash. 1946); *State ex rel. Shorett v. Shorett v. Blue Ridge Club*, 156 P.2d 667, 671 (Wash. 1945); *Lee v. Lozier*, 945 P.2d 214, 217 (Wash. Ct. App. 1997). In contrast, there are no Washington cases holding that a right of way can be acquired as fee simple title. Rather, *all* of the cases recognize the right-of-way interests adversely acquired are easements and nothing more.

The historically uncontroversial proposition that a mere easement will be adversely acquired in a right of way undoubtedly flows from the established "doctrine that '[a] prescriptive right acquired by one is determinative of a corresponding loss or forfeiture of right by another, and, as forfeitures are not favored, it is absolutely essential that all of the elements necessary to constitute a permanent valid claim by adverse user, amounting to a prescriptive right, should be shown to the present.'" *Long*, 71 P.2d 1 at 9 (*citing Downie v. City of Renton*, 9 P.2d 372, 373 (Wash. 1932)); *see also Roediger*, 175 P.2d at 678 (same) (citing *Northwest Cities Gas Co. v. Western Fuel Co.*, 123 P.2d 771, 776 (Wash. 1942)). Additionally, when a prescriptive right for *public purposes* is claimed, the doctrine is carried one step further and is "applied even more strictly" because the public easement will be deemed "more onerous" than that of a private, limited prescriptive right. *Roediger*, 175 P.2d at 678. Under these precepts therefore, and in a state such as Washington where the private owners' bundle of sticks are carefully considered and safeguarded as against the adverse possessor, Washington courts will hold that "[t]he *extent of the rights acquired through prescriptive use is determined by the uses through which the right originated*. " *Lee v. Lozier*, 945 P.2d at 220 (citing *Northwest Cities Gas Co. v. Western Fuel Co.*, 135 P.2d 867 (1943) and Restatement of Property § 477, at 2992 (1944)) (emphasis added); *see also Mahon v. Haas*, 468 P.2d 713, 716 (Wash. Ct. App. 1970) ("The extent of any prescriptive rights based upon such adverse possession is fixed and determined by the user in which it originated").

In short, Washington has a well-developed body of law recognizing that establishment of a right of way through unpermitted use for the requisite years will result in a prescriptive easement. Under that law, the railroad here could only acquire an easement against the

underlying property owners. Any other conclusion would be an extension of Washington law that is not necessary or warranted.

**B. WASHINGTON LAW IS CONSISTENT WITH OTHER JURISDICTIONS.**

These expressed limitations on right of way interests adversely possessed under Washington law have seen parallel application under majority rule with respect to railroad rights of way. It is well-settled that in the vast majority of states, "[b]y the weight of authority, a railroad company acquires by prescription or adverse possession only an easement in a right of way." *See* 127 A.L.R. 517 (1940).[1] As explained by the Federal Circuit, the principal reason for the majority rule is "that the nature of the use by the railroad requires no more than an easement in the right of way and does not, therefore, amount to an occupancy adverse to the claim of another to the fee." *See Hash v. United States*, 403 F.3d 1308, 1322 (Fed. Cir. 2005) (quoting *Maryland & P.R. Co. v. Mercantile-Safe Deposit & Trust Co.*, 166 A.2d 247, 249 (Md. 1960)). And this is generally true where ordinarily "there is no user by a railroad company beyond a user for the purposes of a right of way." *Maryland & P.R. Co. v. Mercantile-Safe Deposit & Trust Co.*, 166 A.2d 247, 249 (Md. 1960); *Strother v. Bootheel Rail Properties, Inc.*, 66 S.W.3d 751, 754 (Mo. Ct. App. 2001); *Wheeling Stamping Co. v. Warwood Land Co.*, 412 S.E.2d 253, 256

