IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BERES, et al., | ) | **Nos. 03-785L, as Related to** |
| | ) | **SCHROEDER (No. 04-1456L),** |
| | ) | **COLLINS (No. 04-1472L), EDLUND** |
| Plaintiffs, | ) | **(No. 04-1464L), KLEIN (No. 04-1458L),** |
| | ) | **LANE (No. 04-1468L), MANNING (No.** |
| | ) | **04-1466L), NELSON (No. 04-1465L),** |
| v. | ) | **PETERSON (No. 04-1459L), RAY (No.** |
| | ) | **04-1457L), and SPENCER (No. 04-** |
| | ) | **1463L)** |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | Honorable Marian Blank Horn |
| Defendant. | ) | |
| | ) | |

## DECLARATION OF JOHN M. GROEN

John M. Groen declares as follows:

1.     I have personal knowledge of the matters contained herein and am competent

to testify thereto.

2.     In *Ray v. King County*, No. 00-2-14946-8 SEA, the sole plaintiffs were Gerald

and Kathy Ray, husband and wife.  I was the attorney of record for the Rays in that litigation.

1

3.      I have retrieved the files from storage regarding the summary judgment proceedings before the trial court in *Ray v. King County* and have compiled a list of evidentiary documents that were before the trial court in that matter.

4.      The following documents from the summary judgment proceedings in *Ray v. King County* are documents **NOT INCLUDED** in the record in *Beres et al. v. United States*.

a.      Stipulation of the Parties, dated July 20, 2001.  The factual stipulations provided that (1) King County was the successor to whatever property interest was conveyed in 1887 by Bill Hilchkanum to the Seattle, Lake Shore & Eastern Railway Company, (2) the Rays were the successors in interest from Hilchkanum to property interests not conveyed to the Railway Company in 1887, (3) the railroad tracks as constructed through the Ray's parcel are not within the area described by the distance call stated in the Hilchkanum deed, and (4) the railroad tracks had not been relocated since the time of original construction.

b.      Declaration of Gerald Ray, dated July 27, 2001.  This declaration provided three photographs of the Ray property.  One photo shows a train passing through the Rays' back yard and the other two show the trail and yard after the tracks were removed.

c.      Declaration of Roger Hayden, dated July 25, 2001.  This declaration by Roger Hayden, Senior Title Examiner for First American Title, provided an opinion regarding whether the Hilchkanum deed conveyed a mere easement for railroad purposes or fee simple title.  To the extent this evidence was a legal conclusion, it was ruled inadmissible by the trial court.

d.      First American Title, Litigation Guarantee, March 8, 2000 (Hayden exhibit).

e.      Declaration of Albert Hebrank.  Mr. Hebrank is a Professional Land Surveyor and a Certified Instructor for Legal Descriptions by the International Right of Way Association.  He reviewed the language of the Hilchkanum deed and provided an opinion regarding whether the Hilchkanum deed conveyed a mere easement for railroad purposes or fee simple title.  To the extent this evidence was a legal conclusion, it was ruled inadmissible by the trial court.

f.      Declaration of Stephen Graddon.  Mr. Graddon is a historic ownership and title consultant researcher.  Mr. Graddon provided an opinion regarding whether the Hilchkanum deed conveyed a mere easement for railroad purposes or fee simple title.  His opinion was set forth in his declaration and accompanying report entitled "Ownership Research Report."  To the extent this evidence was a legal conclusion, it was ruled inadmissible by the trial court.

Mr. Graddon's declaration also provided an opinion that the deed language was the product of the railroad company and that Hilchkanum did not draft the deed language.

Mr. Graddon also provided a Supplement report addressing the location of the as-built tracks as compared to the location described in the Hilchkanum deed.

g.      Excerpt of deposition of Neil Degoojer.  Mr. DeGoojer was a King County employee and witness.  The excerpt involved a line of questioning regarding Mr. DeGoojer's interpretation of the Hilchkanum deed.

h.      Commitment for Title Insurance to King County.  This was an exhibit to the deposition of Mr. DeGoojer.

        i.        King County Owner' s Policy of Insurance.  This was also an exhibit to the deposition of Mr. DeGoojer.

        j.        Letter dated April 2, 2001, to King County Prosecuting Attorney from Mr. Mike Foley, Professional Land Surveyor, King County Department of Transportation, Senior Engineer explaining that the centerline of the as-built tracks through the Ray property does not match the description in the Hilchkanum deed.

