## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| WARREN BERES, et al., | ) No. 03-785L, as Related to SCHROEDER |
| | ) (No. 04-1456L), RAY (No. 04-1457L), |
| Plaintiffs, | ) KLEIN (No. 04-1458L), PETERSON (No. |
| | ) 04-1459L), SPENCER (No. 04-1463L), |
| v. | ) NELSON (No. 04-1465L), MANNING (No. |
| | ) 04-1466L), LANE (No. 04-1468L), and |
| THE UNITED STATES OF AMERICA, | ) COLLINS (No. 04-1472L). |
| | ) |
| Defendant. | ) Hon. Marian Blank Horn |
| | ) |
| | ) |

## DEFENDANT'S REPLY BRIEF ON COLLATERAL ESTOPPEL

MATTHEW J. McKEOWN
Acting Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

BRUCE K. TRAUBEN
Trial Attorney
Natural Resources Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 663
Washington, D.C.  20004-0663
Tel.: (202) 305-0238
Fax: (202) 305-0267
Attorney for Defendant

Of Counsel:

Kelle S. Acock
Natural Resources Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 663
Washington, D.C. 20004-0663

Dated:  March 2, 2007

## TABLE OF CONTENTS

I.     INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    A.    The Rays Are Collaterally Estopped from Relitigating the
          Hilchkanum Deed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

          1.    Plaintiffs' Substantive Injustice Argument Is Not Based
                 Upon Washington Law and Is Without Merit . . . . . . . . . . . . . . . . . . . . . . 4

          2.    Plaintiffs' Procedural Injustice Argument Is Based Upon
                 Irrelevant Facts that Had No Bearing on the Court of
                 Appeals' Decision in <u>Ray</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    B.    The Co-Plaintiffs Are Either in Privity with the Rays, or Were
          Virtually Represented by the Rays, with Respect to the
          Hilchkanum Deed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

          1.    The Plaintiffs Disregard the Pertinent Component of
                 Privity-the Rays' and Co-Plaintiffs' Relationship to
                 the Hilchkanum Deed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

          2.    At Least Fourteen Co-Plaintiffs Were Virtually Represented
                 by the Rays in the Prior Litigation and Should be
                 Collaterally Estopped . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

III.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

# TABLE OF AUTHORITIES

**CASES**

Barlindal v. City of Bonney Lake,
    84 Wash. App. 135 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Boeing v. Aeronautical Indus. Dist. Lodge,
    91 F.Supp. 596 (W.D. Wash. 1950) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Brown v. State,
    130 Wash.2d 430 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-9

DiGenova v. State Bd. of Educ.,
    57 Cal.2d 167 (1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Franklin v. Klundt,
    50 Wash. App. 10 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

Garcia v. Wilson,
    63 Wash. App. 516 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14,  15

Hanson v. City of Snohomish,
    121 Wash.2d 552 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

Hanson Industries, Inc. v. County of Spokane,
    114 Wash. App. 523 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Harris v. Ski Park Farms, Inc.,
    120 Wash.2d 727 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Heriot v. Lewis,
    35 Wash. App. 496 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Hill v. Cox,
    110 Wash. App. 394 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

In re Marriage of Murphy,
    90 Wash. App. 488 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Kershaw Sunnyside Ranches, Inc. v. Yakima Interurban Lines Ass'n,
    156 Wash.2d 253 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-9, 11

King County v. Rasmussen,
    299 F.3d 1077 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Kinsey v. Duteau,
    126 Wash. 330 (1923) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Morsbach v. Thurston County,
    152 Wash. 562 (1929) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Munoz v. County of Imperial,
    667 F.2d 811 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Old Windmill Ranch v. Smotherman,
    69 Wash.2d 383 (1966) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Ray v. King County,
    120 Wash. App. 564 (Wash. Ct. App.), review denied,
    152 Wash.2d 1027 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

Reynolds v. Hicks,
    134 Wash.2d 491 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Roeder Co. v. Burlington Northern,
    105 Wash.2d 567 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

State v. Frederick,
    100 Wash.2d 550 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

Swan v. O'Leary,
    37 Wash.2d 533 (1950) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Thompson v. State Department of Licensing,
    138 Wash.2d 783 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-7

United States v. Deaconess Medical Center Empire Health Service,
    140 Wash.2d 104 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

United States v. ITT Rayonier, Inc.,
    627 F.2d 996 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Veach v. Culp,
    92 Wash.2d 570 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**STATUTES**

