## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **WARREN BERES and VICKI BERES, <u>et al.</u>,** ) ) ) | |
| **Plaintiffs,** ) ) | Nos. 03-785L, 04-1456L, 04-1457L, 04-1458L, 04-1459L, 04-1463L, 04-1465L, |
| **v.** ) ) | 04-1466L, 04-1467L, 04-1468L, 04-1469L, 04-1471L, 04-1472L, 04-1473L, 04-1474L |
| **UNITED STATES,** ) ) | Hon. Marian Blank Horn |
| **Defendant.** ) ) ) | |

## <u>STATEMENT OF THE ISSUE AND STIPULATION OF FACTS</u>

Pursuant to the Court's Order filed April 26, 2011 (Dkt. No. 106), the parties, through their respective counsel, hereby submit their Statement of the Issue and Stipulation of Facts as follows[1]:

## STATEMENT OF THE ISSUE

The parties could not agree upon the phrasing of the Statement of the Issue.  Plaintiffs and Defendant separately state the issue as follows:

A.     Plaintiffs' Statement of the Issue:

Whether the scope of the original railway easements granted to, or acquired by the railroad, included future use as a public recreational trail?

B.     Defendant's Statement of the Issue:

Whether the scope of the original easements granted to, or acquired by, the railroad are

---

[1] The United States stipulates to the facts herein solely for the purposes of summary judgment motions on the issue of the scope of the easements granted to the railroad, subject to and without waiving its right to appeal from the decisions of the Court holding that the railroad acquired only an easement interest in the right-of-way at issue.

sufficiently broad to encompass railbanking and interim trail use?

## STIPULATION OF FACTS

1.      The right-of-way at issue was originally acquired and constructed by the Seattle, Lake Shore & Eastern Railway Co. (the "SLS&E") from May 1887 through March 1888.  See JA Ex. 205.[2/]

2.      The SLS&E went through receivership in 1889, and subsequently was purchased by the Seattle and International Railroad, which later was acquired by the Northern Pacific Railway Company.  The Burlington Northern Railroad was formed in 1970 through the merger of the Northern Pacific Railway, the Great Northern Railway, the Chicago, Burlington and Quincy Railroad, and the Spokane, Portland and Seattle Railway, among other relatively small wholly-owned subsidiaries.  Through this series of transactions, the Burlington Northern Railroad became the successor-in-interest to the SLS&E.

3.      The Court previously held that the SLS&E acquired an easement in the right-of-way obtained by the SLS&E pursuant to the General Railroad Right of Way Act of 1875, 18 Stat. 482, 43 U.S.C. §§ 934 et seq. (repealed 1976) (the "1875 Act"), and that the United States did not retain any reversionary interest in the right-of-way when it patented adjacent land to William H. Cowie in 1892.  See Beres v. United States, 64 Fed. Cl. 403, 427 (2005).  Subject to verification by professional mapping or like services, for the purposes of the forthcoming motions practice, the parties agree that at least some of the Plaintiffs in Beres (CFC No. 03-785L), Ritzen (CFC

---

[2/] To help avoid confusion, the volume and exhibit numbers used herein continue the numbering scheme used in the Parties' 2006 Joint Appendix filed in advance of briefing on deed interpretation.

No. 04-1469L), <u>Estate of Welch</u> (CFC No. 04-1471L), and/or <u>Waverly Hills Club</u> (CFC No. 04-1474L), are successors-in-interest to Mr. Cowie.

