JA Ex. 223

03-7852

29583
DO

SERVICE DATE - SEPTEMBER 18, 1998

SURFACE TRANSPORTATION BOARD

DECISION AND NOTICE OF INTERIM TRAIL USE OR ABANDONMENT

STB Docket No. AB-6 (Sub-No. 380X)

THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY
--ABANDONMENT EXEMPTION--IN KING COUNTY, WA

Decided: September 16, 1998

In a decision served May 13, 1998, the Board granted The Burlington Northern and Santa Fe Railway Company (BNSF) an exemption to abandon a 12.45-mile line of railroad between milepost 7.3, near Redmond, and milepost 19.75, at Issaquah, in King County, WA ( the Redmond-Issaquah Line), subject to labor protective and environmental conditions. Thereafter, in a decision served August 5, 1998, the Board rejected an offer of financial assistance filed by Redmond-Issaquah Railroad Preservation Association under 49 U.S.C. 10904 to continue service on the line.[1]

Also in the August 5 decision, the Board deferred action on requests by King County and The Land Conservancy of Seattle and King County (TLC) that the Board impose interim trail use/rail banking under 16 U.S.C. 1247(d). The Board noted that King County and TLC had submitted statements of willingness to assume financial responsibility for the right-of-way and acknowledged that use of the right-of-way is subject to possible future reconstruction and reactivation of the right-of-way for rail service, as required under 49 CFR 1152.29. The Board also found that the requests complied with the requirements for interim trail use/rail banking. However, the Board deferred action on the requests pending BNSF's notifying the Board as to whether the railroad was going to exercise its abandonment exemption authority and, if so, whether it was willing to negotiate for trail use.

By letter filed August 10, 1998, BNSF has notified the Board that it intends to act on its abandonment exemption authority. BNSF also joins in the requests that a notice of interim trail use (NITU) be issued in this proceeding.

The requests by King County and TLC comply with the requirements of section 1152.29, and BNSF is willing to negotiate for trail use. Therefore, a NITU will be issued. The parties may negotiate an agreement during the 180-day period prescribed below. If BNSF reaches a mutually acceptable final agreement or agreements with King County and/or TLC, no further Board action is necessary. If no agreement is reached within 180 days, BNSF may fully abandon the line. See 49 CFR 1152.29(d)(2). Use of the right-of-way for trail purposes is subject to restoration for railroad purposes.

---

[1] See pages 1-5 of the decision for a more detailed discussion of the history of this and related proceedings.

1550

STB Docket No. AB-6 (Sub-No. 380X)

This action will not significantly affect either the quality of the human environment or the conservation of energy resources.

It is ordered:

1. This proceeding is reopened.

2. Upon reconsideration, the decision served August 5, 1998, exempting BNSF's abandonment of the Redmond-Issaquah Line, is modified to the extent necessary to implement interim trail use/rail banking as set forth below for a period of 180 days from the service date of this decision and notice.

3. If an interim trail use/rail banking agreement is reached, it must require the trail user to assume, for the term of the agreement, full responsibility for management of, for any legal liability arising out of the transfer or use of (unless the user is immune from liability, in which case it need only indemnify the railroad against any potential liability), and for the payment of any and all taxes that may be levied or assessed against, the right-of-way.

4. Interim trail use/rail banking is subject to the future restoration of rail service and to the user's continuing to meet the financial obligations of the right-of-way.

5. If interim trail use is implemented, and subsequently the user intends to terminate trail use, it must send the Board a copy of this decision and notice and request that it be vacated on a specified date.

6. If an agreement for interim trail use/rail banking is reached by the 180th day after service of this decision and notice, interim trail use may be implemented. If no agreement is reached by that time, BNSF may fully abandon the line, provided that the labor protective and environmental conditions imposed in the August 5 decision are met.

7. This decision is effective on its service date.

By the Board, David M. Konschnik, Director, Office of Proceedings.

