IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| WARREN BERES, *et al.*, ) | **Nos. 03-785L, as Related to** |
| ) | **SCHROEDER (No. 04-1456L),** |
| Plaintiffs, ) | **CHAMBERLIN (No. 04-1457L), KLEIN** |
| v. ) | **(No. 04-1458L), PETERSON (No. 04-** |
| ) | **1459L), SPENCER (No. 04-1463L),** |
| THE UNITED STATES OF AMERICA, ) | **NELSON (No. 04-1465L), MANNING** |
| ) | **(No. 04-1466L), LANE (No. 04-1468L),** |
| Defendant. ) | **and COLLINS (No. 04-1472L).** |
| ) | |
| ) | |
| ) | Honorable Marian Blank Horn |
| ) | |
| ) | |

**PLAINTIFFS' REPLY ON CROSS-MOTIONS
FOR SUMMARY JUDGMENT**

Cecilia Fex
Ackerson Kauffman Fex, PC
1701 K Street, NW, Suite 1050
Washington, DC  20006
Telephone: (202) 833-8833
Facsimile: (202) 833-8831
Email: fex@ackersonlaw.com

*Attorney of Record for the following
Consolidated Plaintiffs:*

*Brown, et al.;
Collins, et al.;
Estate of Pearl Welch, et al.;
Waverly Hills Club, et al.*

John M. Groen
Groen Stephens & Klinge, LLP
11100 NE 8th Street, Suite 750
Bellevue, WA  98004
Telephone: (425) 453-6206
Facsimile: (425) 453-6224
Email: groen@gsklegal.pro

*Attorney of Record for the following
Consolidated Plaintiffs:*

*Beres, et al.; Ritzen, et al.;
Morel, et al.; Klein, et al.;
Chamberlin, et al.; Nelson, et al.;
Lane; Peterson, et al.; Schroeder, et al.
Manning, et al.; Spencer, et al.*

Dated:  July 29, 2011

At the close of oral argument on July 8, 2011, the Court invited the parties to submit reply briefs that avoid repeating what has already been covered either in the briefs or at argument. Plaintiffs have determined that nothing further needs to be submitted concerning the 1875 Act issues.

At oral argument, the Court also asked counsel whether any additional authorities may exist in Washington that may be helpful in analyzing the scope of the deed easements. Plaintiffs submit the following brief analysis regarding the deed cases and the prescriptive easement cases.

### 1.    *King County v. Squire Investment*

One case previously overlooked (but counsel embarrassingly admits should not have been missed) is *King County v. Squire Investment*, 59 Wash. App. 888, 801 P.2d 1022 (1991). In that case, the Interstate Commerce Commission had issued a Certificate of Abandonment permitting Burlington Northern to abandon railroad service over the right of way. Burlington Northern subsequently quit-claimed whatever interest it had to King County. 59 Wash. App. at 891, 801 P.2d at 1023. The County sought to use the right of way for its recreation trail. *Id*.

King County filed the lawsuit as a quiet title action. *Id*. In the event King County had not acquired fee title from Burlington Northern, the County included a cause of action to take the property by direct condemnation of the right of way. *Id*.

At issue was an 1887 deed by Watson and Ida Squire to the Seattle Lake Shore & Eastern Railway Company. Significantly, the operative terms of the granting clause are identical to the language of the deeds at issue here. The Squire deed states:

> In Consideration of the benefits and advantages to accrue to us from the location, construction and operation of the Seattle, Lake Shore and Eastern Railway, … we do hereby donate, grant and convey unto said Seattle Lake Shore and Eastern Railway a right-of-way …

59 Wash. App. at 890, 801 P.2d at 1023.

The trial court granted summary judgment to Squire Investments as the owner of the right of way. 59 Wash. App. at 891, 801 P.2d at 1023. The trial court also rejected King County's scope of easement argument.

> The [trial] court further concluded that King County's intended use for the property was inconsistent with the use for which the right of way was granted.

*Id*. The amount of just compensation for the taking was determined through trial. *Id*.

