IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **WARREN BERES and VICKI BERES, et al.,** ) ) ) | |
| Plaintiffs, ) ) | Nos. 03-785L, 04-1456L, 04-1457L, 04-1458L, 04-1459L, 04-1463L, 04-1465L, 04-1466L, 04-1467L, 04-1468L, 04-1469L, 04-1471L, 04-1472L, 04-1473L, 04-1474L |
| v. ) ) | |
| **UNITED STATES,** ) ) | Hon. Marian Blank Horn |
| Defendant. ) ) ) | |

### DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE SCOPE OF THE EASEMENTS

Pursuant to the Court's Order filed October 25, 2011 (Dkt. No. 125), as amended by its Order of November 7, 2011 (Dkt. No. 127), the United States hereby submits its Supplemental Brief in Support of Its Motion for Partial Summary Judgment on the Scope of the Easements, filed June 8, 2011 (Dkt. No. 112) (Def.'s "Opening Brief"),[1] "addressing Washington precedent, if any, as related to railbanking, including Lawson v. State,[107 Wash.2d 444,] 730 P.2d 1308 (Wash. 1986)." Oct. 25, 2011, Order; see also Nov. 7, 2011, Order.

The United States is not aware of any substantive Washington precedent related to railbanking, including Lawson v. State. In Lawson v. State, the question before the Washington Supreme Court was the constitutionality, under the state's Constitution, of a Washington statute that authorized the use of a railroad corridor for "public nonrailroad use without compensation." Lawson, 107 Wash.2d. at 446. The Lawson court noted that "[i]n a letter dated January 30,

---

[1] See also Defendant's Response to Plaintiffs' Motion and Reply in Support of Its Motion for Summary Judgment on the Scope of the Easements, filed July 29, 2011 (Dkt. No. 121) (Def.'s "Response Brief").

1985, King County requested the ICC to impose a public use condition upon abandonment of the 4.8-mile long right of way, pursuant to 49 U.S.C. § 10906 and 49 C.F.R. §1152.28." Id. At that time, the ICC had not yet promulgated the railbanking regulations at 49 C.F.R. § 1152.29 (prospective use of rights-of-way for interim trail use and rail banking), which became effective on June 6, 1986. See 51 Fed. Reg. 16852 (May 7, 1986). Consequently, Lawson did not involve the same regulatory program at issue here. See Good v. Skagit Cnty., 17 P.3d 1216, 1219 (Wash. Ct. App. 2001) (distinguishing Lawson on the grounds that the "Court did not discuss Section 1247(d) of the Trails Act"). Lawson, therefore, is inapposite.[2]

Where railbanking was involved in a Washington case, the Court held that it did not have jurisdiction. In Good v. Skagit Cnty., the Goods sought compensation from Skagit County, which had acquired a Burlington Northern Railroad right-of-way for use as a public trail pursuant to the Trails Act, 16 U.S.C. § 1247(d). Good, 17 P.3d at 1217-18. The trial court dismissed the Goods' complaint, "ruling that the court had no jurisdiction over the matter." Id. at 1218. On appeal, the Goods argued that the Washington Supreme Court in Lawson authorized a claim for compensation under the Washington State Constitution against a local trail manager.

---

[2] Similarly, King Cnty. v. Squire Invest. Co., 59 Wash. App. 888, 801 P.2d 1022 (Wash. Ct. App. 1991), a Trails Act case which Plaintiffs cited in their Reply on Cross Motions for Summary Judgment at 2-4 (Dkt. No. 122), is inapposite because Burlington Northern had obtained a Certificate of Abandonment from the Interstate Commerce Commission on July 29, 1985, before the regulations governing railbanking were promulgated. See Squire Invest. Co., 59 Wash. App. at 891. The deed conveying the right-of-way to the Seattle, Lake Shore & Eastern Railway contained a reverter clause – not found in the deeds at issue here – stating that the railroad held the right-of-way only, "so long as said land is used as a right-of-way by said railway Company." Consequently, upon abandonment, the "easement was extinguished . . . and [the railroad's] interest reverted to the Squires' heirs." Id. at 894-95. At that point, "Burlington Northern had no interest to convey to King County for use as a railroad much less as a trail." Id. at 895.

