IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **WARREN BERES and VICKI BERES, et al.,** ) ) ) | |
| Plaintiffs, ) ) ) | Nos. 03-785L, 04-1456L, 04-1457L, 04-1458L, 04-1459L, 04-1463L, 04-1465L, |
| v. ) ) | 04-1466L, 04-1467L, 04-1468L, 04-1469L, 04-1471L, 04-1472L, 04-1473L, 04-1474L |
| **UNITED STATES,** ) ) | |
| Defendant. ) ) ) | Hon. Marian Blank Horn |

### DEFENDANT'S RESPONSE TO THE COURT'S ORDER REQUESTING THE UNITED STATES TO STIPULATE TO CERTAIN FACTS

Pursuant to the Court's Order filed March 26, 2012 (Dkt. No. 132), the United States hereby submits its Response, stating as follows:

On July 1, 2011, Plaintiffs filed their Proposed Findings of Uncontroverted Fact in Support of Their Response and Cross-Motion for Summary Judgment (Dkt. No. 115-2) (Plaintiffs' "Proposed Findings of Fact").[1] In their Proposed Findings of Fact, with respect to John Anderson, Plaintiffs assert that

> John Anderson is the original predecessor in interest to the Plaintiffs joined in the *Waverly Hills Group* (CFC No. 04-1474L) and the *Estate of Pearl Welch* (CFC No. 04-1471L) (collectively "Waverly Hills"). On May 25, 1888, John Anderson entered certain public lands (hereinafter "Lot 2") to file a pre-emption claim on Lot 2 to establish a Cash Entry on same. On September 14, 1889, Anderson filed Final Proof of his entitlement to Lot 2, and received Final Approval of his Entry on that same day.

---

[1] In its March 26, 2012, Order, the Court does not specifically identify by docket number the document setting out the plaintiffs' proposed findings of fact to which the Court seeks the government's stipulation. Nevertheless, it appears from the text of the Court's order and the pertinent statements in Plaintiffs' Proposed Findings of Uncontroverted Fact, filed July 1, 2011, that the Court is referring to docket number. 115-2.

Plaintiffs' Proposed Findings of Fact, ¶ 19 (citations omitted).

Plaintiffs make clear in note 3 that this "Proposed Finding of Fact is subject to verification by professional mapping or like services and, for purposes of the liability determination, the parties have agreed that at least some of the Plaintiffs identified herein are successors in interest to the original predecessors in interest named herein." Plaintiffs' Proposed Findings of Fact, at 1 n.3 (citing Joint Stipulation filed May 17, 2011, ¶ 3 (Dkt. No. 109)).

The United States does not stipulate that John Anderson entered and filed a pre-emption claim on Lot 2, as asserted by Plaintiffs, because the documents submitted in support of that contention of fact (Pls.' Ex. 226 and Pls.' Ex. 227) show that John Anderson entered and filed a cash entry for Lot 1 and the Southwest quarter of the Northwest quarter of Section No. 8, Township 24 N, of Range No. 6 East, Willamette Meridian.[2] See, e.g., Pls. Ex. 226 at Bates No. 00157 (General Land Office record certifying that, on September 14, 1889, John Anderson purchased "Lot 1: $SW^4$ $NW^4$ of Section No. 8 in Township No. 24 N of Range No. 6 E of the Willa. Meridian, W.T."); see also Stipulation as to Certain Exhibits, filed Nov. 8, 2011 & Ex. A, thereto, at Bates No. 000182 (Dkt. Nos. 128 & 128-1) (transcription of the Patent issued to John Anderson).

Plaintiffs further assert in their Proposed Findings of Fact that, "[o]n August 24, 1891, the United States issued a land patent to Anderson . . . ." Plaintiffs' Proposed Findings of Fact, ¶ 21. Plaintiffs assert that the patent issued to Anderson "is materially identical to the Cowie

---

[2] It is possible that the land granted to Anderson was at one time numbered as "Lot 2" on certain maps, but counsel for the United States United States is in Reno, Nevada through April 13, 2012, for a trial, and does not have access to the pertinent maps and other chain of title documents to confirm whether or not the land purchased by Anderson was ever known as "Lot 2," consistent with Plaintiffs' Proposed Findings of Fact.

Case 1:03-cv-00785-MBH  Document 133  Filed 04/02/12  Page 3 of 4

patent, which this Court discussed in *Beres v. United States*, 64 Fed. Cl. 403, 417-418 (2005)." Id. Plaintiffs quote at length the conditions included in the Anderson patent, and conclude that, like the Cowie patent, "[n]either patent reserves any right-of-way grant under the 1875 Act." Id. (citing Pls.' Exs. 227 and 228).

The United States stipulates that it issued a land patent to John Anderson on August 24, 1891, and that the patent does not expressly reserve a right-of-way grant under the 1875 Act, similar to the patent issued to William H. Cowie on January 11, 1892. See Stipulation as to Certain Exhibits, filed Nov. 8, 2011 & Exs. A & B, thereto (transcriptions of the patents issued to John Anderson and William Cowie).

The United States cannot at this time stipulate that any of the Plaintiffs are successors-in-interest to John Anderson. Because of the discrepancy referenced above in the identification of the land granted to Anderson in Plaintiffs' Proposed Findings of Fact and the exhibits they cite, further investigation as to whether some Plaintiffs are successors-in-interest to Anderson is required. As noted above (see note 2), defense counsel of record is presently out of the office for a trial, and is not able to access the pertinent maps and other chain of title documents needed to confirm whether or not any Plaintiffs are successors-in-interest to Anderson, regardless of the lot number issue. Moreover, because of the discrepancy discussed above, the United States now is reluctant to stipulate, even conditionally, without further investigation as to whether some Plaintiffs are successors-in-interest to Anderson. If the Court finds it necessary, defense counsel's trial will be in recess from April 16, 2012, through April 23, 2012, and counsel for the United States is willing to work with counsel for Plaintiffs during that time period to attempt to resolve any remaining material issues of fact surrounding the Anderson

property.

        Respectfully submitted,

        IGNACIA S. MORENO
        Assistant Attorney General
        Environment & Natural Resources Division


        /s/ Bruce K. Trauben
        Bruce K. Trauben
        Trial Attorney
        Natural Resources Section
        Environment & Natural Resources Division
        U.S. Department of Justice
        601 D Street, NW, Rm. 3126
        Washington, D.C. 20004
        Tel.: (202) 305-0238
        Fax:   (202) 305-0506
        E-mail: bruce.trauben@usdoj.gov

Dated: April 2, 2012