# In the United States Court of Federal Claims

| | |
|---|---|
| * * * * * * * * * * * * *<br>**WARREN BERES and VICKI**<br>**BERES, et al.,**<br><br>                    **Plaintiffs,**<br>    **v.**<br><br>**UNITED STATES,**<br><br>                    **Defendant.**<br><br>* * * * * * * * * * * * * | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | Nos.   03-785L, 04-1456L, 04-1457L, 04-1458L, 04-1459L, 04-1463L, 04-1465L, 04-1466L, 04-1467L, 04-1468L, 04-1469L, 04-1471L, 04-1472L, 04-1473L, 04-1474L<br><br>Filed:   February 15, 2017 |

## O R D E R

The court is in receipt of defendant's February 15, 2017 motion for reconsideration of the court's instruction for defendant to have a representative of the Department of Justice with settlement authority present for February 21, 2017 status conference. The court's instruction was precipitated by plaintiffs' recent, reported identification of previously unidentified issues impeding a longstanding settlement process and several complete changes in approach by the defendant, as represented by the plaintiffs in their February 7, 2017 status report, which, if defendant confirms, comes as a surprise to the court and would be unfair to the plaintiffs. As the parties are well aware, these cases are almost 14 years old. As the parties are further aware, the court has allowed the parties, at their request, more than four years to engage in settlement discussions. The intent of the instruction for defendant to have a representative of the Department of Justice with settlement authority present for February 21, 2017 status conference is to allow the court to have a frank conversation with representatives of the Department of Justice about the direction of the cases. Defendant's counsel represents that:

> It is the lead trial attorney who can engage most effectively in settlement discussions because lead counsel is in the best position to evaluate the case, and fully explore settlement options. That attorney is the attorney in the federal government most familiar with the case; accordingly, that attorney's recommendations with respect to a settlement are given great weight, even though she lacks the ultimate authority to conclude a settlement on the spot.

The court has no intention to engage in settlement negotiations or have the parties share the details of any settlement negotiations with her in a case currently on her docket. Certainly, the attorney of record can assist regarding the status of the case and to discuss remaining steps and timing in the settlement process, but part of the issue appears to be that necessary approval memorandums have not even been submitted to the multiple

layers of approval authority.  Moreover, according to plaintiffs' February 7, 2017 status report to the court, "Plaintiffs are concerned that the DOJ counsel has indicated that it is unlikely that this case will be a priority for review." Additionally, the court believes that defendant's counsel of record lacks the authority to answer policy related questions with regard to the above captioned cases.  Absent such responses and priority at the conference, the court may require a written explanation from the Department of Justice. Furthermore, given the fact that the current attorney of record has only been the attorney of record for two months, the court is skeptical of the attorney's capture of the all the machinations in these long standing cases. If it is the attorney of record's view that she has previous experience with these cases, as was indicated by her predecessor in a December 9, 2016 status report, which stated "the attorney to whom this matter is being reassigned has already had frequent communications with Plaintiffs' counsel, and has assumed the lead role on behalf of the United States in formulating a case management plan," the court can only conclude she also misled the plaintiffs in the earlier settlement discussions, or she was instructed by someone more senior than her in the Department of Justice to change the Department's position in these cases. For all the foregoing reasons, the Department of Justice's counsel of record's participation alone at the conference would be insufficient.

Defendant also represents that "Principal Deputy Chief of the Natural Resources Section, James Gette, is prepared to attend the scheduled status conference."  Mr. Gette clearly has more authority to speak for the Department of Justice at the status conference than counsel of record.  If the defendant believes Mr. Gette is the most appropriate official to attend, the court will defer to the defendant's judgment.  The court, however, will brook no excuses from Mr. Gette for why he is unable to comment on the Department of Justice's changing positions in these cases or to commit to a course of action discussed and to be directed by the court at the February 21, 2017 status conference. If he is unprepared or unable to provide an explanation for the changes or commit to a course of action, a more senior official shall attend the conference. The status conference remains **SCHEDULED** for **Tuesday, February 21, 2017, 12:00 p.m., EST**. The parties may appear by telephone for the conference. Unless otherwise notified, the court will contact Mr. Stephens at (425) 453-6206, Ms. Fex at (202) 594-6825, and Ms. Nesbitt at (202) 305-0457. Defendant shall provide the telephone number for Mr. Gette by **Friday, February 15, 2017, 12:00 p.m., EST**.

    **IT IS SO ORDERED.**

                                                  s/Marian Blank Horn
                                                  **MARIAN BLANK HORN**
                                                         **Judge**