| | | |
|---|---|---|
| **WARREN BERES and VICKI BERES,** *et al.*, | ) ) ) | |
| **Plaintiffs,** | ) ) | Nos. 03-785L, 04-1456L, 04-1457L, 04-1458L, 04-1459L, 04-1463L, 04-1465L, |
| **v.** | ) ) | 04-1466L, 04-1467L, 04-1468L, 04-1469L, 04-1471L, 04-1472L, 04-1473L, 04-1474L |
| **UNITED STATES,** | ) ) | Hon. Marian Blank Horn |
| **Defendant.** | ) ) | (E-filed March 31, 2017) |
| | ) | |

**United States' Opposition to Plaintiffs' Brief In Support of Their Motion for an Order Affirming this Court has Jurisdiction to Determine Whether the Property Allegedly Taken by the United States has been Adversely Possessed by Certain Plaintiffs**

# TABLE OF CONTENTS

I.    INTRODUCTION .......................................................................................................... 1

II.   BACKGROUND ........................................................................................................... 2

III.  ARGUMENT ................................................................................................................. 3

     A.    Plaintiffs fail to meet Article III requirements because the relief they request would be advisory or outside the limits of judicial authority. ................................ 3

     B.    The United States has not waived its immunity to suit in cases predicated on property interests that have not been perfected against third-parties..................... 5

          1.    Plaintiffs cannot bring a takings claim unless they have an undisputed property interest........................................................................ 6

          2.    This Court should not create exceptions to Congress' limited waivers of sovereign immunity, particularly when plaintiffs have delayed asserting their property interests.................................................... 7

          3.    The cases cited by plaintiffs do not address jurisdictional challenges and are inapposite. ................................................................................... 9

IV.   CONCLUSION............................................................................................................ 12

i

# TABLE OF AUTHORITIES

**Cases**

*Beers v. Arkansas,*
   61 U.S. (20 How.) 527 (1857) ................................................................................... 5

*Bourgeois v. United States,*
   545 F.2d 727 (Cl. Ct. 1976) .................................................................................... 13

*Burgess v. United States,*
   109 Fed. Cl. 223 (2013) ........................................................................................... 15

*Camp Far West Irrigation Dist. v. United States,*
   68 F. Supp. 906 (1946) ............................................................................................ 15

*Cavin v. United States,*
   956 F.2d 1131 (Fed. Cir. 1992) ............................................................................ 8, 9

*Chevy Chase Land Co. v. United States,*
   37 Fed. Cl. 545 (1997) ...................................................................................... 15, 16

*Durr v. Nicholson,*
   400 F.3d 1375 (Fed. Cir. 2005) .............................................................................. 15

*Farhood v. Asher,*
   118 Wash. App. 1050 (2003) ................................................................................... 10

*Forshey v. Principi,*
   284 F.3d 1335 (Fed. Cir. 2002) .............................................................................. 15

*Geneva Rock Products v. United States,*
   107 Fed. Cl. 166 (2012) ........................................................................................... 12

*Gila Gin Co. v. United States,*
   231 Cl. Ct. 1001 (1982) ........................................................................................... 13

*Green v. Menominee Tribe,*
   433 U.S.  (1914) ......................................................................................................... 6

*Hughes v. Rowe,*
   449 U.S. 5 (1980) ..................................................................................................... 15

*Jackson v. United States,*
   27 Ct. Cl. 74 (1891) ................................................................................................... 6

*Keene Corp. v. United States,*
   508 U.S. 200 (1993) ................................................................................................. 11

*Kingman Reef Atoll Development LLC v. United States,*
   116 Fed. Cl. 708 (2014) ............................................................................................. 9

*Lane v. Pena,*
   518 U.S. 187 (1996) ................................................................................................... 6

*Leather & Leigh v. United States,*
   61 Ct. Cl. 388 (1925) ................................................................................................. 8

*Lewis v. Cont'l Bank Corp.,*
   494 U.S. 472 (1990) ................................................................................................... 4

*Lynn v. United States,*
   110 F.2d 586 (5th Cir. 1940) ..................................................................................... 8

*Magart v. Fierce,*
   666 P.2d 386 (Wash. Ct. App. 1983) ...................................................................... 10

