IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WARREN BERES, et al., | ) | **Nos. 03-785L, as Related to** |
| | ) | **SCHROEDER (No. 04-1456L), RAY** |
| Plaintiffs, | ) | **(No. 04-1457L), KLEIN (No. 04-** |
| v. | ) | **1458L), PETERSON (No. 04-** |
| | ) | **1459L), SPENCER (No. 04-1463L),** |
| THE UNITED STATES OF AMERICA, | ) | **NELSON (No. 04-1465L),** |
| | ) | **MANNING (No. 04-1466L),** |
| Defendant. | ) | **MOREL (No. 1467L), LANE (No.** |
| | ) | **04-1468L), RITZEN (No. 1469L),** |
| | ) | **ESTATE OF PEARL WELCH (No.** |
| | ) | **04-1471) and WAVERLY HILLS** |
| | ) | **CLUB (NO. 04-1474).** |
| | ) | |
| | ) | **Honorable Marian Blank Horn** |

**UNOPPOSED MOTION AND MEMORANDUM IN SUPPORT FOR SUBSTITUTION OF PARTIES AND TO AMEND COMPLAINTS**

## INTRODUCTION

This case arises from the taking of property upon the cessation of railroad use of plaintiffs' property along the eastern border of Lake Sammamish in Washington State. The case consists of fifteen separate actions that were filed in 2004, and subsequently consolidated. Because Plaintiffs' properties are located in well-established residential neighborhoods and because this case has been pending for over a decade, it is only natural that some of the Plaintiffs have died during the pendency of this litigation or property ownership has changed.

Pursuant to RCFC 25(a), Plaintiffs move to substitute deceased parties with the executors or administrator of those decedents' estates or, in situations where the estate has closed, to substitute deceased parties with their successors in interest, to correct typographical errors in various Plaintiffs' names, and errors where both spouses were listed, but only one was the property owner.

At the same time, Plaintiffs move to amend complaints pursuant to RCFC 15 to substitute complete names of Plaintiffs for nicknames and to ensure that Plaintiffs' names and the names on title to the property match.

## ARGUMENT

## I
## PLAINTIFFS REQUEST THE COURT PERMIT THE SUBSTITUTION OF EXECUTORS OR SUCCESSORS IN INTEREST FOR DECEASED PLAINTIFFS

RCFC 25(a) provides:

(1) Substitution if the Claim is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative.

A claim based on the taking of property without just compensation in violation of the Fifth Amendment is not extinguished by the death of the plaintiff. *Almour v. Pace*, 193 F.2d 699, 702 n. 2 (D.C.Cir.1951) (stating that whether a claim is extinguished upon death depends on its substantive nature. There is a "general distinction ... between suits based on claims personal to the plaintiff, such as actions for injury sounding in tort, and those seeking vindication of some right of property or contract." "[P]ersonal claims abate, on the theory that the rights and duties die with the person, while actions concerning property survive since they affect the estate of the deceased."); *Heikkila v. Barber*, 308 F.2d 558, 561 (9th Cir.1962) (stating that "[a]t common law actions on contract generally survive"); *Acebal v. United States*, 60 Fed.Cl. 551, 557 (2004) (holding that "decedents' causes of action under both the FLSA and FEPA survive to the representatives of the estates"); *see also* 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1954 (2d ed.1986)

(stating that "[i]t continues to be the federal law that actions on contracts and those involving property rights survive the death of a party") (citations omitted). There has been no service of a statement noting death, so the 90 limit in RCFC 25(a)(1) is not implicated by this motion.

As demonstrated below, the proposed substituted parties are proper substitutions for the following deceased plaintiffs.

### A. Rory Crispin

Rory Crispin was named a Plaintiff in *Morel v. United States*, No. 1467L. Rory Crispin has deceased during the pendency of this litigation. Karl Crispin is the Executor of Rory Crispin's estate. *See* Exhibit A attached hereto (Order appointing Karl P. Crispin as Decedent's Personal Representative). Therefore, Karl Crispin as Personal Representative for the Estate of Rory Crispin should be substituted for Rory Crispin.

