| | | |
|---|---|---|
| **WARREN BERES and VICKI** | ) | |
| **BERES**, *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | Nos. 03-785L, 04-1456L, 04-1457L, 04- |
| | ) | 1458L, 04-1459L, 04-1463L, 04-1465L, |
| **v.** | ) | 04-1466L, 04-1467L, 04-1468L, 04-1469L, |
| | ) | 04-1471L, 04-1472L, 04-1473L, 04-1474L |
| **UNITED STATES,** | ) | |
| | ) | Hon. Marian Blank Horn |
| **Defendant.** | ) | |
| | ) | (E-filed May 4, 2017) |
| | ) | |

## The United States' Combined Status Report on the Status of Each Case and Ninth Bi-Weekly Status Report

Pursuant to this Court's April 14, 2017 order, ECF No 209, the United States hereby files its status report regarding: (1) the status of each plaintiffs' case; and (2) the United States' position on each of these fifteen consolidated cases.  Additionally, pursuant to this Court's December 19, 2016 order, ECF No 187, the United States hereby files this status report as its ninth bi-weekly status report.

***Beres v. United States*, case no. 03-785L**

Status of Case: The only plaintiffs in this case are Warren and Vicki Beres.  The United States transmitted a tentative offer of settlement[1] for the Beres' claim on March 24, 2017.  Plaintiffs' counsel responded on April 6, 2017, rejecting the United States' offer and requesting that the joint appraisal prepared for this property for settlement purposes be revised.

---

[1] All "offers" presented by undersigned counsel to plaintiffs are contingent on approval by the authorized representative of the Attorney General and embody settlement terms that undersigned counsel is prepared to recommend for approval.

The United States' Position: At this late stage in the litigation, the United States is prepared to move forward with settling this claim based on the existing joint appraisal for this property.  Furthermore, the appraisal process should solely focus on the property at the time of purchase and the time of alleged taking, and should not consider subsequent developments.  The government does not believe plaintiffs here have put forth a valid reason to revisit the appraisals, especially considering the number of years that have passed since the appraisal was conducted, reviewed and approved by the parties.

**Brown v. United States, case no. 04-1473L**

Status of Case: The parties reached settlement in principal of the only claim in this case, that of Reid and Teresa Brown, earlier this year.  However, as reported in the United States' Seventh Bi-Weekly Status Report, ECF No. 206, unknown to the United States at that time, the Browns are involved in a quiet title action concerning the property at issue.  *See Neighbors v. King County* ("*Neighbors II*"), case no. 15-2-20483-1 (Washington Superior Court).  Because the claims concerning the Browns in *Neighbors II* will likely provide clarity regarding the Browns' ownership of the rail corridor, and because a decision in that action is expected in the near future, the United States rescinded its settlement offer for the Browns on April 5, 2017.

The United States' Position: A summary judgment hearing in *Neighbors II* is scheduled for May 5, 2017, after which the King County Superior Court is expected to issue rulings pertinent to this case.  The United States believes that the Browns' claim should be stayed pending a decision in the *Neighbors II* quiet title action.  If appropriate, the United States will submit a settlement offer to the Browns after the claims in *Neighbors II* are decided.

***Chamberlin v. United States*, case no. 04-1457L**

Status of Case: The parties have signed a settlement agreement providing for payment of the claims of Hans Apel, Martin and Carol Chamberlin, Steven and Karin Farrar, Patrick and Chenoa Haluptzok, Beverly Crump, Lowell Jenkins, Ourania Giannakou-Ariqat, Craig and Tammy Owens, Lester and Barbara Peterson, Joanne T. Pietromonaco, Frederic and Linda Vicik, and Henry and Eden Waggoner.  The United States submitted payment paperwork to the Judgment Fund on May 4, 2017.  After the settlement is paid, the parties plan to seek entry of partial judgment of the settled claims under RCFC 54(b).

The United States transmitted proposed settlement terms for the remaining claim in this case, that of Gary Nelson, on March 24, 2017, which plaintiff agreed to accept on April 6, 2017.

The United States' Position: All of the claims for just compensation in *Chamberlin* are either settled or the parties have reached a settlement in principal.  The United States plans to submit the proposed Gary Nelson settlement for consideration by the Attorney General's authorized representative after receiving responses to all of its outstanding settlement offers in *Beres*.