[1] *Citing Indianapolis, P. & C. R. Co. v. Ross*, 47 Ind 25 (1874) (easement in street); *New Castle v. Lake Erie & W. R. Co.*, 155 Ind 18, 57 NE 516 (1900) (easement in highway); *Consumers Gas Trust Co.*, 162 Ind 393, 68 NE 1020; *Hoffman v. Zollman*, 49 Ind App 664, 97 NE 1015 (1912); *Meyer v. Pittsburgh, C. C. & St. L. R. Co.*, 63 Ind App 156, 113 NE 443 (1916); *Cleveland, C. C. & St. L. R. Co. v. Cross*, 87 Ind App 574, 162 NE 253 (1928); *Gates v. Colfax Northern R. Co.*, 177 Iowa 690, 159 NW 456 (1916); *Michigan C. R. Co. v. Garfield Petroleum Corp.*, 282 Mich. 373, 290 N.W. 833 (1940); *Pennsylvania R. Co. v. Breckenridge*, 60 NJL 583, 38 A 740 (1897); *Seaboard Air Line R. Co. v. Olive*, 142 NC 257, 55 SE 263 (1906); *Capps v. Texas & P. R. Co.* 21 Tex Civ App 84, 50 SW 643 (1899); *Galveston, H. & S. A. R. Co. v. McIver*, 245 SW 463 (1922, Tex Civ App) .

(W. Va. 1991) ("use of the land defines the parameters of the easement such that use of the property for railroad purposes creates an easement limited to railroad purposes."); *Hoffman v. Zollman*, 97 N.E. 1015, 1017 (Ind. Ct. App. 1912); *Consumers' Gas Trust Co. v. American Plate Glass Co.*, 68 N.E. 1020, 1021 (Ind. 1903).

Accordingly and under these circumstances, while a railroad can acquire fee title through *a grant*, courts have reasoned that with respect to *right-of-way* interests acquired adversely by the railroad, it is beyond cavil that railroads will acquire merely an easement:

> It is true that said railway company might have acquired the fee by grant, and that a title by adverse possession is as good as the best title known to the law, yet, unless all distinction in the law of adverse possession between the acquirement of the fee in land and the acquirement of an easement therein is to be lost sight of, consideration must be given to the nature of the user. The soundness of a title is one thing, the extent of it is quite another. A prescriptive right, where there is no color of title, cannot be broader than the claim which the user evidences. *Brookville, etc., Co. v. Butler*, 91 Ind. 134; *Peoria, etc., R. Co. v. Attica, etc., R. Co.*, 154 Ind. 218, 56 N.E. 210; *Indianapolis Water Co. v. Kingan & Co.*, 155 Ind. 476, 58 N.E. 715. Ordinarily, at least, there is no user by a railroad company beyond a user for the purposes of a right of way. A corporation which is organized under the general railroad statute is authorized to condemn only an easement; if it enters without title and constructs its main line, the landowner cannot eject it, but is confined to the remedy given to procure an assessment of his damages. These considerations lead us to the conclusion that in such a case as this nothing more than an easement is acquired

*Consumers' Gas Trust Co.*, 68 N.E. at 1021.

The concept as succinctly put is thus, "[t]he right is commensurate with the use. The enjoyment is limited to that which has been actually enjoyed." *Michigan C. R. Co.*, 290 N.W. at 836 (quoting *Pennsylvania R. Co. v. Breckenridge*, 38 A. 740, 741 (N.J. 1897)).

The rationale repeatedly expressed in these cases, for ascribing a limited interest in *railroad* rights of way that were adversely possessed, is harmonious with Washington law where the rights of way acquired through prescription are *always* limited to the uses to which those rights of way are put. *See e.g., Lee*, 945 P.2d at 220; *Yakima Valley Canal Co. v. Walker*, 455 P.2d 372, 374 (Wash. 1969) (". . . user and possession govern the extent of the easement acquired. It is established only to the extent necessary to accomplish the purpose for which the easement is claimed.") Moreover, this is particularly true where, under Washington law, this rule is even more strictly applied when a *public* right of way imposes an even greater, "onerous" burden on the servient estate. *See Roediger*, 175 P.2d at 678.