        k.        Memorandum dated May 1, 2001, to King County Prosecuting Attorney from Mr. Mike Foley explaining that further examination still supports the possibility that as described in the Hilchkanum deed, the centerline of the tracks at the Ray property should be in the lake.

        l.        Copy of pages 9 and 12 from King County' s Amended Brief filed in *King County v. Squire Investment Company*.

        m.        Second Declaration of Alfred Hebrank.  Mr. Hebrank provided an opinion regarding use of the term "right of way" in subsequent deeds by Bill Hilchkanum.  To the extent this evidence was a legal conclusion, it was ruled inadmissible by the trial court.

        n.        Declaration of Neil DeGoojer.  This declaration was submitted by King County and included Mr. DeGoojer' s opinion that King County was the successor to whatever interest was conveyed by Hilchkanum to the Seattle Lake Shore and Eastern Railroad. Burlington Northern conveyed the interest to King County by quit claim deed.

        o.        Copy of Petition for Exemption, Surface Transportation Board, Docket AB 508X (regarding the subject rail line and request to invoke the National Trail System Act).

p.      Deed, George Simpson to Chicago, Milwaukee & St. Paul Railway Company, May 18, 1907.

q.      Declaration of Mr. Mike Foley.  Mr. Foley is a Professional Land Surveyor and King County employee who provided an opinion regarding the Hilchkanum deed description of the location of the centerline of the tracks.

r.      Sheet 11 of map No. 311-99, survey of East Lake Sammamish corridor.

s.      Three drawings by Mike Foley depicting Ray property and location of Hilchkanum centerline per legal description, as compared to as-built centerline location.

5.      The following documents from the summary judgment proceedings in *Ray v. King County* are documents **INCLUDED** in the record in *Beres et al. v. United States*.

a.      Seattle Post-Intelligencer article dated December 25, 1886 (JA 133).

b.      Seattle Post-Intelligencer article dated July 3, 1887 (JA 126).

c.      Hilchkanum Right of Way Deed dated May 6, 1887 (JA 21).

d.      Hilchkanum homestead documents (JA 20, Bates nos. 20194-95; 20197-99; 20204-07; 20209; 20217-19.

e.      Hilchkanum patent (JA 22).

f.      Alfred Palmberg homestead documents (JA 182, Bates nos. 26150; 26156).

g.      George Davis homestead documents (JA 98, Bates nos. 23614-15, 23618).

h.      Right of Way Deed of Thomas Burke (JA 153).

i.      Right of Way deed of Alfred Palmberg (hand-copied version) (JA 143).

       j.         Right of Way Deed of George Davis (pre-printed version) (JA 76, Bates no. 20960).

       k.         Black's Law Dictionary, 1891 (defining "right of way") (JA 180).

       l.         Deed, Bill Hilchkanum to Julia Curley, December 15, 1890 (JA 31).

       m.        Deed, Bill Hilchkanum to Annie Hilchkanum, Dec.16, 1898 (JA 23).

       n.         Deed, Annie Hilchkanum to Bill Hilchkanum, Aug. 25, 1899 (Bates 20234).

       o.         Deed, Bill Hilchkanum to John Herder, June 30, 1905 (JA 24).

       p.         Deed, Bill Hilchkanum to Chris Nelson, February 27, 1904 (JA 78).

       q.         Deed, Klemens to Ray, Dec. 30, 1994 (JA 26).

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and was executed by me this 4th day of January, 2007 at Bellevue, Washington.

By:       *s/ John M. Groen*
            John M. Groen
            Attorneys for Plaintiffs

            GROEN STEPHENS & KLINGE LLP
            11100 NE 8th Street, Suite 750
            Bellevue, WA 98004
            Telephone (425) 453-6206
            Fax (425) 453-6224

CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:


Bruce K. Trauben
Bruce.Trauben@usdoj.gov


Cecilia Fex
fex@ackersonlaw.com


Dated:  January 4, 2007.

By:	        s/ *John M. Groen*        
John M. Groen
**Attorneys for Plaintiffs**

GROEN STEPHENS & KLINGE LLP
11100 NE 8th Street, Suite 750
Bellevue, WA 98004
Telephone (425) 453-6206
Fax (425) 453-6224
groen@GSKlegal.pro

2