28 U.S.C. § 1738 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 12, 16

**OTHER AUTHORITIES**

Simon Greenleaf, A TREATISE ON THE LAW OF EVIDENCE
(Little, Brown and Co. 1899) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

14A Washington Practice Series, Civ. Proc. § 35.36 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **WARREN BERES, et al.,** | ) | |
| | ) | **No. 03-785L, as Related to SCHROEDER** |
| | ) | **(No. 04-1456L), RAY (No. 04-1457L),** |
| **Plaintiffs,** | ) | **KLEIN (No. 04-1458L), PETERSON (No.** |
| | ) | **04-1459L), SPENCER (No. 04-1463L),** |
| **v.** | ) | **NELSON (No. 04-1465L), MANNING** |
| | ) | **(No. 04-1466L), LANE (No. 04-1468L),** |
| **UNITED STATES,** | ) | **and COLLINS (No. 04-1472L).** |
| | ) | |
| **Defendant.** | ) | **Hon. Marian Blank Horn** |
| | ) | |

**DEFENDANT'S REPLY BRIEF ON COLLATERAL ESTOPPEL**

Defendant, the United States, hereby submits its reply to the Plaintiffs' Supplemental Brief on Collateral Estoppel ("Pls.' Suppl. Br.").

**I.     INTRODUCTION**

In its motion for summary judgment filed October 26, 2006 (Dkt. No. 76), the United States argues that the Plaintiffs in Ray, No. 04-1457L, are collaterally estopped from relitigating whether the Hilchkanum deed conveyed fee title to the railroad as previously determined in Ray v. King County, 120 Wash. App. 564, 568 (Wash. Ct. App.), review denied, 152 Wash.2d 1027 (2004) (Table). During oral argument on the parties' cross-motions relating to the deeds at issue, the Court requested that the parties submit supplemental briefs regarding whether collateral estoppel should be applied against the Rays and their co-plaintiffs, among other issues. See Nov. 13, 2006 Tr. at 39-40. The United States filed its (revised) opening supplemental brief on January 19, 2007 (Dkt. No. 94).[1/] The Plaintiffs filed their response on February 17, 2007 (Dkt. No. 96). In this brief, the United States replies to the Plaintiffs' February 17, 2007 response.

---

[1/] See Defendant's Supplemental Brief on Collateral Estoppel, the Rooker-Feldman Doctrine, and Related Issues (hereinafter, "Def.'s Suppl. Br.").

There is no dispute that it has been conclusively determined that Bill and Mary Hilchkanum conveyed fee simple title to the Seattle, Lake Shore & Eastern Railway Company ("SLS&E") by a deed dated May 9, 1887.  See Ray v. King County, 120 Wash. App. at 568. Although Plaintiffs do not dispute that this Court does not have jurisdiction to review that decision, they nevertheless collaterally attack Ray v. King County and ask this Court to now disregard it and hold that the same Hilchkanum deed conveyed only an easement to the railroad. As the United States shows in its opening supplemental brief, under 28 U.S.C. § 1738, this Court cannot ignore Ray v. King County and must give it preclusive effect.  See Def.'s Suppl. Br. at 3-6.  The question of whether the Hilchkanum deed conveyed fee title or an easement was fully, fairly and vigorously litigated in the prior litigation. There can be no genuine dispute that all of the elements for applying collateral estoppel are met with respect to the Rays, as the United States demonstrated in its opening supplemental brief.  See Def.'s Suppl. Br. at 7-13.  The Plaintiffs vainly argue that it would be unjust to collaterally estop the Rays from relitigating the Hilchkanum deed.  But, as the United States shows below, their substantive and procedural injustice arguments are wholly without merit.  The Rays, therefore, should be barred from relitigating the interest conveyed by the Hilchkanum deed.

Moreover, the United States shows in its opening brief that the co-plaintiffs also are barred by collateral estoppel from relitigating whether the Hilchkanum deed conveyed fee simple title to the railroad.  See Def.'s Suppl. Br. at 13-24.  Plaintiffs do not dispute that all of the co-plaintiffs are successors in title to the Hilchkanums and, like the Rays, stand in the Hilchkanums' shoes with respect to the deed at issue.  The co-plaintiffs, therefore, are in privity with the Rays with the respect the Hilchkanum deed, and also should be collaterally estopped.  The Plaintiffs'

privity argument improperly ignores the alternative grounds upon which courts, applying

Washington law, have found privity to exist, as discussed below.  Finally, even if privity does not

exist as to the co-plaintiffs, collateral estoppel nonetheless applies under the virtual

representation doctrine.  Plaintiffs' reliance upon law from other jurisdictions is misplaced.