4.     The United States and the Plaintiffs in <u>Morel</u> (CFC No. 04-167L) and <u>Brown</u> (CFC No. 04-1473L), entered into a Stipulation filed December 13, 2006 (Dkt. No. 87) in which these parties agreed that the SLS&E acquired an easement by adverse possession/prescriptive easement in Government Lot 2, Section 7, Township 24 North, Range 6 East, W.M.  <u>See</u> Stipulation, ¶ 2 (filed Dec. 13, 2006) (Dkt. No. 87).  The <u>Morel</u> and <u>Brown</u> Plaintiffs and the United States also agreed that, after the SLS&E acquired an easement in the right-of-way by adverse possession/prescriptive easement, certain successors-in-interest to the patentee conveyed by deed an interest in sections of the right-of-way in Government Lot 2, Section 7, Township 24 North, Range 6 East, W.M.  <u>Id.</u>, ¶ 3.  The parties noted in their December 13, 2006 Stipulation that "[i]t remains to be determined which Plaintiffs are affected by such conveyances and, if so, how their interests are affected."  Nevertheless, based upon information currently available, it appears that at least some Plaintiffs in <u>Morel</u> and <u>Brown</u> are successors-in-interest to landowners who retained a fee interest in the right-of-way subject to, or burdened by, the railroad's easement acquired by adverse possession/prescriptive easement.  The Parties anticipate that the parcels affected by any subsequent conveyance will be identified through professional mapping, or similar service.

5.     In its April 7, 2011 Opinion (Dkt. No. 103), the Court held that the following deeds conveyed an easement to the SLS&E:

a.     The deed at issue in <u>Schroeder</u> (CFC No. 04-1456L) dated May 6, 1887, by Louis and Mary Tahalthkut; an agreed transcription and a copy of the King County records of

this deed are provided at JA Ex. 206;

       b.      The deed at issue in <u>Chamberlin</u> (CFC No. 04-1457L) dated May 9, 1887, by Bill and Mary Hilchkanum; an agreed transcription and a copy of the King County records of this deed are provided at JA Ex. 207;

       c.      The deed at issue in <u>Klein</u> (CFC No. 04-1458L) dated May 6, 1887, by George and Elizabeth Davis; an agreed transcription and a copy of the King County records of this deed are provided at JA Ex. 208;

       d.      The deed at issue in <u>Peterson</u> (CFC No. 04-1459L) and in <u>Lane</u> (CFC No. 04-1468L) dated May 6, 1887, by Bill and Lucinda Sbedzuse; an agreed transcription and a copy of the King County records of this deed are provided at JA Ex. 209;

       e.      The deed at issue in <u>Spencer</u> (CFC No. 04-1463L) dated May 6, 1887, by Jim and Alice Yonderpump; an agreed transcription and a copy of the King County records of this deed are provided at JA Ex. 210;

       f.      The deed at issue in <u>Nelson</u> (CFC No. 04-1465L) and <u>Collins</u> (No. 04-1472L) dated June 13,1887, by Alfred Palmberg; an agreed transcription and a copy of the King County records of this deed are provided at JA Ex. 211; and

       g.      The deed at issue in <u>Manning</u> (CFC No. 04-1466L) dated June 3, 1904, by J.D. and Elizabeth Reeves; an agreed transcription and a copy of the King County records of this deed are provided at JA Ex. 212.

       6.      On January 22, 1887, the Seattle Post Intelligencer reported that the Seattle City Council approved the dedication of Railroad Avenue to the use of the public and "such railroads as many now or hereafter enter the city."  <u>See</u> Jan. 22, 1887 Seattle Post Intelligencer, col. 1 (JA

Ex. 213).

7.     On February 8, 1887, the Seattle Post Intelligencer reported on a February 7, 1887 report by the Committee on Railroads and Transportation to the Chamber of Commerce of Seattle, including a report on a conference with Mr. Shaefe, General Superintendent of the SLS&E.  <u>See</u> Feb. 8, 1887 Seattle Post Intelligencer, col. 2 (JA Ex. 214).

8.     On May 10, 1887, the Seattle Post Intelligencer reported on real estate transactions involving the SLS&E.  <u>See</u> May 10, 1887 Seattle Post Intelligencer, col. 3 (JA Ex. 215).

9.     On May 13, 1887, the Seattle Post Intelligencer reported that the SLS&E is forging ahead with construction.  <u>See</u> May 13, 1887 Seattle Post Intelligencer, col. 2 (JA Ex. 216).