Vernon A. Williams
Secretary

1550 A

000111

```
30898                    SERVICE DATE - APRIL 5, 2000
DO
```

SURFACE TRANSPORTATION BOARD

DECISION AND NOTICE OF INTERIM TRAIL USE OR ABANDONMENT

STB Docket No. AB-6 (Sub-No. 380X)

THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY
--ABANDONMENT EXEMPTION--IN KING COUNTY, WA

Decided: March 31, 2000

In a decision served May 13, 1998,[1] the Board granted The Burlington Northern and Santa Fe Railway Company (BNSF) an exemption to abandon a 12.45-mile line of railroad between milepost 7.3, near Redmond, and milepost 19.75, at Issaquah, in King County, WA (the Redmond-Issaquah Line), subject to labor protective and environmental conditions.

On September 18, 1998, a decision and notice of interim trail use or abandonment (NITU) was served authorizing a 180-day period for The Land Conservancy of Seattle and King County (TLC) and King County (King County) to negotiate an agreement with BNSF to assume financial responsibility for and become interim trail manager for the right-of-way.[2]

On March 9, 2000, the City of Issaquah, WA (City) and TLC jointly filed a letter requesting the Board to vacate the existing NITU and issue an appropriate replacement NITU substituting the City in lieu of TLC as the interim trail manager for the southerly 1.55 miles of rail corridor between milepost 18.2 and milepost 19.75 (the Issaquah segment), pursuant to 49 CFR 1152.29(f).[3]

Petitioners have submitted a copy of the extant NITU and a statement of willingness to assume financial responsibility by the new trail manager. The parties have also requested that responsibility for the Issaquah segment be transferred to the City effective no later than April 7,

---

[1] The proceeding was handled on a consolidated record with The Land Conservancy of Seattle and King County--Acquisition and Operation Exemption--The Burlington Northern and Santa Fe Railway Company, STB Finance Docket No. 33389; and The Land Conservancy of Seattle and King County--Abandonment Exemption--In King County, WA, STB Docket No. AB-508X.

[2] According to petitioners' representative, TLC and King County reached agreements rail banking the rail corridor as follows: (1) from milepost 7.3 to approximately milepost 18.2, King County is the interim trail manager; and (2) from milepost 18.2 to the end of the line at milepost 19.75, TLC is the interim trail manager.

[3] King County will remain the interim trail manager for the northerly Redmond segment.

**1527**

STB Docket No. AB-6 (Sub-No. 380X)

2000.[4] By letter filed March 24, 2000, BNSF states that it does not object to substitution of the City as trail manager for the portion of the rail corridor between milepost 18.2 and milepost 19.75.

Petitioners' submission is in compliance with the requirements of section 1152.29(f). Therefore, this proceeding will be reopened and the requested relief will be granted.

This action will not significantly affect either the quality of the human environment or the conservation of energy resources.

It is ordered:

1. This proceeding is reopened.

2. The decision and notice of interim trail use or abandonment (NITU) served September 18, 1998, is vacated.

3. A replacement NITU designating the City as the new trail manager for the Issaquah segment (and with King County continuing as the trail manger for the Redmond segment) is issued, effective on the service date of this decision.

4. The new trail user is required to assume, for the term of the agreement, full responsibility for management of, for any legal liability arising out of the transfer or use of (unless the user is immune from liability, in which case it need only indemnify the railroad against any potential liability), and the payment of any and all taxes that may be levied or assessed against the right-of-way.

5. Interim trail use/rail banking is subject to the future restoration of rail service and to the new user continuing to meet the financial obligations for the right-of-way.

---

[4] Petitioners state that they have agreed that TLC will continue to act as the interim trail manager until such time as the City replaces TLC.

-2-

1528

000113

STB Docket No. AB-6 (Sub-No. 380X)

6. If the new trail user intends to terminate trail use, it must send the Board a copy of this decision and notice and request that trail use be vacated on a specified date.

7. This decision is effective on its service date.

By the Board, David M. Konschnik, Director, Office of Proceedings.

Vernon A. Williams
Secretary

-3-

1529

000114