On review, the appellate court considered the terms of the deed and relevant case law, and concluded: "We hold that an easement was conveyed." 59 Wash. App. at 894, 801 P.2d at 1025. Of course, that conclusion is consistent with this Court's ruling on April 7, 2011, concerning the deeds at issue here.

As with the Government here, King County contended compensation was not due because the scope of the railroad easement allowed for trail use. 59 Wash. App. at 894, 801 P.2d at 1025 ("King County contends, however, that its use of the right of way as a recreational trail is within the scope of the interest conveyed to the railroad"). The Court responded:

> Even if the right-of-way had not been formally abandoned, *Lawson v. State* [107 Wash.2d 444, 730 P.2d 1308 (1986)] defeats the County's argument. Responding to a similar argument, the [*Lawson*] court stated: "Applying common law principles, we hold that a change in use from 'rails to trails' constitutes abandonment of an easement which was granted for railroad purposes only. At common law, therefore, the right of way would automatically revert to the reversionary interest holders.

*Squire Inv.*, 59 Wash. App. at 894, 801 P.2d at 1025 (*quoting Lawson*, 107 Wash.2d at 452, 730 P.2d at 1313).

In short, *Squire Investments* directly applies the holding of *Lawson* as support for the conclusion that recreational trail use is beyond the scope of the easement granted to the Seattle Lake Shore & Eastern Railway. The Government's only response to *Lawson* has been that *Lawson* was determined on the pleadings. Of course, that is not the procedural posture in *Squire Investments*. Rather, the case was litigated on the merits and the appellate court upheld the award of just compensation to Squire. 59 Wash. App. at 899, 801 P.2d at 1028. Significantly, the same granting clause, the same railroad, and the same 1887 time frame that were at issue in *Squire Investments* are at issue here. Accordingly, the same conclusion should be reached: the scope of the easement granted to the railroad does not encompass use of the right of way for a recreational trail.

### 2.   Additional Authority Relevant to 1904 Reeves Deed (Manning)

Beyond what has already been discussed, Plaintiffs are not aware of other Washington authority that directly addresses the scope of a railroad right of way easement. Plaintiffs submit that the lack of authority is because in Washington, when a grant is determined to be an easement to a railroad, the easement is necessarily understood to be limited to operation of a railroad. In every Washington case where the intent of the parties was to convey an easement to a railroad, the deed is understood to be limited to the railroad use that was the original purpose of the grant. Moreover, when that railroad use stopped, the easement is extinguished and reverts to the underlying landowner. *See, e.g., Morsbach v. Thurston County*, 152 Wash. 562, 278 P. 686 (1929); *Zobrist v. Culp*, 95 Wash.2d 556, 627 P.2d 1308

(1981). In other words, where an easement is conveyed to a railroad, the railroad use is itself the limited and specific purpose.

> The conveyance of a right of way to a railroad may be in fee simple or only an easement. Where only an easement for a right of way is concerned, and its use for such purpose ceases, the land is discharged of the burden of the easement and the right to possession reverts to the original landowner or to that landowner's successors in interest; the right to possession does not go to grantees and successors in interest of the railroad company.

*Roeder Co. v. Burlington Northern, Inc.*, 105 Wash.2d 567, 571, 716 P.2d 855, 859 (1986).

This general view that a railroad easement is limited to railroad use is implicitly recognized in a Washington statute, Revised Code of Washington (RCW) 80.36.040, and in *Kershaw Sunnyside Ranches, Inc. v. Yakima Interurban Lines Ass'n*, 156 Wash.2d 253, 126 P.3d 16 (2006).

In *Kershaw*, the deed at issue stated that the strip of land was "to be used by [the Railway] as a right of way for a railway…" The court went through an extensive analysis of Washington law and concluded that the deed conveyed only an easement. *Id.*, 156 Wash.2d at 273, 126 P.3d at 26 ("We thus hold that the 1905 deed conveyed an easement to the railroad and not fee simple"). Given that holding, the Court next had to determine whether the installation of fiber optic lines within the right of way constituted a trespass. *Id.*

The communications company argued that its fiber optic lines did not constitute a trespass because the lines were an "incidental use" of the right of way and therefore was within the scope of the easement granted to the railroad. The Washington Supreme Court ruled that under RCW 80.36.040,

> if the railroad did not acquire the particular right of way via a government grant, *i.e.* a private party conveyed the right of way to the railroad by deed,

5

> then the "right to construct and maintain such lines shall be secured only by the exercise of right of eminent domain, as provided by law.