Id. at 1219.  The Washington Court of Appeals rejected the Goods' argument, finding that in Lawson King County had acquired an abandoned right-of-way under 49 U.S.C. § 10906 and 49 C.F.R. § 1152.28.  Id. at 1219. "The [Lawson] Court did not discuss Section 1247(d) of the Trails Act," and "has no application here," the Washington Court of Appeals concluded.  Id. Under the Trails Act, "[d]uring interim trail use, the STB retains jurisdiction over the line . . . [so that] state law, including that governing creation and extinguishment of easements, is preempted." Id.  Thus, affirming dismissal for lack of jurisdiction, the Good Court concluded that "Congress preempted state courts from entertaining a compensation claim arising out of the operation of the Trails Act."[3]  Id. at 1221.

In light of Good, Washington courts do not have jurisdiction over, and have not ruled upon the merits of, takings cases involving railbanking.  Thus, whether railbanking and interim trail use falls within the scope of an easement granted to a railroad for a right-of-way has not been decided under Washington law.[4]  That question of Washington state law "has not been clearly determined," and may be certified to the Washington Supreme Court for an answer pursuant to section 2.60.020 of the Revised Code of Washington.  Wash. Rev. Code § 2.60.020; see also Schroeder v. United States, 66 Fed. Cl. 508, 510 (2005) (pursuant to Wash. Rev. Code § 2.60.020, certifying questions to the Washington Supreme Court regarding deed construction).

The United States makes clear in its prior motion papers that any easements granted to

---

[3] Because the Washington Court of Appeals found that it did not have jurisdiction over the Goods' takings claim, it did not address whether the Goods have an ownership interest in the right-of-way as pled or "whether the railroad operations have been discontinued or abandoned." Good, 17 P.3d at 1221.

[4] The United States also is not aware of any relevant federal decision addressing railbanking under Washington law.

the predecessor railroad by deed are not limited to railroad purposes and are more than sufficiently broad to encompass trail use.  See Def.'s Opening Br. at 13-19; see also Def.'s Response Br. at 3-10.  Railbanking and interim trail use also fall within the scope of the easements granted to the predecessor railroad under the General Railroad Right-of-Way Act of 1875, 18 Stat. 482, 43 U.S.C. §§ 934 *et seq.*  See Def.'s Opening Br. at 19-23; see also Def.'s Response Br. at 10-17; Wash. Rev. Code § 47.30.070 ("For purposes of 43 U.S.C. 912 and related provisions of federal law involving federally granted railroad rights-of-way, a bicycle, equestrian or pedestrian path shall be deemed to be a public highway under the laws of the state of Washington.").  Finally, use of the corridor for a trail – a highway under Washington law – also is consistent with the prescriptive easements acquired by the predecessor railroad.  See Def.'s Opening Br. at 23-26; see also Def.'s Response Br. at 17-19.[5]

//
//
//
//
//
//
//

---

[5] If the Court rules against the United States on the scope of the easements, "[t]here remain numerous issues to resolve before [the Court] can determine if the plaintiffs are entitled to compensation, including resolution of the successor in title to the land and whether or not there was an abandonment."  Beres v. United States, 64 Fed. Cl. 403, 428 (2005).  Thus, among other issues, Plaintiffs still must show that they have a property interest in the right-of-way, regardless of the rail road's interest in  the right-of-way.

       Respectfully submitted,

       IGNACIA S. MORENO
       Assistant Attorney General
       Environment & Natural Resources Division


       /s/ Bruce K. Trauben
       Bruce K. Trauben
       Trial Attorney
       Natural Resources Section
       Environment & Natural Resources Division
       U.S. Department of Justice
       601 D Street, NW, Rm. 3126
       Washington, D.C. 20004
       Tel.: (202) 305-0238
       Fax:  (202) 305-0506
       e-mail: bruce.trauben@usdoj.gov

Dated: November 17, 2011