*Malone v. Bowdoin,*
  369 U.S. 643 (1962) ................................................................................. 13
*McCardle,*
  74 U.S. 506 (1968) ................................................................................... 3
*Mulcahy v. United States,*
  229 Ct. Cl. 844 (1982) ....................................................................... 10, 11
*Mundy v. United States,*
  22 Cl. Ct. 33 (1990) ............................................................................... 13
*Oak Forest, Inc. v. United States,*
  23 Cl. Ct. 90 (1991) ............................................................................... 13
*Preseault v. ICC,*
  494 U.S. 1 (1990) ................................................................................. 6, 8
*Roeder Co. v. Burlington N. Inc.,*
  716 P.2d 855 (Wash. 1986) ..................................................................... 2
*Ruckelshaus v. Monsanto Co.,*
  467 U.S. 986 (1984) ................................................................................. 8
*Schwartz v. United States,*
  16 Cl. Ct. 182 (1989) ............................................................................... 7
*Steel Co. v. Citizens for a Better Env't,*
  523 U.S. 83 (1998) ................................................................................... 3
*Tucker v. United States,*
  7 Cl. Ct. 374 (1985) ............................................................................. 6, 7
*United States v. Dow,*
  357 U.S. 17 (1958) ................................................................................... 8
*United States v. Holt State Bank,*
  270 U.S. 49 (1926) ................................................................................. 14
*United States v. Idaho,*
  508 U.S. 1 (1993) ..................................................................................... 5
*United States v. Jones,*
  131 U.S. 1 (1889) ..................................................................................... 8
*United States v. Sherwood,*
  312 U.S. 584 (1941) ................................................................................. 6
*United States v. Tohono O'Odham,*
  563 U.S. 307 (2011) ............................................................................... 11
*United States v. Utah,*
  283 U.S. 64 (1931) ................................................................................. 14
*Valley Forge Christian Coll. v. Am. United for Separation of Church & State,*
  454 U.S. 464 (1982) ................................................................................. 4
*Vasko v. United States,*
  112 Fed. Cl. 204 (2013) ......................................................................... 14
*Waite v. United States,*
  57 Ct. Cl. 546 (1922) ............................................................................... 6

**Statutes**

28 U.S.C. § 1491 ..................................................................................................... 1, 6
28 U.S.C. § 2409a ..................................................................................................... 12
28 U.SC. § 1500 ........................................................................................................ 11
RCW 4.16.020 ........................................................................................................... 12
RCW 4.16.020(1) ....................................................................................................... 10
RCW 7.28.010 ........................................................................................................... 10

## I.    INTRODUCTION

Between 2003 and 2005, fifteen complaints were filed in this action; in each complaint,

Plaintiffs asserted a property interest by deed in property allegedly adjacent to a 12.45-mile line

on the eastern shore of Lake Sammamish in King County, Washington.  Plaintiffs also alleged in

all fifteen complaints that the United States took their property interests without just

compensation.  Now, after thirteen years of litigation and without amending their complaints,

certain unnamed Plaintiffs assert that they have acquired their property interests through adverse

possession.  Plaintiffs' adverse possession claims are not asserted against the United States but

against third-parties who are not parties in this litigation.

Plaintiffs ask this Court to determine whether it has jurisdiction to decide if Plaintiffs

have cognizable property interests through adverse possession against unnamed property owners.

The Court lacks jurisdiction to decide this question for several reasons, including that federal

courts are limited to resolving actual cases and controversies and cannot render advisory

opinions, which is precisely what Plaintiffs seek here.  Here, Plaintiffs do not seek specific relief

from the court and do not pled any facts that would allow defendants or the Court to ascertain

whether they have even asserted a valid adverse possession claim.  Instead, Plaintiffs ask for this

ruling so they can bolster their bargaining position in the parties' ongoing settlement discussions.

The United States believes Plaintiffs' motion is untimely for this reason and that it is premature

for the Court to decide this issue before determining whether briefing of Plaintiffs' specific

claims will be necessary.

Additionally, Congress has provided a specific limited waiver of sovereign immunity for

taking claims that exceed $10,000.  *See* 28 U.S.C. § 1491 (Tucker Act).  This limited waiver of

immunity does not provide for the suit or joining of third-party claims in litigation against the

United States.  Further, because Plaintiffs have willfully failed to perfect their property interests under state law, they are unable to assert a cognizable property interest.  Accordingly, this Court is without jurisdiction to grant Plaintiffs' motion and it should be dismissed.