### B. Lauren Jenkins

Lauren Jenkins was named a Plaintiff in formerly *Ray v. United States*, No.1457. (The Rays were dismissed from this litigation and, therefore, the case will be referred to by the next named plaintiff, Chamberlin.) Lauren Jenkins died during the pendency of this litigation. Pursuant to his will, Mr. Jenkins bequeathed his interest in the property at issue in this case evenly to Beverly Crump, Lowell Jenkins, and Dorothy Hughes. *See* Exhibit B (Affidavit of Beverly Crump). Dorothy Hughes has died, leaving only Ourania Giannakou-Ariqat as

an heir.  *Id.* Therefore, Beverly Crump, Lowell Jenkins and Ourania Giannakou-Ariqat should be substituted as Plaintiffs in place of Mr. Jenkins.

### C. Evan Helling and Beverly Helling

Evan Helling and Beverly Helling were named Plaintiffs in *Spencer v. United States* No. 1463L.  Evan is a misspelling and should have been listed as Elvin Helling.  Nevertheless, Elvin Helling died during the pendency of this litigation.  *See* Exhibit C.  Pursuant to his will, his interest in the property was transferred to his wife, Beverly Helling.  *See* Exhibit D.

Beverly Helling subsequently died during the course of this litigation.  *See* Exhibit E.  Therefore, the Estate of Beverly Helling should be substituted for both Evan Helling and Beverly Helling.

## II
## PLAINTIFFS REQUEST THE COURT ALLOW THEIR COMPLAINTS TO BE AMENDED TO MATCH PLAINTIFFS' NAMES WITH NAMES ON TITLE ON THE DATE OF THE TAKING

### A. George Raab

George Raab was named a Plaintiff in *Peterson v. United States,* No. 04-1457L, along with Donna Marie Raab Matrinez (Donna Matrinez), his daughter. Donna Matrinez was the Trustee of the Mildred M. Raab Qualified Personal Residential Trust which owned an undivided half interest in the property. *See* Exhibit F. The other half was owned by the George W. Raab Qualified Personal Residential Trust, for which she was also the trustee. *See* Exhibit G. During the pendency of this case, George Raab died.

Therefore, Plaintiffs move to amend the complaint to substitute Donna Matrinez as Trustee for the Mildred M. Raab Qualified Personal Residential Trust and for the George W. Raab Qualified Personal Residential Trust.

### B. Eva Barnes

Eva Barnes was named a Plaintiff in *Morel v. United States,* No. 1469L. At the time of the taking, title to the property was in the name of the Eva M. Schumacher Irrevocable Living Trust. Douglas Schumacher is the successor trustee to this trust. *See* Exhibit H (subsequent transfer of property by Douglas Schumacher as Trustee). Therefore, Plaintiffs move to amend the complaint to substitute Douglas Schumacher, Successor Trustee to the Eva M. Schumacher Irrevocable Living Trust for Eva Barnes.

### C. Jorge and Kristine Calderon

Jorge and Kristine Calderon were named Plaintiffs in *Spencer v. United States,* No. 1463L. In the caption, Ms. Calderon's first name was misspelled; it should be Christine. However, Jorge Calderon was never on title to the property. *See* Exhibit I (copy of the deed). Therefore, Plaintiffs move to amend the complaint to remove Jorge Calderon from the case and to correct the spelling of Christine Calderon's name.

### D. Hans Apel and Pamela Burton

Mr. Apel and Ms. Burton are Plaintiffs in *Chamberlin v. United States,* No. 1457L and are husband and wife. However, at the time of the taking, the property at issue was held solely in the name of Mr. Apel. *See* Exhibit J (copy of the deed). For this reason, Plaintiffs request the Court grant their motion to amend the complaint to remove Ms. Burton as a Plaintiff, naming Mr. Apel as the sole owner of the property at issue in this case.

### E. Hank and Eden Waggoner

Hank and Eden Waggoner are named Plaintiffs in *Chamberlin v. United States*, No. 1457L. However, "Hank" is a nickname and his name on the title of the property is "Henry." *See* Exhibit K. For this reason, Plaintiffs requests the Court grant their motion to amend the complaint to replace the name "Hank Waggoner" with "Henry Waggoner."

### F. Terry Pietromonaco

Ms. Pietromonaco is a named plaintiff in *Chamberlin v. United States*, No. 1457L. Her name on the title to the property is Joanne T. Pietromonaco. *See* Exhibit L. Plaintiffs request that they be enabled to amend their complaint to substitute "Joanne T. Pietromonaco" for "Terry Pietromonaco."

**G. DeMeester**

The DeMeester Family Ltd Partnership is listed as a Plaintiff in *Manning v. United States,* No. 04-1466L. This Plaintiff should have been listed as the DeMeester Family Ltd. Partnership II. *See* Exhibit M. Plaintiffs request permission to amend their complaint to substitute the DeMeester Family Ltd. Partnership II for the DeMeester Family Ltd. Partnership.