***Collins v. United States*, case no. 04-1472L**

Status of Case: Claims of four sets of plaintiffs owning eight properties are at issue in *Collins*.  These plaintiffs are: Mike and Vanessa Collins, George and Judith Sutherland, Howard and Pam Freedman, and Donald and Jean Barrett.  One property owned by the Sutherlands was initially part of the first settlement group, but the Sutherlands rescinded their settlement offer on March 4, 2017.

On March 24, 2017, the United States transmitted tentative offers of settlement for all of the other claims in *Collins,* except the community beach parcel jointly owned by the Collins and the Barretts.[2]  The offers were rejected on April 10, 2017.  The parties appear to have reached an impasse regarding these claims.

Additionally, as reported in the United States' Seventh and Eighth Bi-Weekly Status Reports, after the parties learned that the community beach parcel jointly owned by the Collins and the Barretts had not been completed, the appraiser completed the appraisal for this property on April 20, 2017.  After Plaintiffs' counsel confirmed fractional ownership shares of the Collins and the Barretts, the United States transmitted proposed settlement terms for these claims on April 26, 2017.

The United States' Position: The parties disagree as to whether any of the Plaintiffs in *Collins* possess a property interest in the right-of-way.  For one of the Collins' parcels, both of the Sutherland parcels, and the community beach parcel co-owned by the Collins and Barretts, the deeds describe the property using a metes and bounds descriptions that exclude the right-of-way.  *See Roeder v. Burlington Northern, Inc.*, 716 P.2d 855 (Wash. 1986).  For the other Collins parcel, the Freedman parcel, and both of the Barrett parcels, the title documents convey title to former shorelands, which are the "shores of navigable tidal waters belonging to the state, not subject to tidal flow, lying between the ordinary high water and the line of navigability."  RCW 79.105.060(17).  It appears that those shorelands have avulsed and are no longer submerged, but were underwater at the time the right-of-way was conveyed to the railroad.  The parties appear to have reached an impasse regarding these claims.

---

[2] In our Seventh and Eighth Bi-Weekly Status Reports (ECF Nos. 206 and 210, respectively), we erroneously reported this parcel as being co-owned by the Collins and the Freedmans.

***Lane v. United States*, case no. 04-1468L**

Status of Case: The United States submitted a tentative offer of settlement for the one claim in this case on March 24, 2017.  To date, the United States has not received a counter-offer for this claim, although plaintiff counsel indicates the parties intend to attempt to perfect title through adverse possession.

The United States' Position: The parties disagree as to whether Phyllis Lane possesses a property interest in the right-of-way.  Her deed describes her property using a metes and bounds description that excludes the right-of-way.  *See Roeder v. Burlington Northern, Inc.*, 716 P.2d 855 (Wash. 1986).  The parties appear to have reached an impasse regarding this claim.

***Klein v. United States*, case no. 04-1458L**

Status of Case: The parties have signed a settlement agreement providing for payment for the only claims in *Klein*, those of Henry and Judy Klein.  The United States submitted payment paperwork to the Judgment Fund on May 4, 2017.  After the settlement is paid, the parties plan to seek partial judgment of the settled claims.

The United States' Position: The claims for just compensation in *Klein* are settled.

***Manning v. United States*, case no. 04-1466L**

Status of the Case: The parties have signed a settlement agreement providing for payment of the claims of DeMeester Family Limited Partnership II.  The United States submitted payment paperwork to the Judgment Fund on May 4, 2017.  After the settlement is paid, the parties plan to seek partial judgment of the settled claims.

The United States transmitted a tentative offer of settlement for the remaining claims in this case, those of Paul and Joy Manning, on March 24, 2017, which was accepted on April 6, 2017.

The United States' Position: The claims for just compensation in *Manning* are either settled or the parties have reached settlement in principal. The United States plans to submit the proposed settlement for consideration by the Attorney General's authorized representative after receiving responses to all of its outstanding settlement offers in *Beres*.