Accordingly, whether under Washington law or in the majority of states that apply the same rationale as found in Washington, if "the sole use is as a right of way, whether as a footpath, wagon road, or railroad, the user will ripen into an easement," and nothing more. *People v. Ocean Shore R., Inc.*, 196 P.2d 570 (Cal. 1948) (railroad); *see also State ex rel. Shorett*, 156 P.2d at 671 (public road); *Scheller v. Pierce County*, 104 P. 277, 278 (Wash. 1909) (highway); *Lechman v. Mills*, 91 P. 11, 13 (Wash. 1907) (ditch); *Wasmund v. Harm*, 78 p. 777, 778-79 (Wash. 1904) (road); *Maryland & P. R. Co.*, 166 A. 2d at 249-50 (railroad); *Michigan C. R. Co.*, 290 N.W. at 834-35 (railroad).

### C. BECAUSE RAILROADS IN WASHINGTON COULD CONDEMN NO GREATER INTERESTS THAN AN EASEMENT, THEY COULD ACQUIRE NO GREATER INTERESTS BY PRESCRIPTION.

In concluding that railroad companies acquire merely easements by adverse possession, courts frequently employ the reasoning that if greater "rights could not be acquired by condemnation because of lack of necessity, it would disprove a title claimed to be acquired by

adverse possession." *Michigan C. R. Co.*, 292 Mich. at 378; *see also Pollnow*, 276 N.W.2d at 742-43 (analogizing interest railroad acquired by adverse possession to that acquired by condemnation); *Hoffman*, 97 N.E. at 1017 ("If a railroad company acquires only an easement in land by condemnation proceedings, it must necessarily follow that it could secure no greater interest by prescription."); *Ocean Shore R., Inc.*, 196 P.2d at 577.

It makes sense that a railway may not secure by prescription a greater interest than that which it can acquire when it takes the trouble to initiate proceedings under its powers of eminent domain. To allow the opposite result would have served as disincentive for railroads to proceed orderly under their powers of eminent domain. As explained by one court,

> A corporation which is organized under the general railroad statute is authorized to condemn only an easement; if it enters without title and constructs its main line, the landowner cannot eject it, but is confined to the remedy given to procure an assessment of his damages. These considerations lead us to the conclusion that in such a case as this [where the right of way was adversely possessed] nothing more than an easement is acquired.

*Consumers Gas Trust Co.*, 68 N.E. at 1021. And as explained by another,

> [I]n other words, there is nothing to indicate that the [railroad company] made any other or different use of this strip of land than it could have made–nolens volens in so far as the holder of the fee simple title was concerned–had it proceeded under our condemnation statutes and secured its right in that way; and, if it had so proceeded, the right it thereby acquired, under the express provisions of [the condemnation statutes] would not have included the fee simple estate in the property, but would have been limited to a right of way for railroad purposes only.

*Galveston, H. & S. A. R. Co. v. McIver*, 245 S.W. 463, 464 (Tex. App. 1922).

It is well settled in Washington that a railroad can condemn merely an easement for its right of way. In *Neitzel v. Spokane I. R. Co.*, 117 P. 864, 868 (Wash. 1911) (en banc), by

analyzing canons of construction, statutory language, and interpreting case law, the state Supreme Court concluded that a railroad company acquires merely an easement when condemning a right of way. In reviewing case law from other jurisdictions, the Court explained the applicable law:

> The doctrine generally accepted is, that the right acquired by the power of eminent domain extends only to an easement in the land taken, unless the statute plainly provides for the acquisition of a larger interest.

*Neitzel*, 117 P. at 867. The Court's analysis continued and it ultimately held that the railroad did not acquire fee title through use of the Washington condemnation power.

> Our conclusion that the fee simple title will not vest in the condemning corporation in the absence of express statutory direction, and that it has not vested in respondent railway company in this action, is well sustained by authority.
>
> Having reached the conclusion that the fee is still vested in respondents and that the *railway company acquired an easement only*, the next question . . . .