## II.    ARGUMENT

### A.  The Rays Are Collaterally Estopped from Relitigating the Hilchkanum Deed

The Plaintiffs do not dispute that the United States demonstrated that the first three

factors for applying collateral estoppel against the Rays are met in this case, specifically: (1) that

the prior litigation involved the same issue; (2) that the prior litigation resulted in a final

adjudication on the merits;  and (3) that the Rays were parties in the prior litigation.  Rather, the

Plaintiffs argue that the Rays should not be collaterally estopped because it would result in an

injustice – both substantively and procedurally.  See Pls.' Suppl. Br. at 4-16.  Neither argument

has merit, as discussed below.  The Rays, therefore, failed to meet their burden of showing that

an injustice would result if collaterally estopped from relitigating the Hilchkanum deed.[2]

---

[2] The Rays erroneously argue that the United States bears the burden of proving a negative – that application of collateral estoppel would not result in an injustice.  Tellingly, Plaintiffs quote only part of the pertinent text in 14A Washington Practice Series, Civil Procedure § 35.36 (Pls.' Suppl. Br. at 4), and they omit the following:

> . . . a **party sought to be estopped** may be able to avoid the
> doctrine, even if all the other requirements are satisfied, by
> **persuading the court** that to apply the doctrine would be unjust on
> the facts of the case.

14A Wash. Prac., Civil Proc. § 35.36 (emphasis added).  To avoid application of collateral estoppel, therefore, Plaintiffs must persuade this Court that it would be unjust.

1.  **Plaintiffs' Substantive Injustice Argument Is Not Based Upon Washington Law and Is Without Merit**

Plaintiffs rely upon Thompson v. State, Department of Licensing, 138 Wash.2d 783 (1999), to support their substantive injustice argument.  Thompson, however, supports the Government's position that this Court must apply collateral estoppel to preclude Plaintiffs from relitigating Ray v. King County, even if the Court disagrees with the holding in that decision.

In Thompson, the Washington Supreme Court was confronted with the issue of whether "an allegedly erroneous decision in a criminal proceeding, from which the State declined to appeal, has preclusive effect in a subsequent administrative action by a State agency against the same individual."  Thompson, 138 Wash.2d at 785.  Thompson, a commercial truck driver, was given a blood alcohol concentration (BAC) test by a Washington State Patrol trooper, after he was given two different informed consent warnings, including the specific warning for operators of commercial vehicles.  Id. at 785-86.  Based upon the results of the BAC test, the county prosecutor filed charges against Thompson in the county district court, charging him with driving a commercial vehicle with alcohol in his system.  Id. at 786.  The Department of Licensing (the "Department") also began proceedings to disqualify Thompson as a licensed operator of commercial vehicles.  Id. at 786-87.  In the district court proceedings, however, Thompson successfully moved to suppress the BAC test results on the ground that the informed consent warnings were confusing and misleading.  Id. at 787.  The criminal proceedings were subsequently dismissed, and the State did not appeal.  Id.

In the administrative proceedings before the Department, the hearing examiner rejected Thompson's argument that the State was collaterally estopped from introducing into evidence the BAC test results based upon the district court's ruling.  Id. at 788.  Unlike the district court, the

- 4 -

hearing examiner concluded that Thompson properly was given the warning for operators of commercial vehicles, although an additional warning was also given.  Id. at 788-89.  Consequently, based upon the BAC test results, the Department suspended Thompson's commercial operator's license for one year.  Id.

Thompson sought review in Superior Court and, after a trial de novo, the trial court agreed with the Department's determination to suspend Thompson's license.  Id. at 789.  Thompson appealed to the Court of Appeals arguing, inter alia, that the trial court wrongly failed to give preclusive effect to the district court's decision to suppress the BAC test results.  Id.  The Court of Appeals concluded that the district court erroneously suppressed the BAC test results and, therefore, collateral estoppel was not applicable.  Id. at 790.  Thompson sought review by the Washington Supreme Court, which reversed.  Id. at 790-800.