10.     On May 15, 1887, the Seattle Post Intelligencer reported on real estate transactions involving the SLS&E.  <u>See</u> May 15, 1887 Seattle Post Intelligencer, col. 3 (JA Ex. 217).

11.     On June 2, 1887, the Seattle Post Intelligencer reported on real estate transactions involving the SLS&E.  <u>See</u> June 2, 1887 Seattle Post Intelligencer, col. 2 (JA Ex. 218).

12.     On June 14, 1887, the Seattle Post Intelligencer reported on real estate transactions involving the SLS&E.  <u>See</u> June 14, 1887 Seattle Post Intelligencer, col. 3 (JA Ex. 219).

13.     On July 3, 1887, the Seattle Post Intelligencer reported on the construction progress made by the SLS&E and other railroads.  <u>See</u> July 3, 1887 Seattle Post Intelligencer, col. 2 (JA Ex. 220).

14.     A Westlaw copy of the brief filed by the United States in the *Great Northern Railway Co. v. United States*, 315 U.S. 262 (1942), arguing that the 1875 Act granted merely an easement to railroads for railroad purposes is attached as JA Ex. 221.

15.     In 1971, King County issued an Urban Trails Plan, which included the East Lake Sammamish Trail.  See 1971 Urban Trails Plan, King County, Washington (excerpt) (JA Ex. 222).

16.     On September 18, 1998, the Surface Transportation Board issued its Decision and Notice of Interim Trail Use or Abandonment ("NITU"), which was modified by a NITU issued by the STB on March 31, 2000.  See Sept. 18, 1998 NITU; and see March 31, 2000 NITU  (JA Ex. 223).

17.     On September 29, 1998, counsel for The Land Conservancy of Seattle and King County informed the STB that the parties had reached agreements railbanking the railroad corridor pursuant to the NITU issued on September 18, 1998.  See Sept. 29, 1998 Letter from Charles H. Montange to Hon. Vernon Williams, STB (JA Ex. 224).

18.     In July 2004, King County issued a document entitled, "Regional Trail Inventory and Implementation Guidelines," including the East Lake Sammamish Trail.  See 2004 Regional Trail Inventory and Implementation Guidelines, King County, Dept. of Natural Resources and Parks (excerpt) (JA Ex. 225).

## CONCLUSION

The parties reserve their right to amend this Stipulation and to supplement the Joint Appendix, jointly or individually, as deemed necessary.

-6-

Although this Stipulation shall be filed by the United States, it was prepared jointly by counsel for all parties and approved for filing.

Respectfully Submitted,

ACKERSON KAUFFMAN FEX, PC

/s/ CECILIA FEX
Cecilia Fex
Ackerson Kauffman Fex, P.C.
1701 K Street, NW, Suite 1050
Washington, D. C. 20006
Phone: (202) 833-8833
Fax:    (202) 833-8831

*Attorney of Record for the following consolidated Plaintiffs:*

*Brown, et al.*
*Collins, et al.*
*Estate of Pearl Welch, et al.*
*Waverly Hills Club, et al.*

GROEN STEPHENS & KINGE LLP

/s/  John M. Groen  (by bkt w/permission)
John M. Groen
Groen Stephens & Klinge LLP
11100 NE 8th Street, Suite 750B
Bellevue, WA 98004
Phone: (425) 453-6206

*Attorney of Record for the following Consolidated Plaintiffs:*

*Beres, et al.; Ritzen, et al.; Morel, et al.;*
*Klein, et al.; Chamberlin, et al.; Nelson, et al.;*
*Lane; Peterson, et al.; Schroeder, et al.;*
*Manning, et al.; and Spencer, et al.*

IGNACIA S. MORENO
Assistant Attorney General
Environment & Natural Resources Division

/s/ Bruce K. Trauben
Bruce K. Trauben
Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
U.S. Department of Justice
601 D Street, NW, Rm. 3126
Washington, D.C. 20004
Tel.: (202) 305-0238
Fax:  (202) 305-0506
e-mail: bruce.trauben@usdoj.gov

*Attorney of Record for Defendant, The United States of America*

Dated: May 17, 2011