156 Wash.2d at 276, 126 P.3d at 28 (italics added by the court) (quoting RCW 80.36.040). Since the railroad right of way deed in *Kershaw* was from a private party, the communications company could avoid a trespass only by condemning the right to install its communications facilities. 156 Wash.2d at 277, 126 P.3d at 28.

Obviously, the Government here does not argue that a recreational trail is within the incidental use doctrine. Nevertheless, RCW 80.36.040 and *Kershaw* are instructive in demonstrating that, in Washington, a private party conveyance *to a railroad* is treated as a limited easement for railroad purposes only. Accordingly, just as an incidental use for fiber optic lines requires exercise of eminent domain, all the more does imposition of a recreational trail go beyond the scope of a railroad easement and require the exercise of eminent domain.

Another useful case, particularly for the 1904 Reeves deed applicable to Plaintiff Manning, is *Swan v. O'Leary*, 37 Wash.2d 533, 225 P.2d 199 (1950). The language of the deed is recited in the reported opinion. 37 Wash.2d at 534, 225 P.2d at 199. The Court will see that the relevant deed language states in general terms that the grant was "for the purpose of a Railroad right of way." *Id*. Such language is less specific than the 1887 deeds where the purpose is described as being the "location, construction and operation" of the grantee's railroad, but is closely analogous to the language in the 1904 Reeves deed.

In ascertaining the intent of the parties to the deed, the *Swan* Court stated:

> It is very clear **from what subsequently happened** that it was the intention of the grantee to acquire two strips of land in order that a logging railroad might be constructed thereon over which to haul timber logged from his lands, **and for no other purpose**.

37 Wash.2d at 536, 225 P.2d at 201 (emphasis added).  Of course, what subsequently happened after the execution of the grant was that the railroad was actually built and used to haul logs.  It was not used for any other purpose.  In the same manner, the deeds executed in 1887 by the settlers, and also the 1904 Reeves deed, were followed by the subsequent conduct that the right of way was in fact used for operating the railroad.  No other use was ever made.  Accordingly, the subsequent conduct, as in *Swan v. O'Leary*, makes it "very clear" that the intention was for operating a railroad, "and for no other purpose."

  **3.**  *Logan v. Brodrick*

Washington law recognizes that the parties to an easement contemplate "the natural development of the dominant estate." *Logan v. Brodrick*, 29 Wash. App. 796, 800, 631 P.2d 429, 431 (1981).  "Accordingly, the degree of use may be affected by development of the dominant estate." *Id*.

The typical application of this principle is where an easement is granted for access, and over time, the development of the dominant estate requires that the degree of use must increase.  For example, where a single house on a 10 acre parcel might have an access easement, and normal development of the large parcel would allow a short plat of three additional lots, such development may be considered "normal" and therefore contemplated as being within the scope of the original easement.  In *Logan*, there was a similar increase in traffic associated with increased development of a lakeside resort.

The Government does not argue that a recreational trail is an increase in the degree of use associated with the normal development of the dominant estate.  Indeed, with respect to a railroad right of way, there is not an adjoining parcel that is being accessed or developed.

Nevertheless, this doctrine would allow increased railroad traffic, but not a complete change in use as present here.

In *Lawson v. State*, the Court considered the applicability of this doctrine under circumstances similar to the case at bar. King County had relied on a California case that involves principles similar to *Logan*. *See Lawson*, 107 Wash.2d at 450, 730 P.2d at 1312 (*referencing Faus v. Los Angeles*, 67 Cal.2d 350, 431 P.2d 849 (1967)). The Washington Supreme Court refused to follow *Faus* and instead ruled that "a hiking and biking trail is not encompassed within a grant of an easement for railroad purposes only." *Lawson*, 107 Wash.2d at 451, 730 P.2d at 1312.