## II.   BACKGROUND

The first of these fifteen and now consolidated actions was filed in 2003.[1]  Plaintiffs profess to have obtained their property interest through deed in each of the fifteen complaints. After several years of litigation, the parties began settlement discussions in 2013.  *See* Joint Status Report at 1 (ECF No. 146).  During the course of these discussions, the United States disputed whether several landowners owned any portion of the right-of-way due to language in their deeds.  The United States contends that for these landowners the centerline presumption is rebutted because the deeds refer to the right-of-way as a boundary but also gives a metes and bounds description of the abutting property.  *See Roeder Co. v. Burlington N. Inc.*, 716 P.2d 855 (Wash. 1986).  The parties continued negotiations in an attempt to reach mutual agreement on the issue.

On October 27, 2016, for the first time in the parties' settlement discussions, Plaintiffs proposed that they obtained an actual ownership interest in portions of the right-of-way through adverse possession.  In a status report filed with the Court on January 12, 2017, the United States stated that it had concluded that unperfected, potential adverse possession claims would not

---

[1] These cases include:  *Schroeder v. U.S.*, No. 04-1456 L; *Chamberlin v. U.S.*, No. 04-1457 L (filed *sub nom Ray*); *Klein v. U.S.*, No. 04-1458 L; *Peterson v. U.S.*, No. 04- 1459L); *Spencer v. U.S.,* No. 04-1463 L; *Nelson v. U.S.*, No. 04-1465 L; *Manning v. U.S.*, No. 04-1466 L; *Morel v. U.S.*, No. 04-1467 L; *Lane v. U.S.*, No. 04-1468 L; *Ritzen v. U.S.*, No. 04-1469 L; *Estate of Pearl Welch*, No. 04-1471 L; *Collins*, No. 04-1472 L; *Brown*, No. 04-1473 L; and *Waverly Hills Club, Inc.*, No. 04-1474 L).  Two related actions, *Edlund*, No. 04-1464 L, and *Rundle*, No. 04-1476 L, were voluntarily dismissed.  *See Edlund v. United States*, No. 04-1464 L, Order (Fed. Cl. May 15, 2007) (Dkt. No. 10) (dismissing plaintiff's claims with prejudice); *see also Rundle v. United States*, No. 04-1476 L, Order (Fed. Cl. May 15, 2007) (Dkt. No. 11) (same)

confer ownership and would be immaterial for the purposes of the parties' ongoing settlement negotiations.  *See* United States' Status Report (ECF No. 189).

Between December and February 2017, twenty-nine plaintiffs expressed interest in settlement with the United States.  After a few weeks of negotiations, the United States recommended the settlement of just compensation for twenty-six Plaintiffs to the Office of the Associate Attorney General in March of 2017.

Fifty-four claims remain in the litigation.  The United States issued a tentative offer of settlement as to fifty-three[2] of these claims on March 24, 2017.  The United States plans to conclude settlement negotiations as to the remaining fifty-three claims by April 10, 2017.

## III.   ARGUMENT

### A.   Plaintiffs fail to meet Article III requirements because the relief they request would be advisory or outside the limits of judicial authority.

"Without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1968)).  As explained below, Plaintiffs failed to meet their burden to establish this Court's subject matter jurisdiction over their claims because they do not meet the "bedrock" constitutional requirement that they present a justiciable "case or controversy" for this Court's decision.  *See Valley Forge Christian Coll. v. Am. United for Separation of Church & State*, 454 U.S. 464, 471 (1982).

Plaintiffs seek no specific relief in their motion for a ruling on whether this Court has jurisdiction to determine whether the land allegedly taken by the United States was taken by

---

[2] The United States has still not extended a tentative offer of settlement for a community beach parcel owned by two plaintiffs.  To date, no appraisal has been conducted for the particular parcel.

3

adverse possession.  *See* Pls.' Br. at 3.  Instead, they seek an order affirming this Court's jurisdiction so Plaintiffs can use this ruling in its ongoing settlement negotiations for the remaining fifty-four properties.  Plaintiffs mention no specific plaintiffs or properties in their motion and pled no facts related to their hostile, exclusive, open and notorious use of any portion of the right-of-way over a ten period prior to issuance of the Notice of Interim Trail Use.  This Court's authority to render judicial orders extends only to the resolution of actual controversies.  It does not permit the Court to render advisory opinions on "abstract disagreements" about the validity or invalidity of provisions of law.  *See Lewis v. Cont'l Bank Corp.,* 494 U.S. 472, 479 (1990).  This Court cannot declare it has jurisdiction to determine it can rule on adverse possession claims in the absence of a live case or controversy.