**H. Royce Berg and Charlene A. Tagas**

Royce Berg and Charlene A Tagas were named as Plaintiffs in *Morel v. United States,* No. 1467L. The property at issue was in the name of Charlene A. Tagas at the time of the taking. *See* Exhibit N. Although they were married at the time the complaint was filed, Mr. Berg did not own any part of the property and his name should be removed as a Plaintiff. Plaintiffs request the Court to grant their motion to amend the complaint to identify Charlene A. Tagas as the sole owner of the property.

**I. Ashok and Shawna Kuruganti.**

Mr. and Mrs. Kuruganti were named as Plaintiffs in *Morel v. United States*, No. 1467L. At the time of the taking, the only property owner of the

property at issue was Ashok Kuruganti. Exhibit O. Shawna Kuruganti's name should be removed as a Plaintiff. For this reason, Plainitffs request the Court to grant their motion to amend the complaint to identify Ashok Kuruganti as the sole owner of the property.

### J. Folkman property.

In the *Estate of Pearl Welch v. United States*, No. 04-1471, Mr. Robert Folkman was correctly named as owning property but his wife, Patricia, was inadvertently omitted from the complaint. Accordingly, Plaintiffs request the Court grant their motion to amend the complaint to add Patricia Folkman as a Plaintiff in the case.

### K. The Kosenkranius Plaintiffs.

In *Waverly Hills Club v. United States*, No. 04-1474, the Kosenkranius Plaintiffs were listed but their names were not aligning precisely with their stated names on the deeds at issue for the properties subject to the taking in the case, and one Kosenkranius Plaintiff subsequently married and changed her last name. For this reason, Plaintiffs request the Court grant their motion to amend the complaint to list the Kosenkranius Plaintiffs for the three properties at issue as follows: (1) Kosenkranius Family Trust & Evi S. Currie[1]; *see* Exhibit P; (2) Kosenkranius Family Trust; and (3) Leo Kosenkranius, Sandra Kosenkranius, and Kosenkranius Family Trust.

---

[1] Ms. Currie's maiden name is Evi S. Kosenkranius.

### L. Olsen Plaintiffs.

In *Waverly Hills Club v. United States*, No. 04-1474, the Olsens were listed as "Olson" and Mr. Olsen's full name was not included. For this reason, the Olsens request the Court grant their motion to amend the complaint to replace the names "Bud and Connie Olson" with "Connie Rie & Franklin E. Olsen, Jr." *See* Exhibit Q.

### CONCLUSION

The various proposed amended complaints are attached hereto as Exhibits R through X.

| | |
|---|---|
| Exhibit R | Morel |
| Exhibit S | Chamberlin |
| Exhibit T | Spencer |
| Exhibit U | Peterson |
| Exhibit V | Manning |
| Exhibit W | Estate of Pearl Welch |
| Exhibit X | Waverly Hills Club |

Plaintiffs respectfully request the Court to grant the relief requested which the United States does not oppose. It has represented that it cannot process payment for Plaintiffs in the first settlement group until the complaints are amended.

Respectfully submitted this 27th day of April, 2017.

| ACKERSON KAUFFMAN FEX, PC | STEPHENS & KLINGE LLP |
|---|---|
| s/ <br> Cecilia Fex <br> Ackerson Kauffman Fex, P.C. <br> 1300 Pennsylvania Ave. NW, Suite 700 <br> Washington, D. C. 20006 <br> Phone:        (202) 594-6825 <br> Fax:  (202) 789-7349 <br> e-mail: fex@ackersonlaw.com <br> *Attorney of Record for the following* <br> *consolidated Plaintiffs:* <br> *Brown, et al.; Collins, et al.; Estate of Pearl Welch, et al.; Waverly Hills Club, et al.* | s/ <br> Richard M. Stephens <br> Stephens & Klinge LLP <br> 11100 NE 8th Street, Suite 750B <br> Bellevue, WA 98004 <br> Phone: (425) 453-6206 <br> e-mail: stephens@sklegal.pro <br> *Attorney of Record for the following Consolidated Plaintiffs:* <br> *Beres, et al.; Ritzen, et al.; Morel, et al.;* <br> *Klein, et al.; Chamberlin, et al.; Nelson, et al.; Lane; Peterson, et al.; Schroeder, et al.; Manning, et al.; and Spencer, et al.* |