***Morel v. United States*, case no. 04-1467L**

Status of Case: This case concerns the claims of Eugene and Elizabeth Morel, Stephen and Jean Guthrie, Ivan Stewart, the Estate of Rory Crispin, Ashok Kuruganti, Bernita McNabb, Mary Heston, Charlene Tagas, Douglas Shumacher as successor trustee to the Eva M. Schumacher Living Trust, Gordon Conger, Elizabeth Mueller, Lois Jarman, and Douglas Conger. The parties reached settlement in principal of the claims of the Estate of Rory Crispin, Stephen and Jean Guthrie, Mary Heston, and Ashok Kuruganti earlier this year. The United States transmitted settlement offers for the remaining plaintiffs on March 24, 2017.

However, as reported in the United States' Seventh Bi-Weekly Status Report, ECF No. 206, various plaintiffs in this action are involved in *Neighbors II*. Because *Neighbors II* is likely to provide clarity regarding the ownership of the rail corridor by Mr. Kuruganti, Ms. Heston, the Morels, the Guthries, Mr. Schumacher, Mr. Stewart, Ms. Tagas, Ms. Mueller, Ms. Jarman, and Messrs. Conger, and because a decision in that action is expected in the near future, the United States rescinded its settlement offer for Mr. Kuruganti, Ms. Heston, the Morels, the Guthries, Mr. Schumacher, Mr. Stewart, Ms. Tagas, Ms. Mueller, Ms. Jarman, and Messrs. Congeron on April 5, 2017.

The parties have signed a settlement agreement providing for the payment of the claims of the Estate of Rory Crispin.  The United States submitted payment paperwork to the Judgment Fund on May 4, 2017.  After the settlement is paid, the parties plan to seek partial judgment of the settled claims.

The United States' Position: A summary judgment hearing in *Neighbors II* is scheduled for May 5, 2017, after which the Washington Superior Court is expected to issue rulings pertinent to this case.  The United States believes that these claims should be stayed pending a decision in the *Neighbors II* quiet title action.  If appropriate, the United States will submit a settlement offer for Mr. Kuruganti, Ms. Heston, the Morels, the Guthries, Mr. Schumacher, Mr. Stewart, Ms. Tagas, Ms. Mueller, Ms. Jarman, and Mssrs. Conger after the claims in *Neighbors II* are decided.

***Nelson v. United States*, case no. 04-1465L**

Status of Case: The United States transmitted settlement offers for all claims in this case on March 24, 2017.  The plaintiffs rejected our offer on April 6, 2017, stating that they would provide additional documents in support of title.  To date, the United States has not received those documents.

The United States' Position: The parties disagree as to whether the plaintiffs in *Nelson* possess a property interest in the right-of-way.  The title documents for all of the parcels in this case appear to give these plaintiffs title to former shorelands that have now avulsed, but that appear to have been underwater at the time the right-of-way was conveyed to the railroad.  At this time, the parties appear to have reached an impasse regarding the claims in this case, although additional negotiations may be possible after the United States receives outstanding title information from the plaintiffs.

***Peterson v. United States*, case no. 04-1459L**

Status of Case: The United States transmitted settlement offers for all claims in this case on March 24, 2017.  The United States received a counter-offer for Mr. Peterson on April 6, 2017, which the United States rejected on April 11, 2017.  The United States has not received a counter-offer for any of the other claims in *Peterson*.

The United States' Position: There is a dispute as to whether any of the plaintiffs in *Peterson* possess a property interest in the right-of-way, because their deeds describe their property using a metes and bounds descriptions that excludes the right-of-way. *See Roeder v. Burlington Northern, Inc.*, 716 P.2d 855 (Wash. 1986).  The parties appear to have reached an impasse regarding these claims.

***Ritzen v. United States*, case no. 04-1469L**

Status of Case: This case concerns the claims of the Ritzens, the Sutters, and Pamela Spencer.  The parties have signed a settlement agreement providing for the payment of one of the claims of the Ritzens.  The United States submitted payment paperwork to the Judgment Fund on May 4, 2017.  After the settlement is paid, the parties plan to seek partial judgment of the settled claim.

The United States transmitted a settlement offer for the Sutters' and the Spencers' claims on March 24, 2017.  The Sutters have accepted the United States' offer.  United States has not received a response to the offer to settle the Spencers' claim.

On April 24, 2017, plaintiffs' counsel notified counsel for the United States that one of the parcels owned by the Ritzens was not appraised.  The United States is taking action to obtain a joint appraisal for this property.