*Id*. at 868 (citations omitted) (emphasis added).

This conclusion in *Neitzel*–that a railway company can only condemn an easement–is consistent with other Washington law holding that a condemnor is authorized to take no greater interest than an easement if an easement is sufficient to satisfy the purpose of the taking. This point was explained in *Seattle v. Faussett*, 212 P. 1085 (1923):

> Inasmuch as property cannot constitutionally be taken by eminent domain except for the public use, it follows that *no more property shall be taken than the public use requires*, and this rule applies both to the amount of property and the estate or interest in such property to be acquired by the public. If an *easement* will satisfy the requirements of the public, to take the fee would be unjust to the owner, who is entitled to retain whatever the public needs do

> not require . . . .

*Id.* at 1086-87 (emphasis added). The Court continued:

> Furthermore, it is universally recognized that a grant of the power of eminent domain will not be extended by implication, and that when an easement will satisfy the purpose of the grant the power to condemn the fee will not be included in the grant unless it is so expressly provided.

*Id.*; *see also State ex rel. Eastvold v. Superior Court of State*, 294 P.2d 418, 422 (Wash. 1956) ("In a condemnation proceeding, no greater estate or interest should be taken than reasonably necessary for contemplated public necessity or use."); *State v. Larson*, 338 P.2d 135, 137 (Wash. 1959) (similar).

As is evident from *Neitzel* and the similar supporting authorities, railroads are limited to the interests they can acquire by condemnation in Washington *for the same reasons* as users of rights of way generally are limited to the extent or scope of the use of such rights of way. *Compare State ex rel. Eastvold,*, 294 P.2d at 422 ("In a condemnation proceeding, no greater estate or interest should be taken than reasonably necessary for contemplated public necessity or use."); *Neitzel*, 117 P. at 868 ("Courts . . . permit[] no greater title or interest to vest than has been expressly authorized or may be necessary to the contemplated public use."), *with*, *Lee*, 945 P.2d at 220 ("[t]he extent of the rights acquired through prescriptive use is determined by the uses through which the right originated"); *Mahon*, 468 P.2d at 716 ("The extent of any prescriptive rights based upon such adverse possession is fixed and determined by the user in which it originated"); *Yakima Valley Canal*, 455 P.2d at 374 (". . . user and possession govern the extent of the easement acquired. It is established only to the extent necessary to accomplish the purpose for which the easement is claimed."); *Northwest Cities Gas Co.*, 123 P.2d at 779

("the extent of the [adverse] right is fixed and determined by the user in which it originated")

Accordingly, Washington law is manifestly aligned with the majority rule that holds a railroad acquires merely an easement–i.e., a prescriptive right–when adversely possessing a right of way over private land.

**CONCLUSION**

Washington law holds that a right of way may be established by prescriptive easement. There are no cases allowing a right of way to be adversely acquired as fee simple absolute title. Numerous other jurisdictions likewise hold that adverse possession by a railway company of a right of way establishes only an easement. Finally, Washington recognizes that where eminent domain is executed, the condemned estate is limited to an easement when an easement is all that is required to accomplish the purpose of the condemnation. In light of these established principles of law, Plaintiffs respectfully request that this Court grant Plaintiff Landowners' motion for partial summary judgment and find that the Railroad acquired a mere easement over these Plaintiff Landowners' properties.

Respectfully submitted this 8th day of November, 2006.

/s/ Cecilia Fex
ACKERSON KAUFFMAN FEX, PC
1250 H. Street, NW, Suite 850
Washington, DC 20005
Telephone: (202) 833-8833
Facsimile: (202) 833-8831

*Counsel for Plaintiffs Brown*

/s/ John M. Groen
GROEN STEPHENS & KLINGE LLP
11100 NE 8th Street, Suite 750
Bellevue, WA 98004
Telephone: (425) 453-6206
Facsimile: (425) 453-6224

*Counsel for Plaintiffs Morel, et al.*