After concluding that the first three elements for applying collateral estoppel exist, the Washington Supreme Court turned its attention to the fourth element – whether applying collateral estoppel would result in an injustice – and found a dichotomy among prior decisions by Washington courts as to what may constitute an injustice.  Id. at 794-95.  Some courts, the Supreme Court noted, applied collateral estoppel only if the prior court applied the correct law.  Id.  (citing State v. Frederick, 100 Wash.2d 550, 559 (1983) and Franklin v. Klundt, 50 Wash. App. 10, 14-15 (1987)).  Other Washington courts, the Washington Supreme Court observed, applied collateral estoppel even though the initial tribunal erred, and the parties did not correct the error through further legal proceedings.  Thompson, 138 Wash.2d at 795 (citing Hanson v. City of Snohomish, 121 Wash.2d 552 (1993); Kinsey v. Duteau, 126 Wash. 330 (1923); and Barlindal v. City of Bonney Lake, 84 Wash. App. 135 (1996)).  The Washington Supreme Court

concluded that "cases like <u>Hanson</u> and <u>Barlindal</u> more accurately reflect our rules on collateral estoppel than <u>Frederick</u> or <u>Franklin</u>." <u>Thompson</u>, 138 Wash.2d at 798.

In so concluding, the Washington Supreme Court rejected the State's argument that collateral estoppel should not be applied if the prior court erred on the law. <u>Id.</u> at 795. Adopting such a rule, the Washington Supreme Court noted, "would tend to eviscerate the collateral estoppel doctrine." <u>Id.</u> According to the Washington Supreme Court, "[j]udicial economy and the desirability of avoiding inconsistent results militate against a rule stating the meaning of injustice in the context of collateral estoppel means a substantively incorrect prior decision." <u>Id.</u> The <u>Thompson</u> court emphasized that Washington case law on the injustice element "is most firmly rooted in procedural unfairness." <u>Id.</u> The question is whether the "parties to the earlier proceeding received a full and fair hearing on the issue in question." <u>Id.</u> at 795-96 (<u>quoting</u> <u>In re Marriage of Murphy</u>, 90 Wash. App. 488, 498 (1998)) (internal quotation marks omitted). Even though the Washington Supreme Court agreed with the State that the district court may have incorrectly suppressed the BAC test results, that decision still must be given preclusive effect the <u>Thompson</u> court held. <u>Thompson</u>, 138 Wash.2d at 797-99. <u>Thompson</u>, therefore, fully supports the Government's contention that under Washington law, <u>Ray v. King County</u> must be given preclusive effect, barring the Rays from relitigating the Hilchkanum deed, regardless of whether this Court agrees with the result.

The Rays would rather this Court ignore the plain holding of <u>Thompson</u> and focus instead on pure dicta that is not even based upon Washington law. Plaintiffs quote <u>Thompson</u> for the proposition that a substantive analysis of the injustice element for applying collateral estoppel is appropriate where "the law applicable at the time of the first hearing was not well-explained and

required subsequent exposition." See Pls.' Supp. Br. at 6; see also Thompson, 138 Wash.2d at 799. Plaintiffs, however, fail to cite even one decision where it was held unjust to apply collateral estoppel because the applicable law at the time of the prior hearing "was not well-explained and required subsequent exposition."

Indeed, the Thompson Court's dicta originates under California law involving the law of the case doctrine rather than collateral estoppel. Thompson, 138 Wash.2d at 795 n.7 (citing DiGenova v. State Bd. of Educ., 57 Cal.2d 167 (1962)).[3] The Plaintiffs, therefore, erroneously rely upon mere dicta in Thompson that is not grounded in either Washington law nor collateral estoppel. Accordingly, their substantive injustice argument should be rejected out of hand.

Morever, Plaintiffs' substantive injustice argument does not withstand scrutiny. Plaintiffs' argument is based upon the false premises that Washington law regarding the interpretation of railroad deeds was unclear when Ray v. King County was decided, and then was subsequently clarified when the Washington Supreme Court decided Kershaw Sunnyside Ranches, Inc. v. Yakima Interurban Lines Ass'n, 156 Wash.2d 253 (2006). Neither premise is correct.

When denying this Court's request for clarification on Certification, the Washington Supreme Court made clear that "the questions posed by the federal court are not 'question[s] of state law . . . which [have] not been clearly determined.'" See Schroeder v. United States, CFC No. 04-1456L, Dkt. No. 31 (Order, Wash. Sup. Ct. (Oct. 7, 2005) (citing Brown v. State, 130 Wash.2d 430 (1996); and Ray v. King County, 120 Wash. App. 564, review denied, 152

---

[3] In DiGenova, the California Supreme Court held that the law of the case doctrine did not preclude consideration of an issue that was not raised in a prior appeal. DiGenova, 57 Cal.2d at 178-79.