In short, although not argued by the Government, the "normal development" concept of *Logan v. Brodrick* or *Faus v. Los Angeles* is not applicable to the change of use that is presented by the conversion of from railroad use to trail use.

### 4. *810 Properties v. Jump*

With respect to the scope of the prescriptive easements, the Court at oral argument mentioned *810 Properties v. Jump*, 141 Wash. App. 688, 170 P.3d 1209 (2007). This case is helpful in confirming that the rule that the scope of an easement is determined by the intent of the original parties as determined by the deed language, the surrounding circumstances at the time of the grant, and the subsequent conduct including the manner in which the easement has in fact been used. *Id.*, 141 Wash. App. at 696, 170 P.3d at 1214.

*810 Properties* also acknowledges that the burden of proving prescriptive rights is on the party benefitted by the easement, and that prescriptive rights are not favored. *Id.* at 700, 170 P.3d at 1215-16.

Most particularly, the case follows *Northwest Cities Gas Company v. Western Fuel*, 17 Wash.2d 482, 486, 135 P.2d 867 (1943), and *Yakima Valley Canal Company v. Walker*, 76 Wash.2d 90, 455 P.2d 372 (1969), for the controlling principle that the extent of a prescriptive right is determined by the uses that created the easement. *810 Properties*, 141 Wash. App. at 703, 170 P.3d at 1217.  As stated at oral argument, the facts here render the analysis of the scope of the prescriptive easements very simple.  In short, railroad use is the activity that created the prescriptive easement, and therefore the easement is defined by that use.  The law set forth in *810 Properties* is supportive of that conclusion.

For all of the foregoing reasons, including those set forth in the prior briefing and at oral argument, Plaintiffs respectfully request that the Government motion for summary judgment be denied, and the Plaintiffs cross-motion be granted.

Respectfully submitted this 29th day of July, 2011.

| | |
|---|---|
| Cecilia Fex | John M. Groen |
| Ackerson Kauffman Fex, PC | Groen Stephens & Klinge, LLP |
| 1701 K Street, NW, Suite 1050 | 11100 NE 8th Street, Suite 750 |
| Washington, DC  20006 | Bellevue, WA  98004 |
| Telephone: (202) 833-8833 | Telephone: (425) 453-6206 |
| Facsimile: (202) 833-8831 | Facsimile: (425) 453-6224 |
| Email: fex@ackersonlaw.com | Email: groen@gsklegal.pro |
| | |
| *Attorney of Record for the following Consolidated Plaintiffs:* | *Attorney of Record for the following Consolidated Plaintiffs:* |
| | |
| *Brown, et al.;* | *Beres, et al.; Ritzen, et al.;* |
| *Collins, et al.;* | *Morel, et al.; Klein, et al.;* |
| *Estate of Pearl Welch, et al.;* | *Chamberlin, et al.; Nelson, et al.;* |
| *Waverly Hills Club, et al.* | *Lane; Peterson, et al.; Schroeder, et al.* |
| | *Manning, et al.; Spencer, et al.* |

**CERTIFICATE OF SERVICE**

The undersigned attorney states that on July 29, 2011, a true and accurate copy of the foregoing was served upon the following parties by electronic service by way of the Court EFC Filing System.

> Bruce Trauben
> U.S Dept. of Justice
> Environmental & Natural Resources Division
> 601 D Street, NW, Rm. 3126
> Washington, DC 20004
> Telephone: (202) 305-0238
> Facsimile: 202) 305-0506
> Email: bruce.trauben@usdoj.gov
>
> Andrea Carol Ferster
> Rails – to 0 Trails Conservancy
> 1100 17th Street, NW, 10th Floor
> Washington, DC  20036
> Telephone: (202) 974-5142
> Email: aferster@railstotrails.org

                                  /s/ John M. Groen_____
                                  John M. Groen