Aside from the absence of a live case or controversy, Plaintiffs' proposal to use a ruling from this Court in the parties' settlement negotiations is unworkable.  The United States has already extended a tentative settlement offer for the remaining properties in this litigation and has already represented to Plaintiffs and the Court that settlement negotiations for these offers will close before the briefing of this motion is complete.  *See* Defs.' Proposal for Further Proceedings (ECF No. 197).  Additionally, Plaintiffs' stand-alone motion on jurisdiction is not an efficient way to resolve whether Plaintiffs obtained an ownership interest in the right-of-way by adverse possession.  Because Plaintiffs have not pled any specific facts or named the Plaintiffs it believes obtained an ownership interest in the right-of-way through adverse possession, a ruling from this Court that it has jurisdiction would require the parties to engage in a separate proceeding to brief this question of ownership.  Moreover, Plaintiffs have yet to articulate which portions of the right-of-way they have obtained through adverse possession, but these very same properties are currently the subject of on-going settlement negotiations.  Thus, it

4

is a better use of the Court's and the parties' resources to address this issue after the claims have

left a settlement posture, as opposed to multiple separate proceedings.

**B.      The United States has not waived its immunity to suit in cases predicated on property interests that have not been perfected against third-parties.**

The United States is immune from suit unless it has explicitly waived its sovereign

immunity.  It has long been "established jurisprudence in all civilized nations that the sovereign

cannot be sued . . . without its consent" and that when such consent is given a suit against the

sovereign must comply strictly with "the terms and conditions on which [the sovereign] consents

to be sued." *Beers v. Arkansas*, 61 U.S. (20 How.) 527, 529 (1857).  That cannon of strict

construction applies with particular force when interpreting statutory waivers implicating

monetary relief.  *See United States v. Idaho*, 508 U.S. 1, 8–9 (1993) (courts must be "particularly

alert to require a specific waiver of sovereign immunity before the United States may be held

liable for [monetary exactions]"); *see also Lane v. Pena*, 518 U.S. 187, 196 (1996).

The only waiver of sovereign immunity applicable here is the Tucker Act, 28 U.S.C. §

1491, which does not waive the United States' immunity to suit in cases predicated on property

interests that have not been perfected against third-parties.  *Cf. Preseault v. ICC*, 494 U.S. 1, 13

(1990) (finding that the Tucker Act provides the appropriate remedy in rail trail conversions that

result in takings).  In *United States v. Sherwood*, the Supreme Court found that a Tucker Act

claim must be dismissed if "maintenance against private parties is prerequisite to prosecution of

the suit against the United States . . . ." 312 U.S. 584, 588 (1941) (citing *Green v. Menominee

Tribe*, 433 U.S. 558 (1914); *Jackson v. United States*, 27 Ct. Cl. 74, 84 (1891); *Waite v. United

States*, 57 Ct. Cl. 546 (1922) (other citations omitted)).  *See also Tucker v. United States*, 7 Cl.

Ct. 374, 376 (1985) (denying filing of attorney's lien because "the government, to protect its

interests . . . would necessarily be required . . . to make certain that plaintiff's counsel's right to

enforce the state-created lien is properly adjudicated.")  The Supreme Court reiterated this in *Schwartz*, stating that the "limited waiver of sovereign immunity contained in the Tucker Act, strictly construed, cannot stretch so far as to permit liability to be imposed on . . . third party undertakings."  *Schwartz v. United States*, 16 Cl. Ct. 182, 186 (1989) (citing *Tucker v. United States*, 7 Cl. Ct. 374 (1985)).

Here, Plaintiffs seek compensation for a "taking" of property (it is unclear for which Plaintiffs or which properties) they allege they own through adverse possession.  The Court does not have jurisdiction over this claim because this property right has not been perfected.  In essence, Plaintiffs are asking this Court to decide these claims against the third-party in order for the Plaintiffs to have a claim against the U.S. for allegedly taking the property. Pls.' Mem., ECF No. 202-1.  This is similar to *Sherwood*, in which the creditor needed an adjudication on a contract issue against a third-party before bringing the suit against the United States.  312 U.S. at 588.  The Plaintiffs here bring takings claims, which are predicated on an adverse possession claim against unknown third parties.  These adverse possession claims must be adjudicated before the takings claim against the U.S. can be adjudicated.  Because any adverse possession action lies against a third-party who is not and cannot be joined in this matter, the "suit . . . must be ignored as beyond the jurisdiction of the court."  *See id.* (citing *United States v. Jones*, 131 U.S. 1 (1889); *Lynn v. United States*, 110 F.2d 586, 588 (5th Cir. 1940); *Leather & Leigh v. United States*, 61 Ct. Cl. 388 (1925)).