The United States' Position: One of the Ritzens' claims is settled and the parties have reached settlement in principal as to the Sutters' claim.  The United States plans to submit the proposed settlement of the Sutters' claim for consideration by the Attorney General's authorized representative after receiving responses to all of its outstanding settlement offers in *Beres*.

There is a dispute as to whether the Spencers possess a property interest in the right-of-way, because their deeds describe their property using a metes and bounds descriptions that excludes the right-of-way.  *See Roeder v. Burlington Northern, Inc.*, 716 P.2d 855 (Wash. 1986). The parties appear to have reached an impasse regarding these claims.

***Schroeder v. United States*, Case No. 04-1456L**

Status of Case: The United States transmitted a settlement offer to the Schroeders, who are the only plaintiffs in *Schroeder*, on March 24, 2017.  The plaintiffs provided a counter-offer on April 6, 2017, which the United States rejected on April 11, 2017.

The United States' Position: There is a dispute as to whether the Schroeders possess a property interest in the right-of-way, because their deeds describe their property using a metes and bounds descriptions that excludes the right-of-way.  *See Roeder v. Burlington Northern, Inc.*, 716 P.2d 855 (Wash. 1986).  The parties appear to have reached an impasse regarding these claims.

***Spencer v. United States*, Case No. 04-1463L**

Status of Case: The United States transmitted a settlement offer to all plaintiffs in *Spencer* on March 24, 2017.  Some of these plaintiffs, specifically Mr. Lester, the Pielmeiers, the Brockways, the McCallums, Ms. Calderon, the Napiers, Ms. Grove, and the Hellings provided a counter-offer on April 6, 2017, which the United States rejected on April 11, 2017.

9

The United States' Position: There is a dispute as to whether any of the plaintiffs in *Spencer* possess a property interest in the right-of-way, because their deeds describe their property using a metes and bounds descriptions that excludes the right-of-way. *See Roeder v. Burlington Northern, Inc.*, 716 P.2d 855 (Wash. 1986). The parties appear to have reached an impasse regarding these claims.

**Waverly Hills Club v. United States**, case no. **04-1474L**

Status of Case: The parties have signed a settlement agreement providing for the payment of the claims of the Kosenkranius Family Trust, Evi Currie, Leo Kosenkranius, Sandra Kosenkranius, and the Waverley Hills Club. The United States submitted payment paperwork to the Judgment Fund on May 4, 2017. After the settlement is paid, the parties plan to seek partial judgment of the settled claims.

The United States transmitted settlement offers for the remaining claims in this case on March 24, 2017. Those offers were rejected on April 10, 2017. The United States believes that the parties have reached an impasse regarding the remaining claims in *Waverley Hills Club*.

The United States' Position: There is a dispute as to whether the remaining plaintiffs in *Waverly Hills Club* possess a property interest in the right-of-way, because their deeds reference a plat, which describes their property using a metes and bounds descriptions that excludes the right-of-way, *see Roeder v. Burlington Northern, Inc.*, 716 P.2d 855 (Wash. 1986), and because an intervening platted street lies between their properties and the right-of-way. The parties appear to have reached an impasse regarding these claims.

**Estate of Welch v. United States**, case no. **04-1471L**

Status of Case: The parties have signed a settlement agreement providing for the payment of the claims of Robert and Patricia Folkman and Charles and Anita Karr. The United States

10

submitted payment paperwork to the Judgment Fund on May 4, 2017.  After the settlement is paid, the parties plan to seek partial judgment of the settled claims.

The United States transmitted settlement offers for the remaining claims in this case on March 24, 2017.  The United States has not yet received a response to this offer, though plaintiffs' counsel indicates that the parties intend to attempt to perfect title through adverse possession.

The United States' Position: There is a dispute as to whether the remaining plaintiffs in *Estate of Welch* possess a property interest in the right-of-way, because their deeds describe their property using a metes and bounds descriptions that excludes the right-of-way.  *See Roeder v. Burlington Northern, Inc.*, 716 P.2d 855 (Wash. 1986).  The parties appear to have reached an impasse regarding these claims.

Respectfully submitted this 4th day of May, 2017.

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment and Natural Resources Division

*s/* Tanya C. Nesbitt
TANYA C.NESBITT
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, DC 20044-7611
(202) 305-0476 (tel)
(202) 305-0506 (fax)
tanya.nesbitt2@usdoj.gov

*Attorney for Defendant*