Wash.2d 1027 (2004))).  Thus, <u>Brown v. State</u> clarified Washington law for interpreting deeds of

conveyance to railroads, and subsequent decisions, such as <u>Ray v. King County</u>, applied the

factors laid out in <u>Brown</u> to the particular deed at issue.  <u>See</u> <u>Brown</u>, 130 Wash.2d at 436-38

(noting the disarray among decisions concerning railroad deeds and setting out factors to be

considered when interpreting such deeds); <u>see also</u> <u>Ray</u>, 120 Wash. App. at 574-590 (applying

the <u>Brown</u> factors and concluding that the deed by Bill Hilchkanum and his wife to the railroad

conveyed fee simple title); <u>Hanson Industries, Inc. v. County of Spokane</u>, 114 Wash. App. 523,

531-36 (2002) (applying the <u>Brown</u> factors and determining that the particular deed at issue

conveyed an easement to the railroad); <u>Kershaw</u>, 156 Wash.2d at 264-72 (applying the <u>Brown</u>

factors and concluding that the deed at issue conveyed an easement as it would presume based

upon the limiting language found in the deed indicating that the land conveyed was "**to be used**

**by [the railroad] as a right of way for a railway**") (emphasis added).[4]  That these courts reached

different results regarding whether the deed at issue conveyed a fee interest or an easement is due

to the distinguishable language of the deeds.  <u>See</u> <u>Hanson Indus.</u>, 114 Wash. App. at 534

(distinguishing the deed before it from the deed at issue in <u>King County v. Rasmussen</u>, 299 F.3d

1077, 1087 (9th Cir. 2002) (holding that the same Hilchkanum deed at issue in this case

conveyed fee simple title to the railroad)); <u>Kershaw</u>, 156 Wash.2d at 270 n.11 (distinguishing the

language of the deed at issue from the Hilchkanum deed at issue in <u>Ray</u>).[5]  Thus, by the time <u>Ray</u>

---

[4] When quoting the language of the deed at issue in <u>Kershaw</u>, Plaintiffs omit the critical bolded
language, which makes clear that the deed in <u>Kershaw</u> specifies the purpose for which the right
of way was to be used – language not found in the Hilchkanum deed at issue, here.  <u>See</u> Pls.'
Suppl. Br. at 11.

[5] Significantly, the <u>Kershaw</u> court cites <u>Ray</u>, 120 Wash. App. at 572, which contains all of the
pertinent deed language, including the first instance that the words "right of way" are used in the

was decided in 2004, <u>Brown</u> had long made clear the law in Washington on interpreting railroad deeds.  Plaintiffs' substantive injustice argument, therefore, is based upon the incorrect premise that Washington law was unclear when <u>Ray</u> was decided.

Moreover, contrary to the Plaintiffs' contention, <u>Kershaw</u> did not clarify or modify Washington law on construing railroad deeds.  The Washington Supreme Court in <u>Kershaw</u> expressly "maintain[ed] <u>Brown</u>'s instruction that reviewing courts perform a thorough examination of railroad deeds based on <u>Brown</u>'s enumerated factors." <u>Kershaw</u>, 156 Wash.2d at 270.  The <u>Kershaw</u> court further recognized that <u>Brown</u> did not overrule, but incorporated the prior decisions holding that "language establishing that a conveyance is for right of way purposes presumptively conveys an easement and thus provides the 'additional language' which 'expressly limits or qualifies the interest conveyed.'" <u>Id.</u> (quoting <u>Brown</u>, 130 Wash.2d at 437); <u>see also</u> <u>Brown</u>, 130 Wash.2d at 439 (recognizing prior decisions wherein it was held that the deed at issue granted an easement "based on the specifically declared purpose that the grant was a right of way was for railroad purposes") (<u>citing</u>, <u>inter</u> <u>alia</u>, <u>Roeder Co. v. Burlington Northern, Inc.</u>, 105 Wash.2d 567, 574 (1986); <u>Morsbach v. Thurston County</u>, 152 Wash. 562 (1929); <u>Swan v. O'Leary</u>, 37 Wash.2d 533, 534 (1950); <u>Veach v. Culp</u>, 92 Wash.2d 570, 572 (1979)).  <u>Kershaw</u> merely looks to <u>Brown</u> and the prior decisions that it incorporates.  <u>Kershaw</u>, 156 Wash.2d at 270-71.  Plaintiffs' substantive injustice argument, therefore, also is based upon the false premise that <u>Kershaw</u> somehow clarified Washington law on railroad deeds.