### 1.   Plaintiffs cannot bring a takings claim unless they have an undisputed property interest.

It is beyond dispute that a plaintiff must possess a legally-recognized property interest that they allege was "taken" to bring a viable takings claim.  *See Preseault*, 494 U.S. at 21 (referring to "the predicate property interest that must underlie any takings claim." (citing

6

*Ruckelshaus v. Monsanto Co.,* 467 U.S. 986, 1001–04 (1984))).  Furthermore, that property

interest must be "undisputed."  *See Cavin v. United States*, 956 F.2d 1131, 1134 (Fed. Cir. 1992)

(citing *United States v. Dow,* 357 U.S. 17, 20-21 (1958)).  In *Cavin*, the Federal Circuit upheld

the dismissal of a takings claim brought by plaintiffs that were unable to produce "undisputed

title" to property, and thus, "did not have the requisite ownership to prosecute their takings

claim."  *See id.* at 1134.  The Cavins had applied for a patent to the property, but the Federal

Circuit found that this status as claimant did not "vest in them an equitable interest in the

property sufficient to support their takings suit" until after their claim was vested by virtue of

payment.  *See id.* at 1134–35.  Similarly, in *Kingman Reef Atoll Development LLC v. United

States*, this Court concluded that a party who had failed to perfect ownership could not convey an

ownership interest to a plaintiff who had brought a takings claim against the United States.  116

Fed. Cl. 708, 760 (2014).

    Here, the Plaintiffs' adverse possession claim is not a vested property right.  It is simply a

claim to land that must be perfected before it can create liability against the United States.

Because this claim remains unperfected, Plaintiffs have failed to establish that they had

undisputed ownership of the property at the time of the taking.

> **2.    This Court should not create exceptions to Congress' limited waivers
> of sovereign immunity, particularly when plaintiffs have delayed
> asserting their property interests.**

    This Court is without jurisdiction even if some Plaintiffs may be left without a remedy

because they failed to perfect their property interest when they were allegedly in possession of

the right-of-way.  Plaintiffs allege that certain unspecified Plaintiffs can no longer bring a Quiet

Title Action in Washington court because they have since sold the property and thus do not have

a "valid subsisting interest in real property."  Pls.' Mem. at 18, ECF No. 202-1 (quoting RCW

7.28.010).  While this may be correct,[3] this alleged hardship to the Plaintiffs does not extend the Tucker Act's waiver of sovereign immunity.

As noted by Plaintiffs, the Court of Claims stated in 1982 that it is "generally reluctant to leave plaintiffs who have timely filed a claim in this court entirely without a remedy."  *See* Pls.' Mem. at 13 (citing *Mulcahy v. United States*, 229 Ct. Cl. 844, 845–46 (1982)).  In *Mulcahy*, the Court of Claims determined that a petition that was timely filed but did not meet the technical requirements of a rule should not be dismissed because there was no prejudice to the Government from amending the petition and the claim was not frivolous.  *See id.* at 846.  There was no allegation that the court did not have jurisdiction over the claim, and the court made clear that its decision to allow the case to move forward was based "narrowly on the factors here involved."  *See id.* at 845.  The United States has found no authorities supporting the proposition that a waiver of sovereign immunity may be expanded simply because applying the limitations inherent in that waiver would leave timely-filed plaintiffs without a remedy.

Instead, the Supreme Court has made clear that the hardship created by a limitation on a waiver of sovereign immunity is not grounds for expanding that waiver.  In *United States v. Tohono O'Odham*, the Supreme Court stated that even if the plaintiffs were denied a judicial forum to litigate their claims and obtain complete relief due to the application of 28 U.SC. § 1500, if a plaintiff is "dissatisfied [with incomplete relief], they are free to direct their complaints to Congress."  563 U.S. 307, 317 (2011).  The Court "enjoy[s] no 'liberty to add an exception . . .