For these reasons, Plaintiffs' substantive injustice argument is not grounded in

---

deed, rendering moot Plaintiffs' contention that the Washington Supreme Court ignored pertinent language in the Hilchkanum deed.

Washington law, lacks all merit, and should not be given any weight.

### 2. Plaintiffs' Procedural Injustice Argument Is Based Upon Irrelevant Facts that Had No Bearing on the Court of Appeals' Decision in <u>Ray</u>

Similarly, Plaintiffs' procedural injustice argument misstates Washington law, raises irrelevant issues, and completely lacks merit. The Rays have had more than their day in court and they are not entitled to another.

First, Plaintiffs argue that the appellate court somehow engaged in "procedural irregularity" by making findings of fact (Pls.' Suppl. Br. at 14). However, the cases relied upon by Plaintiffs, <u>Old Windmill Ranch</u> and <u>Heriot</u>, were both on appeal from judgment entered after trial, rather than upon summary judgment as was <u>Ray v. King County</u>. <u>See Old Windmill Ranch v. Smotherman</u>, 69 Wash.2d 383, 384 (1966) (judgment rendered by trial court sitting without a jury based on findings of fact and conclusions of law entered after trial); <u>Heriot v. Lewis</u>, 35 Wash. App. 496, 502-504 (1983) (quoting verbatim and at length trial testimony of plaintiff, Mr. Heriot); <u>see also</u> <u>Ray v. King County</u>, 120 Wash. App. at 568 (affirming summary judgment quieting title in King County). In contrast, when reviewing a trial court's decision on summary judgment, an appellate court reviews the lower court's decision <u>de</u> <u>novo</u> and, under Washington law, the trial court's findings of fact are superfluous. <u>See</u> <u>Hill v. Cox</u>, 110 Wash. App. 394, 402-03 (2002) ("Of course, findings [of fact] are 'superfluous' in summary judgment orders given the <u>de</u> <u>novo</u> nature of review and 'will not be considered' on review.") (citation omitted); <u>see also</u> <u>Reynolds v. Hicks</u>, 134 Wash.2d 491, 495 (1998) ("When reviewing a summary judgment order, an appellate court engages in the same inquiry as the trial court.") (citations omitted). Accordingly, the Washington Court of Appeals committed no "procedural irregularity" by making findings of fact in <u>Ray</u>.

Moreover, the factual findings that the Plaintiffs complain of are irrelevant – they had absolutely no bearing upon the Court of Appeals' decision in Ray.  Plaintiffs complain that the Court of Appeals concluded that the Hilchkanum deed is in the handwriting of B.J. Tallman, the notary who acknowledged the signatures of the Hilchkanums.  Pls.' Suppl. Br. at 13.  Plaintiffs then argue that, based on this allegedly erroneous finding of fact, the majority of the court in Ray then "appl[ied] against the Rays the Washington law recognizing that ambiguities in a deed are construed against the party who drafted the deed."  Pls.' Suppl. Br. at 14.  This statement is wrong on all counts.

The Ray court simply did not find the deed to be ambiguous – nowhere in its opinion does it state that the Hilchkanum deed is ambiguous.  The Ray court, therefore, plainly did not need to resort to any rule of construction.  And, if it had, it would not have construed the deed against the party who drafted it, but against the grantors: "to the extent we were to engage in applying a rule of construction to any perceived ambiguities in the language of the Hilchkanum deed, we would construe the deed against the Hilchkanums, the grantors."  Ray v. King County, 120 Wash. App. at 586-87; see also Kershaw, 156 Wash.2d at 272 (ambiguities in a deed are resolved against the grantor); Harris v. Ski Park Farms, Inc., 120 Wash.2d 727, 745 (1993) ("ambiguity in a deed is resolved against the grantor").  The Plaintiffs disingenuously argue that the fairness of the prior litigation was undermined by a finding that B.J. Tallman wrote the Hilchkanum deed; however, which party drafted the deed was of absolutely no consequence in the Ray court's decision.