---

[3] In *Magart v. Fierce*, the Washington Court of Appeals found that a person who had sold the disputed property did not have standing to bring a quiet title claim, and dismissed for failure to join the current owner as an indispensable party.  666 P.2d 386, 389 (Wash. Ct. App. 1983).  *See also Farhood v. Asher*, 118 Wash. App. 1050, at *2 (2003) (unpublished).  Additionally, even if a plaintiff is still in possession now, any adverse possession claims that accrued by the date of take in 1998 would have been past the statute of limitations by 2008 at the latest.  *See* RCW 4.16.020(1) (ten year statute of limitations for adverse possession claims).

to remove apparent hardship.'" *See id.* (quoting *Keene Corp. v. United States*, 508 U.S. 200, 217–18 (1993)).  Any lack of a remedy is Plaintiffs' own doing, by failing to bring a quiet title action within the statutory period and allegedly while in possession of the disputed property.  In *Kingman Reef Atoll Developers*, this Court noted that "unfortunately for plaintiff, while all of these alleged activities can be indicia of property ownership, none can establish a valid property interest . . . [when] the claimant has failed to take legal action."  116 Fed. Cl. at 760.  The same applies here.

> ### 3.     The cases cited by plaintiffs do not address jurisdictional challenges and are inapposite.

Much of the law relied upon by Plaintiffs is unavailing and pertains to disputes between landowners and the United States over the interpretations of deed or title documents.  *See, e.g.,* Pls.' Br. 8 n.5 (citing *Geneva Rock Products v. United States*, 107 Fed. Cl. 166 (2012)).  This is separate and distinct from the adverse possession challenges that Plaintiffs assert here.  Here, Plaintiffs do not purport to rely upon deeds to establish ownership, but instead would have to plead facts that establish they have ownership of disputed property through actions that are sufficiently open, notorious, exclusive and hostile.  RCW 4.16.020.

The first cases Plaintiffs cite address whether plaintiffs can solely assert challenges in district court under the Quiet Title Act, 28 U.S.C. § 2409a, to title held by the United States in real property, or if such a suit may be asserted in the Court of Federal Claims.  This is inapposite from the facts at issue here, where Plaintiffs assert an unperfected adverse possession interest against an unknown third-party not present in the litigation.  Plaintiffs urge the Court to assert that it has jurisdiction to decide adverse possession claims as asserted against unknown and unnamed third-parties.  This difference is material, particularly in the context of takings suits where the United States could potentially have duplicative liability.  Plaintiffs fail to cite any

precedent that allows the Court to decide an adverse possession claim in such context.

Plaintiffs rely upon *Bourgeois v. United States* to suggest that the Court of Federal Claims has jurisdiction to resolve an ownership dispute over land in its consideration of a takings claim. 545 F.2d 727, 732 (Cl. Ct. 1976). The ownership dispute in *Bourgeois* dealt with whether a land patent issued by the United States encompassed land owned by plaintiff. *Id.* at 728. None of those circumstances exist here. Unlike the Plaintiffs here, the plaintiff in *Bourgeois* was not seeking to try a title dispute against unnamed parties in the Court of Claims. *Cf. Malone v. Bowdoin*, 369 U.S. 643, 647 (1962). To identical effect is *Oak Forest, Inc. v. United States*, 23 Cl. Ct. 90 (1991) and *Gila Gin Co. v. United States*, 231 Cl. Ct. 1001 (1982) where landowners asserted ownership claims through title in property that the United States disputed it owned. Similarly in *Mundy v. United States*, the court dealt with the question of the United States' title to a riverbed under the equal footing doctrine. *See* 22 Cl. Ct. 33, 34 (1990). If the river was navigable upon independence, it became the property of Virginia by default; if not, it became the property of the United States. *See id.* (citing *United States v. Holt State Bank*, 270 U.S. 49, 54–55 (1926); *United States v. Utah*, 283 U.S. 64, 75 (1931)). Thus, the state of Virginia did not need to be a party to determine its interest in the river. These cases are significantly different than the case at bar, in which the United States does not assert a property interest in the right-of-way at issue here.