The Plaintiffs argue that, if collateral estoppel were applied against the Rays and they were dismissed from this litigation, "the effect of the Washington Court of Appeals' decision

will be legalized theft." Pls.' Suppl. Br. at 15.  But it is now settled under Washington law that

the Hilchkanum deed conveyed the fee simple interest in the right of way to the railroad.[6/]  This

Court can neither disregard nor overturn <u>Ray v. King County</u>. Title to the right of way abutting

the Rays' land has been quieted in King County, and the Rays do not own a property interest in

the right of way.  There can be no theft if the Rays do not own the right of way abutting their

land.  The Rays, therefore, rightfully should be collaterally estopped from relitigating the effect

of the Hilchkanum deed.  Otherwise, the United States would be required to continue to defend

itself against the Rays' takings claim in this action despite the fact that they do not own a

property interest in the right of way.

The Rays fully, fairly and vigorously litigated the Hilchkanum deed in the Washington

state courts.  <u>See</u> Def.'s Suppl. Br. at 11-13.  Plaintiffs do not dispute that the Full Faith and

Credit Act, 28 U.S.C. § 1738, requires this Court to give the same preclusive effect to <u>Ray v.</u>

<u>King County</u> as would a court in Washington state.  Plaintiffs have failed to show that a court in

Washington would not give preclusive effect to that decision.  Accordingly, this Court must

collaterally estop the Rays from relitigating whether the Hilchkanum deed conveyed fee simple

title to the railroad.

---

[6/]  That the language in the Hilchkanum deed is essentially identical to that found in the
Palmberg, Sbedzue, Davis, Tahalthkut and Yonderpump deeds at issue in this case shows that
they too conveyed fee simple interest in the right of way to the railroad.

**B. The Co-Plaintiffs Are Either in Privity with the Rays, or Were Virtually
Represented by the Rays, with Respect to the Hilchkanum Deed**

**1.   The Plaintiffs Disregard the Pertinent Component of Privity–the Rays'
and Co-Plaintiffs' Relationship to the Hilchkanum Deed**

As the United States made clear in its opening brief on collateral estoppel, all of the co-plaintiffs in <u>Ray v. United States</u> are in privity with the Rays, because they all stand in the same shoes with the Hilchkanums.  <u>See</u> Def.'s Suppl. Br. at 16-17.  The co-plaintiffs and the Rays, therefore, have a mutual, identical interest with respect to the May 9, 1887 Hilchkanum deed conveying the right of way to the railroad.  Plaintiffs improperly disregard this independent basis for privity, and focus instead on alternative grounds upon which courts have found privity.

It cannot be over-stated: With respect to the title to the right of way, the Rays and co-plaintiffs have an identical interest in the same property rights derived from the Hilchkanums and, therefore, are in privity with each other.

> [T]he term 'privity' denotes **mutual** or successive **relationship to
> the same rights of property**.  The ground, therefore, upon which
> persons standing in this relation to the litigating party are bound by
> the proceedings to which he was a party, is that **they are identified
> with him in interest**; and, wherever this identity is found to exist,
> all are alike concluded.

<u>Douthitt v. MacCulsky</u>, 11 Wash. 601, 609-10 (1895) (<u>quoting</u> Greenleaf, 1 Law of Evidence § 522-23) (internal quotation marks omitted) (emphasis added).  Significantly, privity is defined in the alternative, and is not limited to successors in interest to the same parcel of property, but includes those who have an identity of interest with a party.  Given that the co-plaintiffs and the Rays all stand in the same shoes with the Hilchkanums, they all have an identical interest with respect to the Hilchkanum deed and, therefore, are in privity.  Again, Plaintiffs ignore this

alternative ground for privity.  See, e.g., Pls.' Suppl. Br. at 17-18.[7]

Privity, under Washington law, goes beyond linear successors in interest to the same parcel, as Plaintiffs suggest, but casts a wider net to encompass those with substantially the same relationship "to the subject matter of the litigation."  United States v. Deaconess Medical Center Empire Health Service, 140 Wash.2d 104, 111 (2000); see also Pls.' Suppl. Br. at 18.  Plaintiffs contend that the subject matter of Ray v. King County was the ownership of the Rays' particular parcel.  Pls.' Suppl. Br. at 20.  But, like their co-plaintiffs, the Rays' ownership interest directly hinged upon the Hilchkanum deed, which plainly was the focus of the litigation in Ray v. King County. Because of their identical interest in the Hilchkanum deed, the co-plaintiffs are in privity with the Rays and should also be collaterally estopped from litigating the interest conveyed by that deed.