Next, Plaintiffs allege that the United States has "been a regular party to takings cases in which ownership by adverse possession has been alleged by the plaintiff and disputed by the United States." Pls.' Br. at 14. Once more, in the cases Plaintiffs cite, the United States claimed an interest in the property at issue. In *Vasko v. United States*, a *pro se* litigant alleged an ownership interest through adverse possession in property owned by the Department of Veterans

Affairs.  112 Fed. Cl. 204, 224 (2013), *aff'd*, 581 F. App'x 894 (Fed. Cir. 2014).  Plaintiffs failed

to note in their argument that a Georgia county magistrate court ruled on whether the plaintiff

was in lawful possession of the property prior to the initiation of proceedings against the United

States in the Court of Federal Claims.  *See id.* at 210.  Also, the failure of the parties to raise a

challenge to the Court's jurisdiction over an adverse possession claim against the United States

does not support Plaintiffs' argument that adverse possession can be asserted over unknown

third-parties.  Pls' Br. at 10.  Lastly, courts typically liberally construe the pleadings and

arguments of *pro se* litigants so that they may benefit from all plausible and favorable

interpretations.  *See Durr v. Nicholson*, 400 F.3d 1375, 1380 (Fed. Cir. 2005) (citing *Hughes v.

Rowe*, 449 U.S. 5, 9–10; *Forshey v. Principi*, 284 F.3d 1335, 1357 (Fed. Cir. 2002)).  Plaintiffs

here would not be entitled to similar considerations.

    Nor are cases dismissing plaintiffs' claims based on lack of ownership through adverse

possession, without any discussion of jurisdiction, helpful to Plaintiffs.  *Contra* Pls.' Mot. 10–13

(citing *Burgess v. United States*, 109 Fed. Cl. 223, 236–37 (2013); *Camp Far West Irrigation

Dist. v. United States*, 68 F. Supp. 906, 912 (1946); *Chevy Chase Land Co. v. United States*, 37

Fed. Cl. 545, 590–92 (1997), *aff'd*, 230 F.3d 1375 (2000) (unpublished)).  In *Burgess*, the Court

rejected the plaintiffs' contention that they had obtained title to the alleyway between their

parcels and the right-of-way through adverse possession, finding that adverse possession could

not lie against the city and the plaintiffs had failed to argue that the city had abandoned its

interest.  109 Fed. Cl. at 237 n.21.  Unlike the issues regarding the dedication to public use,

which the court reserved for trial, it rejected the issue of adverse possession outright.  *See id.* at

237 n.21.  The parties' failure to raise issue with the court's jurisdiction before the court

summarily rejected the plaintiffs' argument does not mean that the court's exercise of

jurisdiction was in fact proper.  Similarly, in *Camp Far West Irrigation District v. United States*, it does not appear that the issue of jurisdiction was ever raised, and even though the court considered whether the plaintiffs had established ownership of an easement through adverse possession, it ultimately found that no taking had occurred.  68 F. Supp. at 912.  Likewise in *Chevy Chase Land Co. v. United States*, there the court dealt with the question of whether an adjacent property owner had obtained a crossing easement against the railroad through adverse possession, and determined it had not.  37 Fed. Cl. at 590–92.

Notably, these three cases are all instances in which the Court of Federal Claims either decided plaintiffs had not carried their burden of establishing the factors necessary to demonstrate ownership of property through adverse possession, or ruled that no taking occurred.  The court, in all of these cases, knew the parties the adverse possession claims were asserted against.  Just because the issue of jurisdiction had not been raised did not mean that the court made an affirmative determination that it had jurisdiction.

## IV.  CONCLUSION

This Court should deny the Plaintiffs' motion for an advisory opinion on whether the Court has jurisdiction over property interests predicated on unspecified adverse possession claims.  The United States has not waived its sovereign immunity under the Tucker Act for takings claims that are based on disputed property interests.  Plaintiffs' failure to bring a quiet title action in Washington state court during the relevant statutory period does not expand this Court's jurisdiction under the Tucker Act.  For these reasons and the reasons stated above, the Court should deny Plaintiffs' motion.

Respectfully submitted this <u>31st</u> day of March, 2017.

> JEFFREY H. WOOD
> Acting Assistant Attorney General
> Environment and Natural Resources Division
>
> <u>*s/* Tanya C. Nesbitt</u>
> TANYA C.NESBITT
> Trial Attorney
> U.S. Department of Justice
> Environment and Natural Resources Division
> Natural Resources Section
> P.O. Box 7611
> Washington, DC 20044-7611
> (202) 305-0476 (tel)
> (202) 305-0506 (fax)
> tanya.nesbitt2@usdoj.gov
>
> *Attorney for Defendant*