### 2.  At Least Fourteen Co-Plaintiffs Were Virtually Represented by the Rays in the Prior Litigation and Should be Collaterally Estopped

Alternatively, even if this Court concludes that the co-plaintiffs are not in privity with the Rays, under Washington law, collateral estoppel may still be applied pursuant to the virtual representation doctrine.  See Garcia v. Wilson, 63 Wash. App. 516, 520 (1991).  Plaintiffs argue that the virtual representation doctrine should not be applied in this case because the co-plaintiffs did not participate as witnesses in Ray v. King County.  See Pls.' Suppl. Br. at 21-22.  But Garcia makes clear that participation as a witness is but one example of how a nonparty may participate in an action to be collaterally estopped in a subsequent proceeding under the virtual

---

[7] For example, Plaintiffs selectively quote some, but not all, of the grounds supporting privity identified by the Ninth Circuit in ITT Rayonier, where privity was found between the DOE and EPA because of their identical interest in enforcing defendant's permit.  United States v. ITT Rayonier, Inc., 627 F.2d 996, 1003 (9th Cir. 1980); see also Pls.' Suppl. Br. at 17.

representation doctrine.  See Garcia, 63 Wash. App. at 521 (primary factor "is whether the

nonparty **in some way** participated in the former adjudication, **for instance** as a witness")

(emphasis added).  The participation requirement eliminates any doubt that the nonparty to be

collaterally estopped was aware of the litigation and the issues presented.  As the Garcia court

noted, Garcia's participation as a witness in the prior litigation "indicat[es] that she was fully

aware of the character and issues of the first suit."  Id.  Here, as in Garcia, there can be no doubt

that the amici curiae were aware of the "character and issues of the first suit," satisfying the

participation requirement.  Plaintiffs cite no case applying Washington law holding to the

contrary.[8]

       Finally, while the United States identified numerous documents submitted in both

actions, Plaintiffs fail to identify one relevant document that is before this Court but was not

before the court in Ray v. King County.  See Pls.' Suppl. Br. at 22.  Rather, Plaintiffs ask this

Court to condone litigation by surprise by asking that they be permitted to "demonstrate in detail

[at oral argument] the substantial evidentiary difference between these two cases."  Id.  Plaintiffs

had an opportunity to identify in their supplemental brief relevant and material documents that

are available for review by this Court but were not before the court in Ray v. King County, but

they chose not to do so.

---

[8] Plaintiffs cite Munoz v. County of Imperial, 667 F.2d 811 (9th Cir. 1982), and Boeing v.
Aeronautical Indus. Dist. Lodge, 91 F.Supp. 596, 602 (W.D. Wash. 1950), for the proposition
that participation as amici curiae is insufficient to bind a nonparty to the result of a prior
proceeding, but neither case applies Washington law and both are distinguishable.  Munoz
applies California law and the nonparties did not share an identity of interests as the co-plaintiffs
do here.  Munoz 667 F.2d at 816; see also Def.'s Summ. J. Reply Br. (Beres Doc. 82) at 5-6.
Boeing applies federal law, did not involve the virtual representation doctrine, and the party to be
estopped did not have an identity of interest.  Boeing, 91 F.Supp. at 601-02.

Because the co-plaintiffs participated in the prior action, because the issue regarding the Hilchkanum deed was fully, fairly and vigorously litigated in <u>Ray v. King County</u>, and because the relevant documentary evidence is substantially the same, a sufficient number of factors exist to apply the virtual representation doctrine and collaterally estop the co-plaintiffs in <u>Ray</u>.

## III.   CONCLUSION

For the foregoing reasons, and for the reasons stated in Defendant's opening supplemental brief, the Plaintiffs should be collaterally estopped from relitigating the Hilchkanum deed, which was held to convey fee simple title to the railroad in <u>Ray v. King County</u>.  Under 28 U.S.C. § 1738, this Court must give that decision preclusive effect.

Respectfully submitted,

March 2, 2007                         MATTHEW J. McKEOWN
                                     Acting Assistant Attorney General
                                     Environment and Natural Resources Division
                                     U.S. Department of Justice

                                     /s/ Bruce K. Trauben
                                     _____
                                     Bruce K. Trauben
                                     Trial Attorney
                                     Natural Resources Section
                                     Environment and Natural Resources Division
                                     U.S. Department of Justice
                                     P.O. Box 663
                                     Washington, D.C.  20004-0663
                                     Tel.: (202) 305-0238
                                     Fax: (202) 305-0267
                                     Attorney for Defendant

Of Counsel:
Kelle S. Acock
Natural Resources Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 663
Washington D.C. 20004-0663